KEKER, VAN NEST & PETERS LLP
BROOK DOOLEY - # 230423
bdooley@keker.com
TRAVIS SILVA - # 295856
tsilva@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:   415 397 7188

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
BREE BERNWANGER - # 331731*
bbernwanger@lccrsf.org
HAYDEN RODARTE - # 329432
hrodarte@lccrsf.org
131 Steuart Street #400
San Francisco, CA 94105
Telephone:   415 814 7631
* *N.D. Cal. admission pending*

Attorneys for Plaintiffs WILBUR P. G.;
WILFREDO BALTAZAR P. E., a minor child;
ERENDIRA C. M.; YASMIN ALICIA M. C., a
minor child; JOSHUA G. G.; and KARL LUIS
G. G., minor child

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILBUR P. G.; WILFREDO BALTAZAR P. E. a minor child; ERENDIRA C. M.; YASMIN ALICIA M. C. a minor child; JOSHUA G. G.; and KARL LUIS G. G. minor child,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 3:21-cv-4457<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYMS** |

I.  INTRODUCTION

Plaintiffs are six asylum seekers who fled violence in their home countries, then endured sustained trauma while in government detention.  They seek to litigate this matter under pseudonyms.  To be clear, Plaintiffs seek only to protect their identities from public disclosure—they will provide Defendant with their names and other identifying information, and they provide the Court with their true names in whichever manner the Court directs.  Plaintiffs seek only to prevent members of the general public, including potential persecutors in their home countries, from connecting the facts in this litigation to their true identities.

Plaintiffs easily meet the Ninth Circuit's standard for proceeding pseudonymously, and, further, courts of this District routinely allow asylum-seeker plaintiffs to litigate under a pseudonym.  The Court should grant this motion.

II.  FACTUAL BACKGROUND

Plaintiffs are three sets of parent-child pairs.

Plaintiffs Wilbur P. G. and Wilfredo Baltazar P. E. are father and son, respectively.  Wilfredo is a minor.  Wilbur and Wilfredo are citizens of El Salvador.  They fled El Salvador for the United States because they fear persecution.  They have applied for asylum in the United States.  *See* Compl. ¶¶ 10 & 68.

Plaintiffs Erendira C. M. and Yasmin Alicia M. C. are mother and daughter, respectively.  Yasmin is a minor.  Erendira and Yasmin are citizens of Guatemala.  They fled Guatemala for the United States because they fear persecution.  They have applied for asylum in the United States.  *See* Compl. ¶¶ 11 & 118.

Plaintiffs Joshua G. G. and Karl Luis G. G. are father and son, respectively.  Karl is a minor.  Joshua and Karl are citizens of El Salvador.  They fled El Salvador for the United States because they fear persecution.  They have applied for asylum in the United States.  *See* Compl. ¶¶ 12 & 153.

When Plaintiffs arrived in the United States, they were arrested by Border Patrol agents.  Border Patrol agents separated the parents from their children.  This litigation alleges that both the fact and the manner of the government's act of separating Plaintiffs from each other was

unlawful, and Plaintiffs assert claims against the United States under the Federal Torts Claim Act (FTCA).

## III. LEGAL STANDARD

"Because there is a presumption that parties' identities are public information, anonymity is only proper under 'special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.'" *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1144 (N.D. Cal. 2016) (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)).  A litigant may proceed under a pseudonym where "anonymity is 'necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* (quoting *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981)). A "fear of retaliatory harm" or a "need for privacy" can suffice to meet the standard.  *Id.* (citing *Advanced Textile*, 214 F.3d at 1068).  Anonymity is proper where the litigant faces "greater threats of retaliation" than a typical plaintiff.  *Advanced Textile*, 214 F.3d at 1070 (brackets omitted).

## IV. ARGUMENT

Plaintiffs easily meet the *Advanced Textile* standard.[1]

### A. Plaintiffs have a reasonable fear of facing severe retaliatory harm if their identities are made public and would be vulnerable to such harm.

The law recognizes the compelling need to protect asylum-seekers' anonymity.  While immigration courts are ordinarily open to the public, there is a special rule that closes asylum proceedings to the public; indeed DHS and DOJ regulations bar the disclosure of records indicating that a non-citizen has applied for asylum.[2]

Courts are equally protective.  The Federal Rules of Civil Procedure presume that

---

[1] All Plaintiffs bring this motion, but the Motion's point is to protect the adult Plaintiffs.  The Plaintiff minor children would ordinarily file under their initials, *see* Fed. R. Civ. P. 5.2(a)(3), but that rule does not protect the parents.  This motion therefore focuses on the Plaintiff parents' privacy interests.  The Plaintiff children seek to use pseudonyms (that correspond to their initials) for the purpose of making the filings easier to comprehend.

[2] 8 C.F.R. § 208.6(b); 8 C.F.R. § 1208.6(b).

"sensitive information" is "prevalen[t]" in immigration cases.[3]  Accordingly, in civil litigation, even where the civil litigation does not directly touch upon the asylum application, courts of this District allow asylum seekers to litigate under a pseudonym.[4]  This practice is the same throughout the federal courts, which allow asylum seekers to proceed anonymously to protect their identities from disclosure to potential persecutors.[5]  More generally, courts permit undocumented immigrants and other particularly vulnerable plaintiffs to litigate under pseudonyms.[6]  Indeed, in the landmark Supreme Court decision addressing the right of undocumented children to receive a public education, the plaintiffs proceeded anonymously.[7]

Notably, Plaintiffs are not the first to bring FTCA claims in connection with the policy at issue in this litigation, a policy implemented by the government in 2018 of forcibly separating families at the border.  In similar FTCA litigation involving many of the same facts that are present here, plaintiffs have sought to proceed anonymously, and courts have allowed plaintiffs in those cases to do so.[8]

And for good reason.  Plaintiffs fall into the class of people these court decisions seek to protect.  Plaintiffs fled their home countries because of violence, and they fear that if they return

---

[3] Fed. R. Civ. P. 5.2 & cmt. c.

[4] *E.g.*, *Innovation L. Lab v. Nielsen*, 366 F. Supp. 3d 1110, 1117 n.3 (N.D. Cal. 2019) (in class action challenging government procedural regulations, the "unopposed motion of the individual plaintiffs to proceed in this litigation under pseudonyms [was] granted"); *Doe v. Risch*, 398 F. Supp. 3d 647 (N.D. Cal. 2019) (similar case; granting motion to proceed under pseudonym); *see also Jane Doe 1 v. Nielsen*, 357 F. Supp. 3d 972, 981 n.2 (N.D. Cal. 2018) (noting that litigants had been allowed to proceed under pseudonym in challenge to visa denial).

[5] *See, e.g.*, *John Doe v. Gonzales*, 484 F.3d 445 (7th Cir. 2007); *Doe v. U.S. Immigr. & Naturalization Servs.*, 867 F.2d 285, 286 n.1 (6th Cir. 1989); *A.B.T. v. U.S. Citizenship & Immigr. Servs.*, No. 2:11-cv-02108 RAJ, 2012 WL 2995064 (W.D. Wash. July 20, 2012).

[6] *E.g.*, *Doe v. Penzato*, No. CV10-5154-MEJ, 2011 WL 1833007, at *5 (N.D. Cal. May 13, 2011) (granting motion to proceed anonymously where foreign-national plaintiff alleged sexual assault by defendant); *see also Lozano v. City of Hazelton*, 620 F.3d 170, 194-95 (3d Cir. 2010), *vacated on other grounds*, 131 S. Ct. 2958 (2011); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses"); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (plaintiff challenging religious ceremonies in public school allowed to proceed anonymously to protect against harassment).

[7] *Plyler v. Doe*, 457 U.S. 202 (1982).

[8] *E.g.*, *C.M. v United States*, 19-cv-05217-SRB, ECF No. 7 (D. Ariz. Sept. 23, 2019) (first-filed such case); *E.S.M. v. United States*, 21-cv-00029-JAS, ECF No. 7 (D. Ariz. Jan. 27, 2021); *E.L.A. v. United States*, 20-cv-1524-RAJ, ECF No. 24 (W.D. Wash. Apr. 21, 2021).

there, they will be subject to persecution.[9] Moreover, this litigation centers on the trauma that Plaintiffs experienced while detained by immigration authorities and continuing trauma they experienced thereafter.[10] This information, which could be leveraged by persecutors in Plaintiffs' home countries, should not be publicly disclosed where asylum proceedings are on-going. Furthermore, courts recognize that public disclosure of abuse and trauma "can trigger new trauma even years after the fact," a consideration that militates in favor of allowing a plaintiff to litigate pseudonymously.[11] And, finally, this District recognizes that publicly exposing the identities of the victims of particularly serious harms could "chill the willingness" of similarly-situated parties from seeking to vindicate their rights in court.[12]

Under these circumstances, Plaintiffs have demonstrated that they have a reasonable fear of suffering harm if their identities are disclosed. They should be allowed to proceed anonymously, as courts have allowed similarly-situated plaintiffs to do in litigation concerning similar events.[13]

**B.     Plaintiffs' privacy interests outweigh competing interests.**

Granting this Motion will not prejudice Defendant. Plaintiffs will provide their names and other personally identifying information to Defendant once Defendant's counsel enters an appearance. Plaintiffs will provide the Court with their identities under seal or following whichever procedure the Court may direct.

Moreover, allowing Plaintiffs to proceed anonymously is in the public interest. Where the defendant is the government, courts count the public interest factor as weighing in favor of allowing anonymous litigation. Where "a plaintiff attacks governmental activity . . . the plaintiff's

---

[9] *See* Compl. ¶¶ 10-12, 68, 118, 153.

[10] *Id.* at ¶¶ 76 (separation of Wilfredo and Wilbur), 110 (government botches reunification of Wilfredo and Wilbur), 111-116 (effects of trauma), 127 (physical separation of Erendira and Yasmin), 141 (traumatic phone call), 150-152 (effects of trauma), 158-159 (separation of Joshua and Karl), 184 (government refuses to allow Joshua and Karl to communicate in native language), 192 (post-reunification deterioration of Karl's mental health), 194-196 (effects of trauma).

[11] *John Doe 140 v. Archdiocese of Portland in Oregon*, 249 F.R.D. 358, 361 (D. Or. 2008).

[12] *Doe*, 2011 WL 1833007 at *5 (James, C.M.J.).

[13] *See supra*, n.8.

interest in proceeding anonymously is considered particularly strong."[14] This is because the plaintiff "presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights," while "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant."[15] Those factors are present here.[16] Indeed, a court of this District has held that civil-rights plaintiffs may proceed anonymously to lessen the risk that the public exposure attendant to litigation will chill plaintiffs from presenting meritorious claims.[17]

## V. CONCLUSION

Plaintiffs respectfully request that the Court grant this motion and permit them to proceed under pseudonyms. Plaintiffs additionally request that, pursuant to Federal Rule of Civil Procedure 5.2(e), this Court orders all parties to use Plaintiffs' pseudonyms in all documents filed in this action and not to publicly disclose Plaintiffs' true identities.

Dated: June 10, 2021     KEKER, VAN NEST & PETERS LLP

By: /s/ Travis Silva
BROOK DOOLEY
TRAVIS SILVA
CHRISTOPHER S. SUN

Dated: June 10, 2021     LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA

By: /s/ Hayden Rodarte
BREE BERNWANGER*
HAYDEN RODARTE
* *N.D. Cal admission pending*

Attorneys for Plaintiffs

*The filing attorney attests within the meaning of Civil Local Rule 5-1(i)(3) that all signatories to this filing concur in the filing of this document.*

---

[14] *E.W. v. N.Y. Blood. Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003).

[15] *Id.*

[16] *See, e.g.*, Compl. ¶ 19 (challenged policy motivated by xenophobia), 184 (government denies indigenous-language speakers right to communicate in their native language).

[17] *Doe*, 2011 WL 1833007 at *5 (James, C.M.J.).