KEKER, VAN NEST & PETERS LLP
BROOK DOOLEY - # 230423
bdooley@keker.com
TRAVIS SILVA - # 295856
tsilva@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
BREE BERNWANGER - # 331731
bbernwanger@lccrsf.org
HAYDEN RODARTE - # 329432
hrodarte@lccrsf.org
131 Steuart Street #400
San Francisco, CA 94105
Telephone:     415 814 7631

Attorneys for Plaintiffs Wilbur P. G.; Wilfredo
Baltazar P. E., a minor child; Erendira C. M.;
Yasmin Alicia M. C., a minor child; Joshua G.
G.; and Karl Luis G. G., minor child

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WILBUR P. G.; WILFREDO BALTAZAR P. E. a minor child; ERENDIRA C. M.; YASMIN ALICIA M. C. a minor child; JOSHUA G. G.; and KARL LUIS G. G. minor child,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 4:21-cv-04457-KAW<br><br>**PLAINTIFFS' OPPOSITION TO UNITED STATES OF AMERICA'S ADMINISTRATIVE MOTION FOR CONTINUANCE OF RULE 26(F) CONFERENCE**<br><br>Date Filed:  June 10, 2021 |

PLAINTIFFS' OPPOSITION TO UNITED STATES OF AMERICA'S ADMINISTRATIVE MOTION FOR
CONTINUANCE OF RULE 26(F) CONFERENCE
Case No. 4:21-cv-04457-KAW

1816801

After obtaining months of delay in this case, the United States asks the Court to vacate, without resetting a date, the initial case management conference currently scheduled for February 15, 2022, until the Court resolves the United States' pending motion to transfer or, alternatively, to dismiss ("Motion"—docketed at No. 29).  The United States cannot show good cause for the relief it seeks.  The Motion is substantially unlikely to succeed; this case is already more than seven months old; and further delay will prejudice Plaintiffs' ability to present their case.  Accordingly, Plaintiffs respectfully ask this Court to deny Defendant's Administrative Motion for a Continuance of the Rule 26(f) Conference (ECF No. 35).

<u>The case has already been delayed because of Defendant's conduct.</u>  Plaintiffs initiated this case on June 10, 2021, and the initial case management conference was first set for September 14, 2021.  ECF No. 7 at 2.  Thereafter, the United States obtained, over Plaintiffs' opposition, two extensions of its deadline to respond to the complaint.  When the Court granted the United States' second extension request, it stated that "[n]o further extensions will be granted." ECF No. 24 at 1:21.  To obtain those extensions, the United States cited its desire to participate in "global" settlement discussions in this case, which settlement discussions the United States held with other counsel not retained by Plaintiffs.  ECF No. 18 at 2, ECF No. 22 at 2.  As was widely reported, the United States abruptly withdrew from those discussions last month.[1]

<u>Defendant's Motion is substantially unlikely to succeed.</u>  The United States has now filed a combined motion to transfer or, alternatively, to dismiss the complaint.  The Motion, in which the United States concedes that the harms it inflicted on Plaintiffs constituted a "human tragedy," Mot. at 1:23, is substantially unlikely to succeed on either transfer or dismissal argument.

Defendant's principal transfer argument is that the "convenience of the parties and witnesses substantially favors transfer to the District of Arizona." Mot. at 12:16.  Defendant bears the burden of establishing that transfer is appropriate.[2]  But, after glossing over the Ninth

---

[1] *E.g.*, New York Times, *Justice Department Halts Settlement Talks With Migrant Families* (Dec. 16, 2021) ("The Biden administration on Thursday pulled out of negotiations to offer financial compensation to thousands of migrant families for the harm inflicted on them by a Trump-era policy that separated parents and children at the border."), https://www.nytimes.com/2021/12/16/us/biden-migrant-family-separation-settlement.html.

[2] *Chen v. Pioneer Oil, LLC*, 472 F. Supp. 3d 704, 710 (N.D. Cal. 2020).

1

PLAINTIFFS' OPPOSITION TO UNITED STATES OF AMERICA'S ADMINISTRATIVE MOTION FOR CONTINUANCE OF RULE 26(F) CONFERENCE
Case No. 4:21-cv-04457-KAW

1816801

Circuit's rule that a "plaintiff's choice of forum is generally accorded great weight,"[3] the United States fails to identify a single witness—from either side—who is physically in Arizona, even though the rule in this District is that "the moving party must name the witnesses, state their location, and explain their testimony and its relevance" when moving to transfer.[4] The transfer argument thus lacks merit.

The primary argument in Defendant's motion to dismiss that the FTCA's discretionary function and due care exceptions immunize it from suit. *See* Mot. at 17-26. The United States has made these arguments to three district courts in this Circuit. All three have rejected them (as well as other FTCA-related arguments) and denied the United States' motions to dismiss.[5] In one of those cases, the United States sought leave to bring an interlocutory appeal. To resolve that motion, the district judge held that the United States failed to demonstrate even the "existence of a substantial ground for disagreement" among jurists regarding the relevant controlling issues of law.[6] Thus, Defendant's dismissal arguments are also substantially unlikely to prevail.

<u>Further delay will prejudice Plaintiffs.</u> Given these facts, the Court should hold the initial case management conference currently set for February 15, 2022, and a case schedule should be set. Now that the case is being litigated, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."[7] The complaint alleges that the

---

[3] *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

[4] *Fitbit, Inc. v. Koninklijke Philips N.V.*, 336 F.R.D. 574, 587 (N.D. Cal. 2020). The declarations that Defendant refers to in its Administrative Motion, *see* ECF No. 35 at 2:15, are merely custodians of records, one of whom is in Washington D.C., with no percipient knowledge of the case.

[5] *A.P.F. v. United States*, 492 F. Supp. 3d 989, 996 (D. Ariz. 2020) ("Plaintiffs have plausibly alleged that the government's separation of their families violated their constitutional rights. . . . Because government officials lack discretion to violate the Constitution, the discretionary function exception cannot shield conduct related to the government's likely unconstitutional separation of plaintiffs."); *C.M. v. United States*, No. CV-19-05217-PHX-SRB, 2020 WL 1698191, at *3 (D. Ariz. Mar. 30, 2020) ("The United States has failed to prove that the due care exception applies."); *Nunez Euceda v. United States*, No. 220CV10793VAPGJSX, 2021 WL 4895748, at *3, *4 (C.D. Cal. Apr. 27, 2021) ("the discretionary function does not bar Plaintiff's claims" and "[t]he separations were conducted pursuant to executive policy, not pursuant to any statute or regulation; such actions are not shielded by the due care exception").

[6] *C.M. v. United States*, No. CV-19-05217-PHX-SRB, 2020 WL 5232560, at *5 (D. Ariz. July 6, 2020).

[7] *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

United States implemented the family-separation policy at issue with knowledge of the harms that it would inflict on children. Compl., ECF No. 1, ¶¶ 37-40. Plaintiffs will need to take discovery into which government officials knew what when, and this is the type of evidence that has a heightened risk of growing stale. Moreover, the Ninth Circuit's concern about unnecessary delay is particularly acute here, where Plaintiffs include children and where all Plaintiffs undisputedly suffered severe trauma as a consequence of the events at issue. Plaintiffs deserve the opportunity to advance their case and to move past this chapter in their lives.

<u>Defendant's discovery cases do not establish good cause.</u> Defendant's reluctance to participate in a Rule 26(f) conference likely stems from the fact that discovery opens at the conclusion of such a conference. But it is "well established that the filing of a motion to dismiss does not automatically warrant a stay of discovery."[8] And, to the extent Defendant may form a concern about the scope of Plaintiffs' pre-conference discovery requests, if any, Defendant will have the opportunity to informally raise any issues with the Court at the February 15, 2022 case management conference, in addition to having at its disposal the ordinary tools of discovery, such as objections and protective orders.

The government cites cases where courts deferred Rule 26 conferences until after the resolution of a motion to dismiss. In those cases, the disposition of a motion to dismiss could have affected the *scope* of the claims and defenses at issue (such as by holding a patent invalid) and thus the scope of discovery, leading courts to conclude that delaying discovery was appropriate. ECF No. 35 at 3:16 ("the actual claims and defenses at issue will be unclear"). But, here, the Motion has no bearing on the scope of the claims and defenses at issue. A transfer would not alter the scope of discovery. And the arguments in Defendant's motion to dismiss attack the Court's jurisdiction, without distinguishing between any of Plaintiffs' claims; indeed, Defendant does not argue that Plaintiffs failed to state any particular claim, nor does it assert any particular factual defense.

Finally, Defendant's citations to this Court's management of other, unrelated cases do not

---

[8] *AFT Michigan v. Project Veritas*, 294 F. Supp. 3d 693, 694 (E.D. Mich. 2018).

3

PLAINTIFFS' OPPOSITION TO UNITED STATES OF AMERICA'S ADMINISTRATIVE MOTION FOR
CONTINUANCE OF RULE 26(F) CONFERENCE
Case No. 4:21-cv-04457-KAW

1816801

change the analysis. *Jones* was a patent case where, as discussed above, threshold motions could have substantially altered the scope of the case and discovery. And Defendant's citation to *Najafi* is misleading—there, the Court denied a request for a Rule 26 conference ***but the Court had previously authorized plaintiffs to take expedited discovery***.[9] Thus, the concerns about unnecessary delay leading to stale evidence were not present.

***

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's request to continue the initial case management conference.

Dated: January 26, 2022                                KEKER, VAN NEST & PETERS LLP

                                                By:    /s/ Travis Silva
                                                       BROOK DOOLEY
                                                       TRAVIS SILVA
                                                       CHRISTOPHER S. SUN

Dated: January 26, 2022                                LAWYERS' COMMITTEE FOR CIVIL
                                                       RIGHTS OF THE SAN FRANCISCO
                                                       BAY AREA

                                                By:    /s/ Bree Bernwanger[10]
                                                       BREE BERNWANGER
                                                       HAYDEN RODARTE

                                                       Attorneys for Plaintiffs Wilbur P. G.;
                                                       Wilfredo Baltazar P. E., a minor child;
                                                       Erendira C. M.; Yasmin Alicia M. C., a
                                                       minor child; Joshua G. G.; and Karl Luis
                                                       G. G., minor child

---

[9] *Najafi v. Pompeo*, No. 19-cv-05782-KAW, ECF No. 22 (Oct. 23, 2019).

[10] The filing attorney certifies that Ms. Bernwanger concurs in the filing of this document.