STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
KENNETH BRAKEBILL (CABN 196696)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7167
    Facsimile: (415) 436-7169
    Kenneth.Brakebill@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| WILBUR P.G., et al., | ) | CASE NO. 4:21-cv-4457-KAW |
| | ) | |
|     Plaintiffs, | ) | **AMENDED ANSWER TO COMPLAINT FOR** |
| | ) | **DAMAGES UNDER THE FEDERAL TORT** |
|     v. | ) | **CLAIMS ACT** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Defendant. | ) | The Hon. Kandis A. Westmore |

Defendant, the United States of America ("Defendant"), by and through undersigned counsel, respectfully submits the following Amended Answer to Plaintiffs' Complaint for Damages Under the Federal Torts Claim Act (ECF No. 1) (hereinafter "Complaint"). Defendant has the written consent of Plaintiffs, pursuant to Federal Rule of Civil Procedure 15(a)(2), to file an Amended Answer. *See* ECF No. 51 (Stipulation Regarding Amended Answer).

In its original answer, Defendant noted that it would supplement its Answer for specific allegations wherein at that time the United States was not permitted by law to disclose any information it may have regarding those allegations (*see, e.g.*, 8 U.S.C. § 1376) until receipt of executed privacy waivers from Plaintiffs. ECF No. 45 at General Answer ¶ 4, Specific Answer ¶¶ 118-119, 123, 126, 130-132, 138-146, 148-149, 202, 213. Defendant received said executed waivers from Plaintiffs on July 18, 2022 and therefore amends its original Answer in response thereto. Defendant also amends the language of Affirmative Defense No. 18 for purposes of clarity, in response to an inquiry from Plaintiffs' counsel.

## GENERAL ANSWER

1.    Plaintiffs quote various documents throughout their Complaint, including United States District Court cases, Congressional statutes, reports and testimony, new media articles, and investigatory reports from federal agencies. Defendant responds to these citations as follows:

a.    In the specific answers that follow, to the extent a paragraph in Plaintiffs' Complaint cites or otherwise references one of these documentary sources solely as support for a factual allegation, Defendant answers the factual allegation in accordance with Federal Rule of Civil Procedure 8 by either admitting, denying, or pleading lack of sufficient information with respect to that factual allegation. The citation of the source underlying the factual allegation is in and of itself not a factual allegation requiring a response.

b.    To the extent a paragraph in Plaintiffs' Complaint contains a factual allegation, purports to provide a quotation from a documentary source in whole or in part in a manner requiring a response as to its truthfulness or accuracy, or specifically describes a finding or conclusion of a report, policy, or other cited source, Defendant answers those allegations in accordance with Rule 8.

2.    Insofar as Plaintiffs' Complaint contains allegations regarding the subjective mindset, knowledge, or motivation of various Executive Branch officials and employees, those allegations are

denied throughout the Answer.

3.      Insofar as allegations relate to or reference the identities, ages, relationships, and nationalities of Plaintiffs, those allegations are denied throughout the Answer on the ground that Defendant lacks information sufficient to form a belief as to the allegations because Plaintiffs are proceeding pseudonymously. Therefore, any specific admissions or denials, in full or in part, of such allegations are qualified by the provision that Defendant is answering based on its belief, but lack of certainty, as to the identities of Plaintiffs.

## SPECIFIC ANSWERS BY PARAGRAPH

## INTRODUCTION

1.      Defendant admits that, for a limited period of time in 2018, the United States implemented a Zero-Tolerance Policy that resulted in the separation of some families at the United States–Mexico border. Defendant denies that it had a so-called "Family-Separation Policy." Defendant denies the purpose of the Zero-Tolerance Policy was to cause families emotional harm and that it was intended to be a policy of unprecedented and unmatched barbarity. Defendant lacks information sufficient to form a belief as to the intent of aliens arriving at the United States–Mexico border. Defendant lacks information sufficient to form a belief as to the specifically alleged methods of separation, and on that basis denies them.

2.      Defendant lacks information sufficient to form a belief as to the intent of policymakers as alleged in this paragraph, and on that basis denies them.

3.      Defendant admits that this case concerns the three Plaintiff families identified in the Complaint. Defendant lacks information sufficient to form a belief about their subjective suffering. Defendant admits that government officials separated Plaintiff children and parents. Defendant denies the remaining allegations.

4.      Defendant admits that either the persons believed to be Plaintiff children, or the persons believed to be their parents, represented to Defendant that Plaintiff children were 6, 11 and 13 years old at the time of separation. Defendant lacks information sufficient to form a belief about the subjective knowledge of beliefs of the Plaintiff children and parents. Defendant denies the remaining allegations.

5.      Defendant denies that the government's conduct was tortious. The remaining portion of

this paragraph contains Plaintiffs' characterization of this civil action, to which no response is required.

### JURISDICTION, VENUE, AND INTRA-DISTRICT ASSIGNMENT

6.     The allegation that this Court has subject matter jurisdiction is not a statement of fact but a conclusion of law to which no response is required. To the extent a response is required, Defendant denies this allegation.

7.     Defendant admits that Plaintiffs bring their suit under the FTCA, and that the FTCA contains an administrative exhaustion requirement. Defendant admits that Plaintiffs filed administrative claims to which the relevant federal agencies did not respond within six months.

8.     Defendant lacks information sufficient to form a belief about the current residence of Plaintiffs. The remaining allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies these allegations.

9.     Defendant denies that this action arises in Alameda and San Francisco Counties and is therefore proper for assignment in the San Francisco/Oakland Division of this District.

### PARTIES

10.     Defendant admits that the person believed to be Wilbur P.G. ("Wilbur P.G.") has a minor son, the person believed to be Wilfredo Baltazar P.E. ("Wilfredo"), who was separated by government officials from his father when he was 11 years old. Defendant lacks information sufficient to form a belief about the subjective intent of Wilbur P.G. in bringing this lawsuit and the current residence of Wilbur P.G. and his son. Defendant admits that Wilbur P.G. and Wilfredo applied for asylum in the United States.

11.     Defendant admits that the person believed to be Erendira C.M. ("Erendira C.M.") has a minor daughter, the person believed to be Yasmin Alicia M.C. ("Yasmin"), who was separated by government officials from her mother when she was 6 years old. Defendant lacks information sufficient to form a belief about the subjective intent of Erendira C.M. in bringing this lawsuit and the current residence of Erendira C.M. and her daughter. Defendant admits that Erendira C.M. and Yasmin applied for asylum in the United States.

12.     Defendant admits that the person believed to be Joshua G.G. ("Joshua G.G.") has a minor son, the person believed to be Karl Luis G.G. ("Karl"), who was separated by government officials from

his father when he was 13 years old. Defendant lacks information sufficient to form a belief about the subjective intent of Joshua G.G. in bringing this lawsuit and the current residence of Joshua G.G. and his son. Defendant admits that Joshua G.G. and Karl applied for asylum in the United States.

13.     These allegations are not statements of fact but conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that the United States of America is the appropriate defendant in an action brought under the FTCA.

14.     Defendant lacks information sufficient to form a belief as to whether every federal official referenced in the Complaint were at all relevant times employees of the United States, working within the scope and course of their employment with the federal agencies listed in paragraph 13 of the Complaint.

15.     Defendant admits these allegations.

16.     HHS has custody and provides care for each Unaccompanied Child ("UC"), defined as a child who has no lawful immigration status in the United States; has not attained 18 years of age; and, with respect to whom, there is no parent or legal guardian in the United States, or no parent or legal guardian in the United States available to provide care and physical custody, in the least restrictive setting through a network of state licensed ORR-funded care providers. While in the custody of HHS Plaintiffs' children were cared for at an ORR-funded care provider facility. The remaining allegations are denied.

17.     The allegation that high-ranking officials from DHS, HHS and DOJ worked together to design and promulgate an unlawful and unconstitutional policy is not a statement of fact but a conclusion of law to which no answer is required. To the extent an answer is required, Defendant denies this allegation.

## FACTUAL ALLEGATIONS

18.     These allegations are not statements of fact but conclusions of law to which no response is required.

19.     Defendant admits that Donald Trump became President of the United States in 2017. Defendant admits that the quoted words are contained in the cited news media article purporting to contain tweets from President Trump. Defendant lacks information sufficient to form a belief as to the

accuracy of these tweets or any of the remaining allegations, and on that basis denies them.

20.     Defendant lacks information sufficient to form a belief as to these allegations, and on that basis denies them.

21.     Defendant denies that in early 2017 federal government officials began discussing strategies to deter people from seeking to enter the United States. Defendant lacks information sufficient to form a belief as to the remaining allegations.

22.     Defendant admits that the news media article referenced in this paragraph purports to contain notes from a town hall meeting held on February 2, 2017. Defendant lacks information sufficient to form a belief as to the accuracy of these notes or the information contained therein.

23.     Defendant admits that on March 6, 2017, John Kelly was the Secretary of Homeland Security. Defendant admits that the partial quotation from John Kelly and the quotation from an email excerpt from an unidentified DHS official, both of which are referenced in this paragraph, are contained in the cited 551-page Majority Staff Report for the Committee of the Judiciary of the U.S. House of Representatives dated October 2020 ("2020 House Report"). Defendant lacks information sufficient to form a belief as to accuracy of either quotation or the referenced email. Defendant further admits that the cited March 3, 2017 Reuters news article reports that three unidentified DHS officials were stating on or around that date that a family separation proposal was being considered. Defendant lacks information sufficient to form a belief as to accuracy of the information cited in the March 3, 2017 Reuters article.

24.     Defendant denies that there was a family-separation pilot program. Defendant admits that that in 2017 there was a prosecution initiative in the El Paso sector that resulted in the separations of some family units. Defendant denies the remaining allegations.

25.     Defendant denies that there was a family-separation pilot program. Defendant admits that in 2017 there was a prosecution initiative in the El Paso sector that resulted in the separations of some family units. Defendant admits that the 93-page OIG Report dated January 2021 ("OIG Report") quoted in this paragraph states that "[t]he decision to prosecute adults entering the country as part of a family unit represented a change in long-standing DOJ and DHS practice." Defendant also admits that this paragraph purports to contain a quote from an unidentified Border Patrol to the acting U.S. Attorney for

1  the District of New Mexico. Defendant lacks information sufficient to form a belief as to accuracy of

2  these quotes or any of the remaining allegations.

3       26.    Defendant denies that there was a family-separation pilot program. Defendant admits that

4  in 2017 there was a prosecution initiative in the El Paso sector that resulted in the separations of some

5  family units. Defendant lacks information sufficient to form a belief concerning coordination between

6  the United States Attorney's office and immigration officials.

7       27.    Defendant admits that in 2017 there was a prosecution initiative in the El Paso sector that

8  resulted in parents being prosecuted for illegal entry at the United States–Mexico border. Defendant

9  lacks information sufficient to form a belief as to the remaining allegations.

10       28.    Defendant denies the allegation that there was a family-separation pilot program.

11  Defendant admits that in 2017 there was a prosecution initiative in the El Paso sector. The allegation that

12  immigration officials were exploiting provisions of the TVPRA is not a statement of fact but conclusion

13  of law to which no response is required. Defendant denies the allegation that, for the 2017 prosecution

14  initiative in the El Paso sector, separation was a pretext to justify seizing long-term custody of a child

15  from the child's parent. Defendant admits that some children were separated from their parents during

16  the 2017 prosecution initiative. Defendant further admits that some children were classified as UCs and

17  transported to ORR-funded care provider facilities. Defendant lacks information sufficient to form a

18  belief as to the remaining allegations.

19       29.    Defendant denies the allegation that there was a family-separation pilot program.

20  Defendant admits that in 2017 there was a prosecution initiative in the El Paso sector that resulted in

21  some parents being prosecuted for misdemeanor illegal entry and held in the custody of the U.S.

22  Marshals Service and some children being classified as UCs were transported to ORR-funded care

23  provider facilities. Defendant lacks information sufficient to form a belief as to the remaining

24  allegations.

25       30.    Defendant denies the allegation that there was a family-separation pilot program.

26  Defendant admits that in 2017 there was a prosecution initiative in the El Paso sector that resulted in the

27  separations of some family units. Defendant further admits that some children were classified as UCs

28  and transported to ORR-funded care provider facilities. Defendant denies that those responsible for a

1  child's care were not informed that the child had been separated from his or her parent. Defendant lacks
2  information sufficient to form a belief as to the remaining allegations.

3        31.    Defendant denies the allegation that there was a family-separation pilot program.
4  Defendant admits that in 2017 there was a prosecution initiative in the El Paso sector that resulted in the
5  separations of some family units. Defendant admits that the quotations in this paragraph are contained in
6  the cited 93-page OIG Report. Defendant lacks information sufficient to form a belief as to accuracy of
7  these quotations or the information contained therein. Defendant lacks information sufficient to form a
8  belief as to the remaining allegations.

9        32.    Defendant denies the allegation that there was a family-separation pilot program.
10  Defendant admits that in 2017 there was a prosecution initiative in the El Paso sector that resulted in the
11  separations of some family units. Defendant lacks information sufficient to form a belief as to the
12  subjective knowledge of unidentified high-ranking DOJ officials concerning the emotional damage of
13  separation. Defendant admits that the page cited in the 93-page OIG Report references briefings to high-
14  ranking policymakers about the pilot program. Defendant lacks information sufficient to form a belief as
15  to the existence or contents of these briefings.

16        33.    Defendant denies the allegation that there was a family-separation pilot program.
17  Defendant admits that in 2017 there was a prosecution initiative in the El Paso sector that resulted in the
18  separations of some family units. Defendant lacks information sufficient to form a belief as to the
19  subjective knowledge of unidentified high-ranking DOJ and DHS policymakers. Defendant lacks
20  information sufficient to form a belief as to the remaining allegations.

21        34.    Defendant admits that the quotation referenced in this paragraph is contained in the 166-
22  page Report of the DHS Advisory Committee on Family Residential Centers, dated September 30, 2016.

23        35.    Defendant admits that the quotations referenced in this paragraph is contained in a March
24  7, 2017 CNN online article. Defendant lacks information sufficient to form a belief as to accuracy of the
25  quote or any of the remaining allegations.

26        36.    Defendant denies the allegation that there was a family-separation pilot program.
27  Defendant admits that in 2017 there was a prosecution initiative in the El Paso sector that resulted in the
28  separations of some family units. Defendant admits that the 2020 House Report cited by this paragraph

contains information detailing complaints to the DHS Office for Civil Rights and Civil Liberties

(CRCL) concerning family separations that occurred prior to May 2018. Defendant lacks information

sufficient to form a belief as to accuracy of this information. Plaintiffs' characterizations of this

information are not statements of facts for which a response is required.

37.    Defendant denies the allegation that there was a family-separation pilot program.

Defendant admits that in 2017 there was a prosecution initiative in the El Paso sector that resulted in the

separations of some family units. Defendant admits that the OIG Report cited in this paragraph contains

the purported quotation from Acting U.S. Attorney Bash. Defendant lacks information sufficient to form

a belief as to accuracy of this quotation. Plaintiffs' characterizations of this quotation are not statements

of facts for which a response is required.

38.    Defendant admits that Commander Jonathan White was a career officer in the U.S. Public

Health Service Commissioned Corps. Defendant admits that the quotation cited in this paragraph

appears in the preliminary, unedited transcript of proceedings for the February 7, 2019 House of

Representatives, Subcommittee on Oversight and Investigations, Committee on Energy and Commerce.

Defendant admits that Commander White testified before Congress that he raised concerns regarding

family separation to department leadership.

39.    Defendant admits that the quotation referenced in this paragraph appears in the cited

preliminary, unedited transcript of Congressional testimony of Dr. Julie Linton, a practicing pediatrician

in Greenville, South Carolina and Co-Chair of the American Academy of Pediatrics Immigrant Health

Special Interest Group, on February 7, 2019 before the House of Representatives, Subcommittee on

Oversight and Investigations, Committee on Energy and Commerce. Defendant lacks information

sufficient to form a belief as to the accuracy of the quotation or the information referenced therein.

40.    Defendant denies the allegation that there was a family-separation pilot program.

Defendant admits that in 2017 there was a prosecution initiative in the El Paso sector that resulted in the

separations of some family units. Defendant lacks information sufficient to form a belief as to the

subjective knowledge of unidentified high-ranking DOJ officials and as to the subjective suffering of

migrants that were separated. Defendant denies the specific allegation that the emotional pain and

suffering of migrants is what motivated the 2017 prosecution initiative or the 2018 Zero-Tolerance policy.

41.    Defendant denies that the allegation that there was a family-separation pilot program. Defendant admits that in 2017 there was a 2017 prosecution initiative in the El Paso sector that resulted in the separations of some family units. Defendant admits that, for a limited period of time in 2018, the United States implemented a Zero-Tolerance policy that resulted in the separation of some families at the United States–Mexico border. Defendant further admits that prior to the implementation of that policy, the government weighed policy proposals. Defendant denies the remaining allegations.

42.    Defendant lacks information sufficient to form a belief as these allegations.

43.    Defendant admits that the undated American Oversight online news article referenced in this paragraph reports that on December 11, 2017 ICE Chief of Staff Thomas Blank wrote that he had been asked to take the lead on drafting a decision memo ""on separating Family Units and on vetting sponsors' for minors in the Unaccompanied Alien Children (UAC) program." Defendant lacks information sufficient to form a belief as to the accuracy of this information or the purported writing from Thomas Blank on or around this date.

44.    Defendant admits that the online news article referenced in this paragraph states that "Press reports later indicate that a draft policy memo dated Dec. 16, 2017, titled 'Policy Options to Respond to Border Surge of Illegal Immigration,' is 'circulated between high level officials at DHS and the Justice Department.'" Defendant lacks information sufficient to form a belief as to the accuracy of this quotation. Defendant further admits that the quotations in this paragraph are contained in the purported policy memo cited in this paragraph. Defendant lacks information sufficient to form a belief as to the authenticity of this redlined policy memo.

45.    Defendant denies that the allegation that there was a family-separation pilot program. Defendant admits that in 2017 there was a prosecution initiative in the El Paso sector that resulted in the separations of some family units. Defendant lacks information sufficient to form a belief as to the subjective suffering of migrants separated during the 2017 prosecution initiative. Defendant admits that on April 6, 2018, the Attorney General issued a memorandum for federal prosecutors along the Southwest border regarding "zero-tolerance" for offenses under 8 U.S.C. § 1325(a). The Zero-Tolerance

1    memorandum speaks for itself in terms of the provisions it outlines for the underlying Zero-Tolerance

2    policy. Plaintiffs' characterizations of the Zero-Tolerance policy laid out in this memorandum are not

3    statements of facts for which a response is required.

4        46.    Plaintiffs' characterizations of the Zero-Tolerance policy laid out in the April 6, 2018

5    Zero-Tolerance memorandum are not statements of facts for which a response is required. The Zero-

6    Tolerance memorandum speaks for itself in terms of the provisions it outlines for the underlying Zero-

7    Tolerance policy. To the extent a further response is required, Defendant denies this allegation.

8        47.    Defendant admits that part of the quotation referenced in this paragraph is contained on

9    the page cited within the 93-page OIG Report. Defendant lacks information sufficient to form a belief as

10   to the accuracy of the quotation. Plaintiffs' characterizations of this purported quotation are not

11   statements of facts but conclusions of law for which a response is required.

12       48.    Defendant admits that the quotation referenced in this paragraph is contained in the page

13   cited within the 93-page OIG Report. Defendant lacks information sufficient to form a belief as to the

14   accuracy of the quotation.

15       49.    Defendant admits that the partial quotation referenced in this paragraph is contained in a

16   news article purporting to transcribe a colloquy between Attorney General Sessions and a Fox News

17   host, Laura Ingraham. Defendant admits that the complete colloquy referenced in the news article is:

18   "'Fundamentally, we are enforcing the law,' Sessions replied. 'If you break into the country …' 'But is

19   it a deterrent, sir?' Ingraham interjected. 'Are you considering it a deterrent?' 'I see that the fact that no

20   one was being prosecuted for this was a factor in a fivefold increase in four years in this kind of illegal

21   immigration,' Sessions said. 'So, yes, hopefully people will get the message and come through the

22   border at the port of entry and not break across the border unlawfully.'" Defendant lacks information

23   sufficient to form a belief as to the accuracy of the quotations or of the colloquy between Sessions and

24   the Fox News host. To the extent a further response is required, Defendant denies this allegation.

25       50.    Defendant admits that the quotation in this paragraph is contained in the cited May 11,

26   2018 transcript of interview of John Kelly by NPR correspondence John Burnett. Defendant lacks

27   information sufficient to form a belief as to the accuracy of the quotation or of the colloquy between

28   Kelly and Burnett.

51.    Defendant admits that the quotation referenced in this paragraph is contained in a news article purporting to transcribe a conference call between reporters and HHS's acting assistant secretary, Steven Wagner. Defendant lacks information sufficient to form a belief as to the accuracy of the quotation or of the conference call involving Wagner and reporters.

52.    Defendant denies that the allegation that there was a family-separation pilot program. Defendant admits that that there was a 2017 prosecution initiative in the El Paso sector that originated at the local CBP level that resulted in the separations of some family units. Defendant lacks information sufficient to form a belief as to the remaining allegations.

53.    Defendant denies the allegation that the Zero-Tolerance policy was a pretext to justify separation of a child from the child's parent. The Zero-Tolerance memorandum speaks for itself in terms of direction to U.S. Attorneys for prosecution of families that had been apprehended crossing the southwest border. Plaintiffs' characterization of the Zero-Tolerance policy is not a statement of fact for which a response is required.

54.    Defendant admits that, for a limited period of time in 2018, the United States implemented a Zero-Tolerance policy that resulted in the separation of some families at the United States–Mexico border. Defendant further admits that Plaintiff families were separated. Defendant denies the allegation that the Zero-Tolerance policy was a pretext to justify separation of a child from the child's parent. Defendant admits that the last sentence in this paragraph is part of a quotation contained in the referenced page of the DHS OIG Report. Defendant lacks information sufficient to form a belief as to the accuracy of this quotation or the remaining allegations.

55.    Defendant admits that the quotation from Secretary of Homeland Security Kirstjen Nielsen in this paragraph is contained within the remarks Nielson made at a June 18, 2018 White House Press Briefing on the illegal immigration crisis at the southern border. Defendant denies the accuracy of the partial quotation from Attorney General Sessions referenced in this paragraph. The correct quotation that is contained in Sessions' interview with Fox News host Laura Ingraham on The Ingraham Angle on June 19, 2018 is: "We want to end this process of children being brought across dangerous territory, placing those children at risk. If they want to claim asylum, let them go through the port of entry. That's

1  the way it should be done." Defendant lacks information sufficient to form a belief as to the remaining
2  allegations.

3      56.    Defendant admits that the information cited in this paragraph is contained in the 22-page
4  May 29, 2020 OIG Report. Defendant lacks information sufficient to form a belief as to the accuracy of
5  this information.

6      57.    Defendant lacks information sufficient to form a belief as to these allegations.

7      58.    Defendant admits that there was litigation by the federal court in *Ms. L.* concerning the
8  Zero-Tolerance policy and that on June 6, 2018 the federal court in that case granted Defendants'
9  motion to dismiss Plaintiffs' claims under the APA and the Asylum Statute, and denied Defendants'
10 motion to dismiss Plaintiffs' due process claim. Defendant admits that the quote in this paragraph is
11 contained in the June 6, 2018 *Ms. L.* decision.

12     59.    Defendant admits that President Trump issued an Executive Order on June 20, 2018,
13 entitled "Affording Congress an Opportunity to Address Family Separation." Defendant admits that the
14 quote in this paragraph is contained in Section 3 of aforementioned Executive Order. Defendant further
15 admits that the quotes from President Trump referenced in this paragraph are contained in (1) an April
16 28, 2019 *Washington Post* news article purporting to transcribe a colloquy between Trump and a Fox
17 News host, Maria Bartiromo, and (2) an October 23, 2018 Reuters online article purporting to describe
18 comments made by President Trump to reporters at the White House. Defendant lacks information
19 sufficient to form a belief as to the accuracy of these quotes or of the colloquy between Trump and the
20 Fox News host, or Trump and the White House reporters. Plaintiffs' characterizations of these purported
21 quotes are not statements of facts for which a response is required.

22     60.    Defendant admits that on June 26, 2018, the federal court in *Ms. L.* granted the Plaintiffs'
23 motion for a class-wide preliminary injunction. Defendant admits that the *Ms. L.* court held: "This Order
24 does not implicate the Government's discretionary authority to enforce immigration or other criminal
25 laws, including its decisions to release or detain class members. Rather, the Order addresses only the
26 circumstances under which the Government may separate class members from their children, as well as
27 the reunification of class members who are returned to immigration custody upon completion of any
28 criminal proceedings." Defendant further admits that the quotation referenced in this paragraph is

contained in the cited *Ms. L* opinion. The *Ms. L.* decisions cited by this paragraph speak for themselves. Plaintiffs' characterizations thereof are not statements of facts for which a response is required.

61.     Defendant admits that, for a limited period of time in 2018, the United States implemented a Zero-Tolerance policy that resulted in the separation of some families at the United States–Mexico border. Defendant further admits that Plaintiff families were separated. Defendant admits that the OIG Report cited in this paragraph states, "Between May 5 and June 20, 2018, the zero-tolerance policy resulted in the separation of more than 3,000 children from their families when a parent was referred to DOJ for prosecution." Defendant lacks information sufficient to form a belief as to the accuracy of this information. Defendant denies that the goal of the Zero-Tolerance policy was to separate families. Defendant lacks information sufficient to form a belief as to the remaining allegations.

62.     Defendant admits that the quotation referenced in this paragraph is contained in the cited *Ms. L.* opinion. Insofar as the quotation is intended to be an allegation, Defendant lacks information sufficient to form a belief. Defendant lacks information sufficient to form a belief as to the remaining allegations.

63.     Defendant admits that the partial quotations in this paragraph are contained on the cited pages of the February 2020 Physician for Human Rights document. Defendant lacks information sufficient to form a belief as to the information contained in these partial quotes. Plaintiffs' characterizations of these quotes are not statements of facts for which a response is required.

64.     Defendant admits that the quotation referenced in this paragraph, from an Assistant Professor of psychology at Yale University, is contained in the cited judicial opinion. Defendant lacks information sufficient to form a belief as to the remaining allegations.

65.     Defendant admits that the quotation in this paragraph appears in the Congressional testimony of Dr. Julie Linton, a practicing pediatrician in Greenville, South Carolina and Co-Chair of the American Academy of Pediatrics Immigrant Health Special Interest Group, on February 7, 2019 before the House of Representatives, Subcommittee on Oversight and Investigations, Committee on Energy and Commerce. Defendant lacks information sufficient to form a belief as to the accuracy of the quotation or the information referenced therein.

66.     Defendant admits that the quotation attributed to the American Academy of Pediatrics in this paragraph is contained on the cited page of the referenced Amnesty International document. Defendant lacks information sufficient to form a belief as to the accuracy of the quotation or the information referenced therein. Defendant admits that the quotation cited in this paragraph from Commander White appears in the preliminary, unedited transcript of proceedings for the February 7, 2019 House of Representatives, Subcommittee on Oversight and Investigations, Committee on Energy and Commerce. Defendant lacks information sufficient to form a belief as to the accuracy of the quotation or the information referenced therein. The judicial opinion cited in this paragraph speaks for itself. Plaintiffs' characterization thereof is not a statement of fact for which a response is required. Defendant admits that the last sentence of this paragraph appears in the preliminary, unedited transcript of Congressional testimony of Jack Shonkoff, a Professor of Child Health and Development at the Harvard Chan School of Public Health and the Graduate School of Education, on February 7, 2019 before the House of Representatives, Subcommittee on Oversight and Investigations, Committee on Energy and Commerce. Defendant lacks information sufficient to form a belief as to the accuracy of the quotation or the information referenced therein.

67.     This paragraph contains Plaintiffs' characterization of this civil action, to which no response is required. Defendant admits that this is an action alleging injuries to three parents and their respective children caused by Defendant's implementation of Zero-Tolerance policies for individuals detained on suspicion of committing an illegal entry offense crossed the border from Mexico into Arizona. Defendant further admits that Plaintiff families were separated and detained in government and government-contracted facilities. Defendant lacks information sufficient to form a belief as to the remaining allegations.

68.     Defendant admits that Plaintiffs Wilbur and Wilfredo entered the United States in or near San Luis, Arizona on or about May 27, 2018. Admit that either Plaintiff Wilfredo, or his father, Wilbur, represented to Defendant that Wilfredo was 11 years old. Defendant admits that Wilbur P.G. and Wilfredo applied for asylum in the United States. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

69.      Defendant admits that Plaintiffs Wilbur and Wilfredo were taken into custody by U.S. Border Patrol Agents and transported to the Yuma, Arizona Border Patrol Station. Defendant denies that Border Patrol Agents did not conduct a medical screening of Plaintiffs Wilbur and Wilfredo. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

70.      Defendant admits that Plaintiffs Wilbur and Wilfredo were transported to the Yuma, Arizona Border Patrol Station. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

71.      Defendant denies that Plaintiffs Wilbur and Wilfredo were not medically screened. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

72.      Defendant denies Plaintiffs' allegations regarding conditions in the Border Patrol facility. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

73.      Defendant denies Plaintiffs' allegations regarding conditions in the Border Patrol facility. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

74.      Defendant denies Plaintiffs' allegations regarding their treatment by Border Patrol Agents and conditions in the Border Patrol facility. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

75.      Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

76.      Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

77.      Defendant denies Plaintiff Wilbur's allegations regarding his treatment by Border Patrol Agents. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

78.     Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

79.     Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

80.     Defendant denies Plaintiff Wilbur's allegations regarding conditions in the Border Patrol facility. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

81.     Defendant denies Plaintiff Wilbur's allegations regarding conditions in the Border Patrol facility. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

82.     Defendant denies Plaintiff Wilbur's allegations regarding his treatment by Border Patrol Agents. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

83.     Defendant denies Plaintiff Wilbur's allegations regarding his treatment by Border Patrol Agents. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

84.     Defendant denies Plaintiff Wilbur's allegation that he was not allowed to shower. Defendant further denies Plaintiff Wilbur's allegation that he received no medical attention while in CBP custody. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

85.     Defendant denies Plaintiff Wilbur's allegations regarding his treatment by Border Patrol Agents. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

86.     Defendant admits that Plaintiff Wilbur was not removed from the United States. Admit that Plaintiff Wilbur was transferred to an ICE Immigration Detention Facility in Florence, Arizona. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

87.     Defendant lacks sufficient information to form a belief as to the truth of the allegations,

1   and on that basis denies them.

2       88.     Defendant lacks sufficient information to form a belief as to the truth of the allegations,

3   and on that basis denies them.

4       89.     Defendant lacks sufficient information to form a belief as to the truth of the allegations,

5   and on that basis denies them.

6       90.     Defendant lacks sufficient information to form a belief as to the truth of the allegations,

7   and on that basis denies them.

8       91.     Defendant admits that Plaintiff Wilbur was transferred to an ICE Immigration Detention

9   Facility in Eloy, Arizona. As to the remaining allegations of the paragraph, Defendant lacks sufficient

10  information to form a belief as to the truth of the allegations, and on that basis denies them.

11      92.     Defendant denies that Plaintiff Wilbur's allegation that he received no medical attention

12  from immigration officials. As to the remaining allegations of the paragraph, Defendant lacks sufficient

13  information to form a belief as to the truth of the allegations, and on that basis denies them.

14      93.     Defendant lacks sufficient information to form a belief as to the truth of the allegations,

15  and on that basis denies them.

16      94.     Defendant lacks sufficient information to form a belief as to the truth of the allegations,

17  and on that basis denies them.

18      95.     Defendant lacks sufficient information to form a belief as to the truth of the allegations,

19  and on that basis denies them.

20      96.     Defendant lacks sufficient information to form a belief as to the truth of the allegations,

21  and on that basis denies them.

22      97.     Defendant lacks sufficient information to form a belief as to the truth of the allegations,

23  and on that basis denies them.

24      98.     Defendant lacks sufficient information to form a belief as to the truth of the allegations,

25  and on that basis denies them but admits that Wilfredo's ORR case file contains a note dated May 27,

26  2018 indicating that Wilfredo traveled to the United States with his father and was separated at the

27  border.

28      99.     Defendant admits that Wilfredo ORR case file reflects that a phone conversation between

1  Wilber and Wilfredo was facilitated on June 20, 2018 followed by weekly scheduled calls on Tuesdays

2  at 9 am. Defendant lacks sufficient information to form a belief as to the truth of the remaining

3  allegations, and on that basis denies them.

4        100.     Defendant admits that Plaintiffs Wilbur and Wilfredo were separated and that Wilfredo

5  was taken into ORR custody and placed at Southwest Key Estrella, in Tucson, Arizona on May 27, 2018

6  and remained at the shelter until he was reunified with Wilbur on July, 23, 2018, in San Francisco,

7  California. Defendant lacks sufficient information to form a belief as to the truth of the remaining

8  allegations, and on that basis denies them.

9        101.     Defendant admits that Wilfredo was placed at Southwest Key Estrella, a privately owned

10  and operated, state licensed facility that maintains a cooperative agreement with ORR for placement and

11  care of UCs. Defendant lacks sufficient information to form a belief as to the truth of the remaining

12  allegations, and on that basis denies them.

13        102.     Defendant admits that Wilfredo's ORR case file contains a Significant Incident Report

14  that indicates that on May 31, 2018, at 4:00 PM Wilfredo reported that he was inappropriately touched

15  by another minor at the facility. Defendant lacks sufficient information to form a belief as to the truth of

16  the remaining allegations, and on that basis denies them.

17        103.     Defendant admits that Wilfredo's ORR case file documented that Wilfredo experienced

18  some altercations with his peers and behavioral issues while in ORR custody. Defendant lacks sufficient

19  information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

20        104.     Defendant denies that Wilfredo was not offered counseling, therapy or mental health

21  related services while in ORR custody. Defendant lacks sufficient information to form a belief as to the

22  truth of the remaining allegations, and on that basis denies them.

23        105.     Defendant lacks sufficient information to form a belief as to the truth of the allegations,

24  and on that basis denies them.

25        106.     Defendant admits that an immigration judge granted Plaintiff Wilbur a $16,000 bond. As

26  to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as

27  to the truth of the allegations, and on that basis denies them.

28        107.     Defendant lacks sufficient information to form a belief as to the truth of the allegations,

1    and on that basis denies them.

2        108.    Defendant lacks sufficient information to form a belief as to the truth of the allegations,

3    and on that basis denies them.

4        109.    Defendant lacks sufficient information to form a belief as to the truth of the allegations,

5    and on that basis denies them.

6        110.    Defendant lacks sufficient information to form a belief as to the truth of the allegations,

7    and on that basis denies them.

8        111.    Defendant lacks sufficient information to form a belief as to the truth of the allegations,

9    and on that basis denies them.

10       112.    Defendant lacks sufficient information to form a belief as to the truth of the allegations,

11   and on that basis denies them.

12       113.    Defendant lacks sufficient information to form a belief as to the truth of the allegations,

13   and on that basis denies them.

14       114.    Defendant lacks sufficient information to form a belief as to the truth of the allegations,

15   and on that basis denies them.

16       115.    Defendant lacks sufficient information to form a belief as to the truth of the allegations,

17   and on that basis denies them.

18       116.    Defendant denies that Plaintiff Wilbur had an infection that went untreated. As to the

19   remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the

20   truth of the allegations, and on that basis denies them.

21       117.    Defendant admits that Plaintiff Wilbur was not prosecuted in connection with his illegal

22   entry into the United States.

23       118.    Defendant admits that Plaintiffs Erendira and Yasmin are from Guatemala, that they have

24   sought asylum in the United States and that they crossed the U.S.-Mexico border on or about May 11,

25   2018. Defendant further admits that either Plaintiff Yasmin, or her mother, Erendira, represented to

26   Defendant that Yasmin was 6 years old. As to the remaining allegations of the paragraph, Defendant

27   lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies

28   them.

119.     Defendant admits that Plaintiffs Erendira and Yasmin were detained and transported to a government facility. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

120.     Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

121.     Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

122.     Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

123.     Defendant denies the allegations regarding the frequency and type of meals. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

124.     Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

125.     Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

126.     Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

127.     Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

128.     Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

129.     Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

130.     Defendant admits that Plaintiff Erendira was transferred for criminal prosecution for violation of 8 U.S.C. § 1325(a)(1). As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

131.     District Court records indicate that Plaintiff Erendira required Mam interpretation.

1   Defendant lacks information sufficient to form a belief as to the subjective intent or belief of Plaintiff

2   Erendira. Defendant lacks sufficient information to form a belief as to the truth of the remaining

3   allegations, and on that basis denies them.

4       132.    Defendant admits that after prosecution, Plaintiff Erendira was transferred back to Border

5   Patrol custody. Defendant denies that Plaintiff Erendira was then in Border Patrol custody for two

6   weeks. As to the allegations regarding conditions in the Border Patrol facility, Defendant denies. As to

7   the allegations regarding the type of meals, Defendant denies.  As to the remaining allegations of the

8   paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and

9   on that basis denies them.

10      133.    Defendant lacks sufficient information to form a belief as to the truth of the allegations,

11  and on that basis denies them.

12      134.    Defendant lacks sufficient information to form a belief as to the truth of the allegations,

13  and on that basis denies them.

14      135.    Defendant lacks sufficient information to form a belief as to the truth of the allegations,

15  and on that basis denies them.

16      136.    Defendant lacks sufficient information to form a belief as to the truth of the allegations,

17  and on that basis denies them.

18      137.    Defendant lacks sufficient information to form a belief as to the truth of the allegations,

19  and on that basis denies them.

20      138.    Defendant denies that Plaintiff Erendira was in Border Patrol custody for two weeks after

21  returning from prosecution. Defendant admits that Plaintiff was detained in facilities in Arizona and was

22  transported by air during her detention period. Defendant lacks sufficient information to form a belief as

23  to the truth of the remaining allegations, and on that basis denies them.

24      139.    Defendant admits that Plaintiff Erendira was transferred to an ICE Immigration Detention

25  Facility in Georgia. As to the remaining allegations in the paragraph, Defendant lacks sufficient

26  information to form a belief as to the truth of the allegations, and on that basis denies them.

27      140.    Defendant admits that Plaintiff was housed in a detention facility in Georgia. Plaintiff

28  lacks sufficient information to form a belief as to the truth of the remaining allegations and on that basis,

denies them.

141.    Defendant admits that Plaintiff Erendira spoke to Plaintiff Yasmin over the phone while at a detention facility in Georgia. As to the remaining allegations in the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

142.    Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

143.    Defendant lacks sufficient information to form a belief as to the truth of the allegations concerning phone use, and on that basis denies them. The detention facility in Georgia is run by a contractor, and on that basis Defendant denies that the government charges for calls. Defendant admits that it did not directly release Yasmin to her father, but denies that Yasmin's father made efforts to "arrange for her to come live with him."

144.    Defendant admits that Yasmin was sheltered in New York. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

145.    Defendant denies that Yasmin was depressed in ORR custody. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

146.    Defendant denies that Yasmin spoke to her mother only once while in ORR custody. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

147.    Defendant admits that Plaintiff Erendira was transported to an airfield following her detention in Georgia. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

148.    Defendant admits that Erendira was transferred to a detention facility in Texas. Defendant further admits that Erendira and Yasmin were reunified. As to the remaining allegations in the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

149.    Defendant admits that Plaintiff Erendira and Plaintiff Yasmin were released from government custody. As to the remaining allegations in the paragraph, Defendant lacks sufficient

information to form a belief as to the truth of the allegations, and on that basis denies them.

150.    Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

151.    Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

152.    Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

153.    Defendant admits that Plaintiffs Joshua and Karl are from Guatemala. Admit that Plaintiffs sought asylum after entering the United States. Admit that either Plaintiff Karl, or his father, Joshua, represented to Defendant that Karl was 13 years old. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

154.    Defendant admits that Plaintiffs Joshua and Karl entered the United States in or near San Luis, Arizona on or about May 18, 2018.  As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

155.    Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

156.    Defendant admits that Plaintiffs Joshua and Karl were transported to the Yuma, Arizona Border Patrol Station. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

157.    Defendant admits that Plaintiffs Joshua and Karl were detained at the Yuma Border Patrol Station. Defendant further admits that Border Patrol Agents collected biographic and demographic information from Plaintiffs. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

158.    Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

1       159.    Defendant lacks sufficient information to form a belief as to the truth of the allegations,

2 and on that basis denies them.

3       160.    Defendant lacks sufficient information to form a belief as to the truth of the allegations,

4 and on that basis denies them.

5       161.    Defendant denies Plaintiff Joshua's allegations regarding conditions in the Border Patrol

6 facility. Defendant lacks sufficient information to form a belief as to the truth of the remaining

7 allegations, and on that basis denies them.

8       162.    Defendant lacks sufficient information to form a belief as to the truth of the allegations,

9 and on that basis denies them.

10       163.    Defendant denies that Plaintiff Joshua did not receive clean clothing and never received

11 personal hygiene products. Defendant further denies that Plaintiff Joshua was never permitted to shower.

12 As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief

13 as to the truth of the allegations, and on that basis denies them.

14       164.    Defendant denies that Plaintiff Joshua's allegations as to the type of food and quality of

15 food provided, and that Plaintiff Joshua was not provided with appropriate hydration. Defendant further

16 denies that Plaintiff Joshua's allegations regarding conditions at the Border Patrol facility. As to the

17 remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the

18 truth of the allegations, and on that basis denies them.

19       165.    Defendant lacks sufficient information to form a belief as to the truth of the allegations,

20 and on that basis denies them.

21       166.    Defendant denies that Plaintiffs Joshua and Karl were separated at Yuma Border Patrol

22 Station for two days. As to the remaining allegations of the paragraph, Defendant lacks sufficient

23 information to form a belief as to the truth of the allegations, and on that basis denies them.

24       167.    Defendant lacks sufficient information to form a belief as to the truth of the allegations,

25 and on that basis denies them.

26       168.    Defendant denies that Plaintiff Joshua was at Yuma Border Patrol Station for "over a

27 week." As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form

28 a belief as to the truth of the allegations, and on that basis denies them.

1   169.   Defendant denies Plaintiff Joshua's allegations regarding his treatment by Border Patrol

2   Agents and conditions in the Border Patrol facility. As to the remaining allegations of the paragraph,

3   Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis

4   denies them.

5   170.   Defendant admits that Plaintiff Joshua was not prosecuted in connection with his illegal

6   entry into the United States.

7   171.   Defendant denies that Plaintiff Joshua was at Yuma Border Patrol Station for "10 or 12

8   days." Defendant admits that on May 21, 2018, Plaintiff Joshua was transported to Wellton Border

9   Patrol Station. As to the remaining allegations of the paragraph, Defendant lacks sufficient information

10  to form a belief as to the truth of the allegations, and on that basis denies them.

11  172.   Defendant denies that Plaintiff Joshua did not receive clean clothing or personal hygiene

12  products. Defendant further denies that Plaintiff Joshua was not permitted to shower. Defendant denies

13  that Plaintiff Joshua had been in Border Patrol custody for "nearly two weeks" upon his arrival at

14  Wellton Border Patrol Station. As to the remaining allegations of the paragraph, Defendant lacks

15  sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

16  173.   Defendant admits that Plaintiff Joshua spent approximately eight (8) days at Wellton

17  Border Patrol Station. As to the remaining allegations of the paragraph, Defendant lacks sufficient

18  information to form a belief as to the truth of the allegations, and on that basis denies them.

19  174.   Defendant lacks sufficient information to form a belief as to the truth of the allegations,

20  and on that basis denies them.

21  175.   Defendant lacks sufficient information to form a belief as to the truth of the allegations,

22  and on that basis denies them.

23  176.   Defendant lacks sufficient information to form a belief as to the truth of the allegations,

24  and on that basis denies them.

25  177.   Defendant lacks sufficient information to form a belief as to the truth of the allegations,

26  and on that basis denies them.

27  178.   Defendant lacks sufficient information to form a belief as to the truth of the allegations,

28  and on that basis denies them.

179.    Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

180.    Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

181.    Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

182.    Defendant admits that Plaintiff Joshua and Karl spoke on the phone. Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

183.    Defendant admits that Plaintiff Joshua and Karl spoke on the phone. Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

184.    Defendant admits that Plaintiff Joshua and Karl spoke on the phone. Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

185.    Defendant admits that Plaintiff Joshua and Karl spoke on the phone. Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them..

186.    Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

187.    Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

188.    Defendant admits that Plaintiff Joshua was transferred to an ICE detention facility in Arizona. As to the remaining allegations in the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

189.    Defendant admits that Plaintiff Joshua was transferred to an ICE detention facility in Arizona. As to the remaining allegations in the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

190.    Defendant admits that Plaintiffs Joshua and Karl were reunited. As to the remaining allegations in the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

191.    Defendant admits that Plaintiff Joshua and Plaintiff Karl were transferred out of the ICE

immigration detention facility in Phoenix, Arizona. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

192.    Defendant admits that Plaintiff Joshua and Plaintiff Karl were transferred to Karnes County Residential Center ("Karnes") in Karnes City, Texas.  As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

193.    Defendant admits that Plaintiff Joshua and Plaintiff Karl were released from government custody. As to the remaining allegations of the paragraph, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

194.    Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

195.    Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

196.    Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

197.    Defendant lacks information sufficient to form a belief as to the intent of policymakers as alleged in this paragraph. Defendant denies that the sole purpose of the Zero-Tolerance policy was as stated in this paragraph. The remaining allegations are not statements of fact but conclusions of law to which no response is required.

198.    These allegations are not statements of fact but conclusions of law to which no response is required.

199.    Defendant admits that the quotes referenced in this paragraph are contained in the 31-page document titled U.S. Customs and Border Protection National Standards on Transport, Escort, Detention, and Search, dated October 2015. The allegations concerning CBB's violations of statutory and regulatory duties are not statements of fact but conclusions of law to which no response is required. Plaintiffs' allegation that no law or regulation required the government to separate the Plaintiff families is not a statement of fact but conclusions of law to which no response is required. Defendant lacks

information sufficient to form a belief as to the specific allegations concerning Plaintiff parents, children and families.

200.   The allegations concerning duties of CBP agents, and violations of these duties in separation of Plaintiff families, are not statements of fact but conclusions of law to which no response is required. Defendant lacks information sufficient to form a belief as to the specific allegations concerning "well documented damage" that separation "would cause" to Plaintiff children. Defendant denies that it failed to make even basic efforts toward reunification of Plaintiff families.

201.   Defendant admits that individual immigrants have a right to apply for asylum in the United States. Defendant lacks information sufficient to form a belief as to the specific allegation concerning federal agents placing conditions on Wilbur P.G.'s ability to reunite with his son. The remaining allegations are not statements of fact but conclusions of law to which no response is required.

202.   Defendant denies that Karl's and Yasmin's non-detained family members were qualified sponsors capable of providing for the child's physical and mental well-being. The allegations concerning duties of CBP and ORR officials, and violations of these duties, the *Flores* settlement or Congressional statutes, in the separation of Plaintiff families, are not statements of fact but conclusions of law to which no response is required.

203.   Defendant denies that Yasmin and Karl's non-detained family members were qualified sponsors capable of providing for the children's physical and mental well-being. The remaining allegations concerning the government's violation of non-discretionary obligations concerning reunification is not a statement of fact but conclusion of law to which no response is required.

204.   Defendant admits that Wilbur P.G. is a national of El Salvador. Defendant lacks information sufficient to form a belief as to the allegation that federal agents pressured Wilbur to accept deportation and to abandon his asylum claim. The remaining allegation concerning the government's violation of the *Orantes* injunction is not a statement of fact but conclusion of law to which no response is required.

205.   Defendant lacks information sufficient to form a belief as to the full scope of Plaintiffs' treatment during custody. The remaining allegation concerning the government's violation of the United States Constitution and multiple mandatory federal policies is not a statement of fact but conclusion of

law to which no response is required.

206.    Defendant admits that Plaintiff families were held in Border Patrol facilities. Defendant denies Plaintiffs' allegations regarding the conditions of confinement in these facilities. The remaining allegations concerning CBP's violation of constitutional or other federal standards or policies is not a statement of fact but conclusion of law to which no response is required.

207.    Defendant admits that Plaintiff families were held in Border Patrol facilities. Defendant denies Plaintiffs' allegations regarding conditions of confinement in these facilities, and Plaintiffs' allegations regarding treatment by Border Patrol Agents, including the alleged use of withholding food as punishment and alleged failure to provide clean water and drinking cups to Plaintiff families. Defendant admits that the quotations referenced in this paragraph are contained in the 31-page document titled U.S. Customs and Border Protection National Standards on Transport, Escort, Detention, and Search, dated October 2015. The remaining allegations concerning CBP's violation of mandatory, nondiscretionary policies is not a statement of fact but conclusion of law to which no response is required.

208.    Defendant admits that the quotation referenced in this paragraph is contained in the 31-page document titled U.S. Customs and Border Protection National Standards on Transport, Escort, Detention, and Search, dated October 2015. Defendant lacks information sufficient to form a belief as to the accuracy of the specific CPB conduct with regard to the Plaintiff families referenced in this paragraph. The remaining allegations concerning violations of duties by CBP officials are not statements of fact but conclusions of law to which no response is required.

209.    Defendant admits that the quotation referenced in this paragraph is contained in the 31-page document titled U.S. Customs and Border Protection National Standards on Transport, Escort, Detention, and Search, dated October 2015. The remaining allegations concerning violations of duties by CBP employees are not statements of fact but conclusions of law to which no response is required.

210.    Defendant admits that the quotation referenced in this paragraph is contained in the 31-page document titled U.S. Customs and Border Protection National Standards on Transport, Escort, Detention, and Search, dated October 2015. The remaining allegation concerning the duty of CBP officers is not a statement of fact but conclusion of law to which no response is required.

211.    Defendant admits that the quotation referenced in this paragraph is contained in the 31-page document titled U.S. Customs and Border Protection National Standards on Transport, Escort, Detention, and Search, dated October 2015. Defendant lacks information sufficient to form a belief as to the accuracy of allegations concerning CBP interactions with Wilbur P.G for his purported injuries. The remaining allegations concerning duties of CBP officers, and violations of CBP policy, are not statements of fact but conclusions of law to which no response is required.

212.    Defendant admits that the U.S. Department of Health and Human Services, Office of the Inspector General Issue Brief, titled Separated Children Placed in Office of Refugee Resettlement, dated January 2019  at page 6, reported an increase in UCs placed in ORR custody in 2017 creating operational challenges including a shortfall of available beds at state-licensed facilities for younger children. The allegation that the government ignored applicable child welfare standards in violation of mandatory duties is not a statement of fact but conclusion of law to which no response is required. The remaining allegations are denied.

213.    Defendant admits that Plaintiffs Karl was in ORR custody for 65 days and that Yasmin was in ORR custody for approximately 70 days. Defendant denies the remaining allegations concerning Plaintiffs Karl and Yasmin. Defendant further admits that Wilfredo's ORR case file contains a Significant Incident Report that indicates that on May 31, 2018, at 4:00 PM Wilfredo reported that he was inappropriate touched by another minor at the facility. Defendant lacks information sufficient to form a belief as to whether this constituted a sexual assault. Defendant denies the remaining allegations concerning Wilfredo.

## CAUSES OF ACTION

## COUNT 1 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

214.    Defendant repeats and incorporates by this reference its responses to each and every allegation contained in paragraphs 1 through 213 as if set forth herein. To the extent a response is required, Defendant denies this allegation.

215.    These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies this allegation.

216.    These allegations are not statements of fact but conclusions of law to which no response

is required. To the extent a response is required, Defendant denies this allegation.

217.    These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies this allegation.

218.    Defendant lacks information sufficient to form a belief as to the subjective knowledge of DHS and DOJ officials. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies this allegation.

219.    Defendant lacks information sufficient to form a belief as to the emotional or physical states due to the separation of Plaintiffs.

### COUNT 2 – NEGLIGENCE

220.    Defendant repeats and incorporates by this reference its responses to each and every allegation contained in paragraphs 1 through 219 as if set forth herein. To the extent a response is required, Defendant denies this allegation.

221.    This allegation is not statement of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies this allegation.

222.    These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

223.    These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

224.    This allegation is not statement of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies this allegation.

### COUNT 3 – ABUSE OF PROCESS

225.    Defendant repeats and incorporates by this reference its responses to each and every allegation contained in paragraphs 1 through 224 as if set forth herein. To the extent a response is required, Defendant denies this allegation.

226.    These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

227.    Defendant admits that it initiated a criminal prosecution of Erendira. Defendant denies the remaining allegations.

228.     These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

**COUNT 4 –NEGLIGENT SUPERVISION/BREACH OF FIDUCIARY DUTY**

229.     Defendant repeats and incorporates by this reference its responses to each and every allegation contained in paragraphs 1 through 228 as if set forth herein. To the extent a response is required, Defendant denies this allegation.

230.     These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

231.     These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

232.     Defendant admits that Wilfredo's ORR case file contains a Significant Incident Report that indicates that on May 31, 2018, at 4:00 PM Wilfredo reported that he was inappropriate touched by another minor at the facility. Defendant lacks information sufficient to form a belief as to whether this constituted a sexual assault. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

233.     Defendant lacks information sufficient to form a belief as to whether Wilfredo suffered a sexual assault. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

234.     Defendant lacks information sufficient to form a belief as to the extent the minors were able to comprehend Spanish and Mam interpretation was required. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

**COUNT 5 – LOSS OF CONSORTIUM**

235.     Defendant repeats and incorporates by this reference its responses to each and every allegation contained in paragraphs 1 through 234 as if set forth herein. To the extent a response is required, Defendant denies this allegation.

236.     These allegations are not statements of fact but conclusions of law to which no response

is required. To the extent a response is required, Defendant denies these allegations.

237.   Defendant lacks information sufficient to form a belief as to the extent of any suffering by Plaintiffs. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

238.   These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

239.   Defendant admits that Wilfredo's ORR case file contains a Significant Incident Report that indicates that on May 31, 2018, at 4:00 PM Wilfredo reported that he was inappropriate touched by another minor at the facility. Defendant lacks information sufficient to form a belief as to whether this constituted a sexual assault. Defendant lacks information sufficient to form a belief as to the extent to which Wilfredo was able to discuss said incident with his father. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

240.   Defendant lacks information sufficient to form a belief as to the extent of any suffering by Plaintiffs. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seeks the relief identified in Paragraphs A to D at page 63, Defendant avers as follows.

A.   This paragraph sets forth Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the requested relief.

B.   This paragraph sets forth Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the requested relief.

C.   This paragraph sets forth Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the requested relief.

D.   This paragraph sets forth Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the requested relief.

## AFFIRMATIVE AND OTHER DEFENSES

1.      The Court lacks subject matter jurisdiction over Plaintiffs' claims.

2.      Plaintiffs' claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty. 28 U.S.C. § 2680(a).

3.      Plaintiffs' claims are barred to the extent that they are based on the execution of federal statutes or regulations. 28 U.S.C. § 2680(a).

4.      Plaintiffs have failed to state a claim on which relief may be granted in whole or in part.

5.      The United States, through employees, did not owe a legal duty to Plaintiffs.

6.      The United States, through employees, did not breach a legal duty owed to Plaintiffs

7.      The United States has waived its sovereign immunity only for the actions of  "employees of the government" as defined in 28 U.S.C. § 2671.

8.      Acts or omissions of the United States, through employees, were not the proximate cause of injury to Plaintiffs.

9.      In the event the United States is found to have been negligent or otherwise wrongful, which negligence or wrongful conduct is denied, the superseding and intervening negligence or wrongful conduct of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence or wrongful conduct and Plaintiffs' alleged injuries, cutting off the legal effect of the United States' negligence or wrongful conduct.

10.     Plaintiffs' recovery of damages, if any, is limited by federal and applicable state law.

11.     Plaintiffs' recovery against the United States, if any, is limited to the amount stated in timely and properly presented administrative claims. 28 U.S.C. § 2675(b).  To the extent Plaintiffs have not timely or properly presented administrative tort claims, or seek relief different from, or in excess of, that set forth in a timely and properly filed administrative tort claim, Plaintiffs have not exhausted their administrative remedies.

12.     Plaintiffs may not recover punitive damages, non-monetary damages, or pre-judgment interest under the Federal Tort Claims Act. 28 U.S.C. § 2674.

13.     To the extent the Court enters a money judgment against the United States, Plaintiffs are entitled to post-judgment interest only in accordance with the provisions of 28 U.S.C. § 1961(b) and 31 U.S.C. § 1304(b).

14.     Plaintiffs' claims are barred by any exception to or limitation on the United States' waiver of sovereign immunity.

15.     Under the FTCA, the United States only may be held liable in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674.

16.     To the extent that there are persons who were comparatively at fault, whether or not they are currently parties to this lawsuit, principles of comparative fault apply and liability must be apportioned or any judgment reduced as set forth under applicable state law.

17.     Plaintiffs' claims are barred or diminished by Plaintiffs' failure to mitigate damages.

18.     Plaintiffs' claims are barred to the extent they allege misrepresentations by federal employees. 28 U.S.C. § 2680(h).

19.     The United States specifically reserves the right to raise additional affirmative defenses which become evident through discovery, and to amend its Answer to raise any affirmative defense – including, but not limited to, those identified by Federal Rule 8(c) – not currently known and/or which it may have or through discovery learn may be applicable. asserts that it has, or may have, additional affirmative defenses that are not known to the United States at this time but may be ascertained through discovery.

## JURY DEMAND

Defendant demands a trial by jury on any claim so triable.

//

//

//

//

//

//

//

//

1

## **PRAYER FOR RELIEF**

2    WHEREFORE, Defendant prays that:

3    1.      Plaintiffs take nothing by their Complaint;

4    2.      The Complaint be dismissed with prejudice;

5    3.      Judgment be entered in favor of Defendant;

6    4.      Defendant be awarded its costs of suit;

7    5.      The Court award such other and further relief as it may deem proper.

8

9    Dated: July 29, 2022              Respectfully submitted,

10

11                          STEPHANIE M. HINDS
United States Attorney

12                          */s/ Kenneth Brakebill*

13                          Kenneth Brakebill
Assistant United States Attorney

14                          Counsel for Defendant

15

16

17

18

19

20

21

22

23

24

25

26

27

28