1   STEPHANIE M. HINDS (CABN 154284)
    United States Attorney
2   MICHELLE LO (NYRN 4325163)
    Chief, Civil Division
3   KENNETH BRAKEBILL (CABN 196696)
    Assistant United States Attorney
4         450 Golden Gate Avenue, Box 36055
          San Francisco, California 94102-3495
5         Telephone: (415) 436-7167
          Facsimile: (415) 436-7169
6         Kenneth.Brakebill@usdoj.gov

7   Attorneys for the United States of America

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                        OAKLAND DIVISION

11

12  WILBUR P.G., et al.,                    )   CASE NO. 4:21-cv-4457-KAW
                                            )
13            Plaintiffs,                   )   **UNOPPOSED ADMINISTRATIVE MOTION**
                                            )   **FOR PROTECTIVE ORDER RELIEF;**
14       v.                                 )   **DECLARATION OF KENNETH BRAKEBILL;**
                                            )   **[PROPOSED] PROTECTIVE ORDER**
15  UNITED STATES OF AMERICA,               )
                                            )
16            Defendant.                    )
                                            )   The Hon. Kandis A. Westmore
17  _____

18

19

20

21

22

23

24

25

26

27

28

**ADMINISTRATIVE MOTION**

Pursuant to Civil Local Rule 7-11, Defendant respectfully requests that the Court enter a Protective Order to permit the disclosure of confidential information in this case. Beginning with the parties' Rule 26(f) conference, the parties discussed entering into a protective order that would efficiently facilitate disclosures and production, including tens of thousands of pages of documents originating from multiple government agencies in two related lawsuits in the District Court of Arizona and additional government documentation concerning the separation, detention during separation, and reunification of Plaintiffs. The parties proposed in their Joint Case Management Conference Statement to use the stipulated protective orders from those two District of Arizona actions, supplemented with a few modifications, and at the initial Case Management Conference the Court directed the parties to meet and confer and then present through an administrative motion a request to modify the Northern District of California Model Protective Order ("MPO").  The parties have met and conferred and agreed to a protective order, and Defendant hereby submits an unopposed administrative motion that (1) requests that the Court enter the parties' stipulated Protective Order as an order and (2) explains the reasoning for each proposed modification to the MPO.[1]

The parties' proposed stipulated Protective Order – attached hereto as Exhibit B to the Brakebill Declaration – is the product of significant collaborative efforts between counsel for Plaintiffs and Defendant over the course of many weeks to present a mutually acceptable protective order that uses the provisions and procedures of the MPO while also narrowly tailoring that order to reflect the nature of the documents at issue in this case and the significant discovery efforts that have already been undertaken in the District of Arizona lawsuits. *See* Brakebill Decl. ¶¶ 2-10. This case involves disclosures relating to the creation, development and implementation of agency policies by national-level policymakers, as well as agency officials and employees at the regional or local level who may have been involved operationally in carrying out these policies; and immigration-specific information for Plaintiffs, including Alien Files, I-213s and detention documentation. *See* ECF No. 47 at 5. Nearly

---

[1] While this administrative motion for protective order relief is brought by the government, through the meet and confer process Plaintiffs agreed to the entry of the protective order for which this motion seeks to enter and do not oppose the government's motion. *See* Declaration of Kenneth Brakebill ("Brakebill Decl.") ¶¶ 13-14.

60,000 pages of related documents were produced in the District of Arizona cases pursuant to an extensively-negotiated stipulated protective order, as well as a corollary evidentiary order. *See* Brakebill Decl., Exh. C (Declaration of Jim McConnon ("McConnon Decl.")) ¶ 5; Stipulated Protective Order, *A.P.F. et al. v. United States*, Civil Action No. CV20-00065-PHX-SRB ("*A.P.F.*"), ECF No. 45; Federal Rule of Evidence 502(e) Order, *C.M. v. United States*, Civil Action No. 2:19-CV-05217-SRB ("*C.M.*"), ECF No. 56. In addition, multiple federal agencies of Defendant have been collecting other documentation concerning the separation, detention during separation, and reunification of Plaintiffs. *See* Brakebill Dec. ¶ 15. The parties' proposed Protective Order balances the sensitivities of this documentation with the need for efficient and timely disclosure.

The parties' modifications to the MPO fall into one of several categories:

1. DEFINITIONS. The DEFINITIONS section of the MPO is expanded in three ways. First, "CONFIDENTIAL Information" in Section 2.2 is modified to include asylum and immigration-related information and proceedings, law enforcement-related information, and information protected by the Privacy Act. *See* McConnan Decl. ¶ 2; Brakebill Decl. ¶ 7. These additions, which were discussed at the initial Case Management Conference (*see* Brakebill Decl. ¶ 4), are found in the protective orders entered in *C.M.* and *A.P.F.*, and are included in the MPO modifications for consistency with those pieces of litigation in which common document productions have already been made. *See* McConnon Decl. ¶ 2. Second, the parties edited the provisions in the MPO for "Counsel," "House Counsel," "Outside Counsel of Record" and "Party" to eliminate references to in-house and outside counsel for corporations, which are not involved in this case, [2] and to add counsel for the applicable federal departments and agencies, which are involved in this case. *See* Brakebill Decl., Exh. A at §§ 2.3, 2.7, 2.9, 2.10; *see also* Brakebill Decl. ¶ 9. Third, Plaintiffs proposed, and the government accepted, a proposed modification to Section 2.12 to make clear that both interpreters and translators – which may be used for Plaintiffs in this case – are considered "Professional Vendors." *See* Brakebill Decl. ¶ 12.

2. Parties That Can Receive Confidential Information. The government proposed, and Plaintiffs

---

[2] For the same reasons, the parties' stipulated Protective Order in Section 7(a) excises the word "Outside" from "Outside Counsel of Record" and in Section 7(b) eliminates "officers" and "directors" and "House Counsel" since the plaintiffs in this case are not corporations and there are no officers, directors or in-house counsel.

1   agreed, to modify Section 7.2(c) of the MPO to make clear that individuals that already had authorized

2   access to any Confidential Information by virtue of their government positions, which is the posture of

3   this case, continue to have permission to access this information. *See* McConnon Decl. ¶ 3. In addition,

4   government proposed, and Plaintiffs agreed, to modify Section 7.2(e) of the MPO to confirm that any

5   appointed judicial officer for purposes of settlement would be authorized to receive Confidential

6   Information. *See id.* These provisions are consistent with the protective orders in *C.M.* and *A.P.F. See*

7   McConnon Decl. ¶ 3.

8         3. <u>Markings for Common Discovery Documents</u>. The government proposed, and Plaintiffs

9   agreed, to modify Section 5.2(a) of the MPO to enable Defendant's as-is production of tens of thousands

10  of pages from the *C.M.* and *A.P.F.* cases ("Common Discovery") while also providing a procedure to

11  de-designate and challenge pages marked "CONFIDENTIAL" in those cases where those pages do not

12  identify the protected portions thereof. *See* Brakebill Decl. ¶ 8. The reason for this proposed

13  modification is to account for the fact that the Common Discovery documents produced in *C.M.* and

14  *A.P.F.* do no notate the protected portions in the page margins, a methodology that the parties in those

15  cases agreed to after an extensive ESI and review process that resulted in the production of

16  approximately 60,000 pages. *Id*. The proposed modification provides that for the Common Discovery

17  documents from *C.M.* and *A.P.F.*, the parties will meet and confer as necessary to address de-

18  designating any confidentiality markings, and ultimately any challenges will be governed by the MPO's

19  Section 6. *Id.* By adding this proposed modification, the government will be able to produce the

20  Common Discovery documents to Plaintiffs as soon as the revised MPO is entered in this case, and there

21  will not be the significant delay that would result by the government having to re-review those

22  approximately 60,000 pages of documents to add annotations before production. *Id.*; *see also* McConnon

23  Decl. ¶ 5. For any new production documents above and beyond the *C.M.* and *A.P.F.* Common

24  Discovery documents, the parties plan to follow the MPO's markings procedure. *See* Brakebill Decl. ¶ 8.

25        4. <u>Scope of the Protective Order</u>. The SCOPE section of the MPO is expanded in a few ways.

26  First, the government proposed, and Plaintiffs agreed, to add "properly" to the MPO in Section 3(a). *See*

27  Brakebill Decl., Exh. A § 3(a). The reason for the addition of this word, which is contained in the *C.M.*

28  and *A.P.F.* protective orders, is to provide protection for information in disclosures that is not "properly"

in the public domain. If some piece of information has come into the public domain through improper means, the government wants to maintain the confidentiality protections that would otherwise inhere in those documents. *See* Brakebill Decl. ¶ 11. Second, the parties agreed to changes in Sections 3(b), (c), (d) and (e) to be consistent with the *C.M.* and *A.P.F.* cases. *See* Brakebill Decl. ¶¶ 7, 10. These changes provide clarity to the parties and the Court as to the specific pre-trial proceedings to which the Protective Order applies; confirm that the Protective Order binds non-parties; enables provisions for further protections for highly sensitive information upon stipulation or motion; and otherwise provide for consistency with the litigation in which production of Common Discovery documents have already been made. *See* McConnon Decl. ¶ 4.

5. <u>Inadvertent Production Procedures</u>. The parties agreed to supplemental language relating to the inadvertent production of privileged or otherwise confidential information. First, the government proposed, and Plaintiffs agreed, to add language in Section 11(a) that would make clear that no provision in the Protective Order would be deemed a waiver of any applicable privilege, right of privacy, or proprietary interest. *See* Brakebill Decl. ¶ 7. This addition is consistent with the protective orders in the *C.M.* and *A.P.F.* cases. *See* McConnan Decl. ¶ 6. Second, the government proposed, and Plaintiffs agreed, to add Section 11(b) for a specific notice procedure for handling inadvertent productions, used in the *C.M.* and *A.P.F.* cases. *See* Brakebill Decl. ¶ 7; McConnon Decl. ¶ 6. Third, Plaintiffs proposed, and the government agreed, to alter the MPO language of Section 11(c) referencing use of a Federal Rule of Evidence 502(d) or (e) order. *See* Brakebill Decl. ¶¶ 10-11. The MPO contemplates such an order, and the parties in this case have agreed to use the substance of the Rule 502(d) Order from *A.P.F. See* McConnon Decl ¶ 7; Brakebill Decl. ¶ 16. The purpose of the change to the MPO is to note that the parties had reached an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, and that agreement would be incorporated into the stipulated protective order by reference and concurrently submitted to the Court. *See* Brakebill Decl. ¶ 10. The changes in Section 11(c) are consistent with the approach in *C.M.* and *A.P.F.* to use such an order to expedite discovery and save costs in matters involving large volumes of documents and ESI, by reducing or eliminating the risk that disclosure will result in waiver of privileges. *See* McConnon Decl. ¶ 7. Defendant will file the parties' agreed-upon

1  proposed Rule 502(d) Order after the instant motion is filed. *See* Brakebill Decl., Exh. D (Proposed Rule

2  502(e) Order).

3      6. <u>Disclosure in Open Court</u>. The government proposed, and Plaintiffs agreed with further

4  proposed modifications, to add a Section 12.4 to the MPO as it relates to use of Confidential Information

5  in open court. *See* Brakebill Decl. ¶¶ 7, 10, 11. The supplemental language provides a specific notice

6  provision that is lacking in the MPO and, thus, provides clarity to the parties and the Court when a party

7  determines it has a need to disclose in open court. The changes are consistent with the protective orders

8  in *C.M.* and *A.P.F.*, which set forth the procedures to follow if the need arises to disclose Confidential

9  Information in an open court hearing, and provide for consistency with the District of Arizona litigation

10  in which document productions have already been made. *See* McConnon Decl. ¶ 8. The parties'

11  proposed language in new Paragraph 12.4 does not apply to filing documents to the docket; such filings

12  are governed by Local Civil Rule 79-5.

13      7. <u>Personal Identifying Information</u>. The government proposed, and Plaintiffs agreed, to add a

14  Section 12.5 to the MPO to confirm that the parties have the authority to produce documents containing

15  personal identifying information (PII) and that documents containing PII are to be treated as

16  Confidential: Subject to Protective Order even if not marked as such, so as to provide additional

17  protection to such sensitive information that will be produced in this case. *See* McConnon Decl. ¶ 9;

18  Brakebill Decl. ¶ 7. This provision is consistent with the protective orders in *C.M.* and *A.P.F*. *See*

19  McConnon Decl. ¶ 9.

20      8. <u>Later Joined Parties</u>. The government proposed, and Plaintiffs agreed, to add a Section 12.6 to

21  make clear the conditions that must be met before later joined parties may have access to Confidential

22  Information and to provide clear and adequate procedures to protect such Confidential Information if

23  such a situation arises. *See* McConnon Decl. ¶ 10; Brakebill Decl. ¶ 7. This provision is consistent with

24  the protective orders in *C.M.* and *A.P.F*. *See* McConnon Decl. ¶ 10.

25      9. <u>Government Maintenance of Records</u>. The government proposed, and Plaintiffs agreed, to

26  supplement the FINAL DISPOSITION section of the MPO to permit attorneys with the United States to

27  maintain records with Confidential Information consistent with 44 U.S.C. § 3101, *et seq*., and 5 U.S.C. §

28  552, *et seq*., and to ensure compliance with applicable document retention laws and policies. See

McConnan Decl. ¶ 11; Brakebill Decl. ¶ 7. This provision is consistent with the protective orders in

*C.M.* and *A.P.F. See* McConnon Decl. ¶ 11.

Defendant's unopposed administrative motion complies with the Court's Standing Order

concerning protective orders. That order states:

> 12. <u>Protective Orders</u>: If parties believe a protective order is necessary,
> they shall, where practicable, use one of the model stipulated protective
> orders (available at https://cand.uscourts.gov/forms/model-protective-
> orders/). Parties shall file one of the following with their proposed
> protective order: (a) a declaration stating that the proposed order is
> identical to one of the model orders except for the addition of case-
> identifying information or the elimination of language denoted as optional;
> (b) a declaration explaining each modification to the model order, along
> with a redline version comparing the proposed protective order with the
> model order; or (c) a declaration explaining why use of one of the model
> orders is not practicable.

STANDING ORDER FOR MAGISTRATE JUDGE KANDIS A. WESTMORE (Revised Nov. 8,

2021), ¶ 12.  In accordance with this provision, the parties utilized the MPO as a starting point, and

attempted to modify only those provisions that they deemed necessary to this case. Further to the

Court's Standing Order requirement, this motion contains: (1) two declarations that together explain

each modification to the MPO (*see* Brakebill Decl., Exh. C (McConnon Decl.) ¶¶ 2-11; Brakebill Decl.

¶¶ 6-12); (2) a redline of the MPO that compares the parties' proposed Protective Order with the model

order (*see* Brakebill Decl., Exh. A); and (3) a clean version of the stipulated Protective Order proposed

by the parties to be entered in this case (*see* Brakebill Decl., Exh. B).

Accordingly, Defendants hereby submit the instant unopposed administrative motion and

respectfully request that the Court enter the accompanying proposed Protective Order. Upon the Court's

entry of the thereof, Defendant will promptly begin its disclosures of confidential information in this

matter.

Dated: September 6, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

 /s/ *Kenneth Brakebill*
Kenneth Brakebill
Assistant United States Attorney

Counsel for Defendant

# DECLARATION OF KENNETH BRAKEBILL

I, Kenneth Brakebill, declare and state as follows:

1.      I am an Assistant United States Attorney in the Northern District of California and counsel of record for Defendant United States of America ("Defendant") in the above-captioned action.

2.      On May 31, 2022, counsel for Plaintiffs (Travis Silva and Christopher Sun) and I held a Rule 26(f) conference and, among other things, began the meet and confer process on the entry of a protective order for this matter in order to facilitate production of confidential information. We discussed the possibility of using the protective order entered in *A.P.F. et al. v. United States*, Civil Action No. 20-cv-00065-PHX-SRB (D. Ariz.) ("*A.P.F.*"), and *C.M. v. United States*, Civil Action No. 19-cv-05217-PHX SRB (D. Ariz.) ("*C.M.*"), two lawsuits initiated in the District of Arizona in 2019 and 2020, respectively, against the United States by families separated at the U.S.-Mexico border. In those cases, following extensive negotiations between the parties, the Court entered stipulated protective orders that enabled the government to produce tens of thousands of pages of documents originating from multiple government agencies.

3.      Following our Rule 26(f) conference, on May 31, 2022 I emailed a copy of the protective order in the *C.M.* case to Mr. Silva for review by Plaintiffs' counsel. In the ensuing week, Mr. Silva and I exchanged a series of emails about making a few modifications to the *C.M.* and *A.P.F.* protective orders, including adopting the Northern District of California's procedure for filing confidential documents under seal and using the Northern District of California's burden of persuasion in a proceeding involving a challenge to a confidential designation. My communications with Mr. Silva culminated in an agreement by the parties in this case to use the *C.M.* protective order that incorporated these modifications. Our discussions and agreement were summarized in the parties' June 7, 2022 Initial Joint Case Management Statement:

> Finally, the parties discussed the entry of an appropriate protective order that would permit the parties to make the document disclosures and discovery contemplated by their plan. A significant amount of document discovery has occurred in the *C.M.* and *A.P.F.* cases pending in the District of Arizona, including ESI searches of DHS, CBP, ICE, HHS and DOJ custodians for information relating to the creation, development and implementation of agency policies that resulted in family separations at the United States-Mexico border. These searches were designed to cover national-level policymakers and agency officials and employees who may have been involved operationally in carrying out these policies. Nearly

1
2

sixty thousand pages of documents were produced pursuant to an extensively-negotiated stipulated protective order entered by the Arizona district court.

3
4
5
6
7
8
9

Plaintiffs and Defendant propose to use that protective order (and a corollary evidentiary order entered by the Arizona district court) in this case so as to efficiently facilitate disclosures and production in this case. *See* Exhibit A attached hereto (Stipulated Protective Order, *A.P.F. et al. v. United States*, Civil Action No. CV20-00065-PHX-SRB, ECF No. 45); Exhibit B attached hereto (Federal Rule of Evidence 502(e) Order, *C.M. v. United States*, Civil Action No. 2:19-CV-05217-SRB, ECF No. 56). The parties will make two modifications to Exhibit A: (1) to replace the references to the Arizona local rules (in particular with regard to filing documents under seal) with references to the N.D. Cal local rules, and (2) to modify Exhibit A's Paragraph D(10) to include the following sentence in this District's model protective order: "The burden of persuasion in any such challenge proceeding shall be on the Designating Party."

10  ECF No. 47 at 6-7. The parties addressed that there is a Model Protective Order in the Northern District

11  of California and stated that "at the Court's request the parties can present a joint or unopposed motion

12  for a protective order explaining the reasons for the modifications to the model order." *Id.* at 7.

13          4.      On June 14, 2022, the Court conducted the Initial Case Management Conference in this

14  case. Among other things, the Court, Mr. Silva and I discussed the entry of a protective order. That

15  discussion ended in the Court directing the parties to meet and confer and then present through a motion

16  for administrative relief a request to modify the Northern District of California Model Protective Order,

17  redlining that order to show what changes the parties desired and any reasons therefor. One such

18  modification that the parties and the Court specifically discussed at the CMC hearing was incorporating

19  the definition of "Confidential Information" used in the *C.M.* and *A.P.F.* protective orders, which had

20  been extensively vetted by the government and the parties in those cases. Counsel agreed to meet and

21  confer and to present the proposed modifications to the Court.

22          5.      On June 16, 2022, Mr. Silva and I corresponded by email and agreed that the parties

23  would begin the meet and confer process by Defendant presenting a redlined version of the Northern

24  District of California Model Protective Order, inserting any provisions from the District of Arizona

25  protective orders that the government desired, including the provision detailing the types of

26  "Confidential Information" that would be protected under any protective order in this case. I also agreed

27  to identify a government declarant whose declaration would accompany the motion in an effort to

28  explain the proposed modifications.

6.     On July 1, 2022, I emailed Mr. Silva a redlined Model Protective Order noting the Defendant's proposed changes to the Model Protective Order.

7.     On July 18, 2022, Mr. Silva emailed me Plaintiffs' redlines to the government's July 1, 2022 proposal. Plaintiffs agreed to most of Defendant's proposed modifications to the Model Protective Order. For example, Plaintiffs agreed to altering the Model Protective Order to add certain provisions from the *C.M.* and *A.P.F.* protective orders: (1) what constitutes Confidential Information (*see* Section 2.2(a) through (h)); (2) the scope of the protective order to include (i) the application of the protective order to Protected Material produced by third-parties (*see* Section 3(b)), (ii) a provision enabling the establishment of an additional category of protection (*e.g.*, Attorneys' Eyes Only) for highly-sensitive information (*see* Section 3(c)), (iii) a provision that the protective order in this case would be deemed a "qualified protective order" within the meaning of 45 C.F.R. § 164.512(e)(1)(v) and that all patient identifiable information shall be designated "confidential" and also be used and disclosed under the provision of that regulation (*see* Section 3(d)), and (iv) the continued application of the protective order after termination of this action and the termination of employment of any person who has had access to any Protected Material (*see* Section 3(e)); (3) various provisions concerning the inadvertent production of privileged or otherwise protected documents (*see* Section 11(a) and (b)); and (4) provisions concerning the need to disclose Confidential Information in open court (*see* Section 12.4), authorizations for the government to produce personal identifying information with CONFIDENTIAL designations (*see* Section 12.5), the applicability of the protective order to parties later joined (*see* Section 12.6), and the authorization of the government to maintain Confidential documents, or summaries thereof, in their case files subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.* (see Section 13).

8.     Plaintiffs' July 18, 2022 redlines reflected their agreement with the government's proposed modification to Section 5.2(c) of the Model Protective Order that would enable Defendant's as-is production of tens of thousands of pages from the *C.M.* and *A.P.F.* cases ("Common Discovery") while also providing a procedure to de-designate and challenge pages marked "CONFIDENTIAL" in those cases where those pages do not identify the protected portions thereof. The reason for this proposed modification is to account for the fact that the Common Discovery documents produced in *C.M.* and *A.P.F.* do no notate the protected portions in the page margins, a methodology that the parties

in those cases agreed to after an extensive ESI and review process that resulted in the production of approximately 60,000 pages. The proposed modification provides that for the Common Discovery documents from *C.M.* and *A.P.F.*, the parties will meet and confer as necessary to address de-designating any confidentiality markings, and ultimately any challenges will be governed by the Model Protective Order's Section 6. By adding this proposed modification, the government will be able to produce the Common Discovery documents to Plaintiffs as soon as the revised Model Protective Order is entered in this case, and there will not be the significant delay that would result by the government having to re-review those approximately 60,000 pages of documents to add annotations before production. For any new production documents above and beyond the *C.M.* and *A.P.F.* Common Discovery documents, the parties plan to follow the Model Protective Order's markings procedure.

9.      Plaintiffs' July 18, 2022 redlines further reflected their agreement with the government's proposed modifications to certain provisions in the Model Protective Order to eliminate references to in-house and outside counsel for corporations, which are not involved in this case, and to add counsel for the applicable federal departments and agencies, which are involved in this case. *See* Sections 2.3, 2.7, 2.9, 2.10.

10.      Plaintiffs' July 18, 2022 redlines proposed several modifications to the government's proposal. For example, whereas the government had proposed a provision from the *C.M.* and *A.P.F.* protective orders whereby the protective order in this case would govern any use of Protective Material in trial or post-trial proceeding until a separate agreement or order is entered, Plaintiffs modified that clause to use the Model Protective Order's language on "Confidential Information" at trial. *See* Section 3(b) (noting the protective order applies to discovery and pre-trial proceedings and that any use of Protected Material at trial shall be governed by a separate agreement or order). In addition, Plaintiffs proposed that the parties alter the Model Protective Order language of Section 11(c) on inadvertent production to specifically note that the parties had reached an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, and that agreement would be incorporated into the stipulated protective order by reference and concurrently submitted to the Court. *See* Section 11(c). Also, Plaintiffs proposed notice periods for the parties to disclose Confidential Information in open court, while confirming that filings would still be governed by

Local Civil Rule 79-5. *See* Section 12.4.

11.     On July 28, 2022, I emailed Mr. Silva the government's response to Plaintiffs' July 18, 2022 redlines. Defendant agreed to all of Plaintiffs' proposed modifications with two notable exceptions. First, with regard to the scope of the protective order, Plaintiffs had stricken the word "properly" added by the government to the Model Protective Order in Section 3(a). I explained that this word, which was added in the *C.M.* and *A.P.F.* protective orders, is important to the government to provide protection for information in disclosures that is not properly in the public domain; if some piece of information has come into the public domain through improper means, the government wants to maintain the confidentiality protections that would otherwise inhere in those documents. Second, I provided a slight modification to Plaintiffs' proposed notice periods in Section 12.4 for the parties to disclose Confidential Information in open court.

12.     On August 3, 2022, Mr. Silva responded to my July 28, 2022 communication. He noted that Plaintiffs accepted all of the government's proposed modifications from July 28, 2022 and also inserted one new redline to make clear that both interpreters and translators are "Professional Vendors" in Section 2.12.

13.     On August 9, 2022, I communicated to Mr. Silva that the government accepted his change to Section 2.12, and I attached the final version of the parties' agreed-upon redlined Model Protective Order. I outlined the logistics for filing an administrative motion for protective order relief along the lines we had discussed with the Court at our Initial Case Management Conference and offered to draft the motion and pull together the supporting declarations. I also asked that he agree that I could frame the motion for administrative relief as unopposed. I told him that I would make it clear that while it would be the government's motion, I would represent that Plaintiffs agree to the entry of the protective order we had agreed upon during our meet and confer process.

14.     On August 10, 2022, Mr. Silva responded that Plaintiffs do not oppose the government's administrative motion for protective order relief.

15.     Since the Case Management Conference hearing in this case held on June 14, 2022, multiple federal agencies of Defendant have been collecting documentation concerning the separation, detention during separation, and reunification of Plaintiffs.

16.     On September 2, 2022, I emailed Mr. Silva a copy of the Rule 502(d) Order we had agreed to and attached to our Joint CMC statement. On September 3, 2022, Mr. Silva proposed adding a single sentence: "Except as expressly specified in this Order, nothing in this Order prohibits any party from arguing that a document produced in this litigation is not subject to any of the foregoing privileged or protections." On September 6, 2022, I replied to Mr. Silva that Defendant agreed to his change. Attached hereto as Exhibit D is the parties' agreed-upon proposed Rule 502(d) Order, which Defendant will separately lodge with the Court after the instant motion is filed.

17.     Attached hereto as Exhibit A is a true and correct copy of the parties' agreed-upon redlined Model Protective Order. This document shows the proposed modifications that the parties agreed to during the aforementioned meet and confer process.

18.     Attached hereto as Exhibit B is a true and correct copy of the parties' "clean" proposed protective order to be entered in this case through Defendant's instant Administrative Motion for Protective Order Relief. This document is the same as Exhibit A with the exception that the redlines in Exhibit A have been accepted.

19.     Attached hereto as Exhibit C is a true and correct copy of the Declaration of Jim McConnon in support of Defendant's Administrative Motion for Protective Order Relief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  September 6, 2022          _/s/ Kenneth Brakebill_____
                                   KENNETH BRAKEBILL
                                   Assistant United States Attorney

# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILBUR P.G., et al.,

                   Plaintiffs,

       v.

UNITED STATES OF AMERICA,

                 Defendant.

Case No. 4:21-cv-4457-KAW

MODEL STIPULATED
PROTECTIVE ORDER
(for standard litigation)

1.     <u>PURPOSES AND LIMITATIONS</u>

       Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     <u>DEFINITIONS</u>

     2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

     2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

Civil Procedure 26(c) and that are designated confidential by the Producing Party because of a good faith belief that the information is:

(a) a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G);

(b) personal financial, medical or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2., including any document, information, or tangible thing protected by the provisions of the Family and Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. Part 99; certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number, or other identifying number, including Health Insurance Claim (HIC) number) that may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a; the provisions of 45 C.F.R. §§ 164.102-164.534 (regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA)); or health information for which there may be no waiver by the patient to produce the records to an entity outside one of the Parties;

(c) information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a;

(d) information contained in individual detainee files (e.g., "A Files") that would be protected by the Privacy Act or any other information or documents that would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or a person lawfully admitted for permanent residence;

(e) plaintiffs' administrative claims (Standard Form 95 or "SF-95") and attachments to those claims;

(f) sensitive information about Defendant's law enforcement or national security staffing, resources, intelligence and/or methods (including the names and contact information of third parties, and non-supervisory federal and non-federal employees), the release of which to the public may adversely impact identifiable law enforcement or national security interests;

(g) information pertaining to applications for asylum or withholding of removal, which are subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a), as well as

information pertaining to: (1) applications for Temporary Protected Status under 8 U.S.C. § 1254a; and (2) information that relates to an alien who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), (15)(U), (51) or 1229b(b)(2); and

(h) any other information that is protected or restricted from disclosure by Court order, statutes, rules or regulations, including, but not limited to: 8 U.S.C. §§ 1160(b)(5); 1186a(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.11(e), 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, 1208.6, 28 C.F.R. § 0.29f, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

2.3     Counsel (without qualifier): Outside Counsel of Record for Plaintiffs and Defendant and, for Defendant, Counsel for the applicable federal Departments and Agencies House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on

3

1    ~~behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.~~

2    2.10    Party: any party to this action, including all of its ~~officers, directors,~~ employees, consultants, retained

3    experts, and ~~Outside~~ Counsel of Record (and their support staffs).

4    2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery

5    Material in this action.

6    2.12    Professional Vendors: persons or entities that provide litigation support services (e.g.,

7    photocopying, videotaping, translating/interpretation, preparing exhibits or demonstrations, and

8    organizing, storing, or retrieving data in any form or medium) and their employees and

9    subcontractors.

10    2.13    Protected Material: any Disclosure or Discovery Material that is designated as

11    "CONFIDENTIAL."

12    2.14    Receiving Party: a Party that receives Disclosure or Discovery Material from a

13    Producing Party.

14    3.    SCOPE

15    (a) The protections conferred by this Stipulation and Order cover not only Protected

16    Material (as defined above), but also (1) any information copied or extracted from Protected

17    Material; (2) all copies, excerpts, summaries, paraphrases or compilations of Protected Material; and

18    (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal

19    Protected Material. However, the protections conferred by this Stipulation and Order do not cover

20    the following information: (~~a~~i) any information that is properly in the public domain at the time of

21    disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a

22    Receiving Party as a result of publication not involving a violation of this Order, including becoming

23    part of the public record through trial or otherwise; and (~~b~~ii) any information known to the Receiving

24    Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source

25    who obtained the information lawfully and under no obligation of confidentiality to the Designating

26    Party.

27    (b) This Stipulation and Order applies to discovery and pre-trial proceedings in this

28    action, whether the Protected Material is produced by a party or by a person or entity who is not a

4

party to this action (a "non-party").  This Order binds the parties and their respective agents, successors, personal representatives, and assignees. Any use of Protected Material at trial shall be governed by a separate agreement or order.

(c) If the Protected Material contains highly sensitive information, then the Parties may stipulate or the Producing Party may move for the establishment of an additional category of protection (e.g., Attorneys' Eyes Only) that prohibits disclosure of such information in that category, or that limits disclosure only to specifically designated counsel, Party representative(s) whose assistance is reasonably necessary to the conduct of these cases, and who agree to be bound by the terms of the Order provided herein or as revised with respect to such information.

(d) The Court finds that this Order is a "qualified protective order" within the meaning of 45 C.F.R. § 164.512(e)(1)(v).  All patient identifiable information shall be designated "confidential" using the process in Section C of this Protective Order and may be used or disclosed in accordance with the terms of this Protective Order and 45 C.F.R. § 164.512(e)(1)(v).

(e) Neither the termination of this action nor the termination of employment of any person who has had access to any Protected Material shall relieve such person of his or her obligations under this Protective Order, which shall survive.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or

oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). To the extent that documents produced in other district court actions subject to protective orders entered by those courts ("Other District Court Actions") are produced in this action, where pages marked "CONFIDENTIAL" in the productions of these Other District Court Actions do not identify the protected portions thereof, the parties shall meet and confer as necessary to address de-designating any "CONFIDENTIAL" markings. Plaintiffs do not waive their rights to challenge the confidentiality designations in specific documents produced from the Other District Court Actions. Any challenges shall be governed by Section 6 of this Order.

A Party or Non-Party that makes original documents or materials available for inspection need not

6

designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original

1  designation is disclosed.

2      6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process

3  by providing written notice of each designation it is challenging and describing the basis for each

4  challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

5  recite that the challenge to confidentiality is being made in accordance with this specific paragraph

6  of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

7  begin the process by conferring directly (in voice to voice dialogue; other forms of communication

8  are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging

9  Party must explain the basis for its belief that the confidentiality designation was not proper and

10  must give the Designating Party an opportunity to review the designated material, to reconsider the

11  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

12  designation. A Challenging Party may proceed to the next stage of the challenge process only if it

13  has engaged in this meet and confer process first or establishes that the Designating Party is

14  unwilling to participate in the meet and confer process in a timely manner.

15      6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court

16  intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil

17  Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the

18  initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process

19  will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a

20  competent declaration affirming that the movant has complied with the meet and confer

21  requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a

22  motion including the required declaration within 21 days (or 14 days, if applicable) shall

23  automatically waive the confidentiality designation for each challenged designation. In addition, the

24  Challenging Party may file a motion challenging a confidentiality designation at any time if there is

25  good cause for doing so, including a challenge to the designation of a deposition transcript or any

26  portions thereof. Any motion brought pursuant to this provision must be accompanied by a

27  competent declaration affirming that the movant has complied with the meet and confer

28  requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's ~~Outside~~ Counsel of Record in this action, as well as employees of said ~~Outside~~ Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the ~~officers, directors, and~~ employees ~~(including House Counsel)~~ of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Any person with prior authorized access to the Confidential Information;

(~~e~~d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

9

reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(de) the court (including any judicial officer to whom this Court may refer this matter for settlement purposes) and its personnel;

(ef) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(fg) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(gh) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena

or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

11

seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL

        (a) Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

        (b) If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information  subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as Exhibit A; and (c) within five calendar days notify the Producing Party and all other parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent

any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

(c) This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. The parties have, ~~p~~Pursuant to Federal Rule of Evidence 502(d) and (e), ~~insofar as the parties~~ reach~~ed~~ an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, and that agreement, which the parties concurrently submit to the Court, is incorporated into this stipulated protective order by reference. ~~the parties may incorporate their agreement in the stipulated protective order submitted to the court.~~

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

12.4    Need to disclose in Open Court. If the need arises for any Party to disclose

13

Confidential Information in a proceeding in open Court or at any hearing or trial, it may do so only after giving notice to the Producing Party, with such notice to be provided in not less than five (5) business days prior to the hearing except upon a showing of good cause. Producing Party, after a good faith effort to meet-and-confer, may seek additional relief from the Court.  If the Court schedules a hearing to occur less than five (5) business days from the date the hearing is scheduled, the notice contemplated by this Section shall be accomplished within twenty-four (24) hours, or as soon as practicable.  The notice contemplated by this Section for purposes of a Party who asserts the need to disclose Confidential Information at trial may be accomplished by provision of a pre-trial exhibit list and resolution of any objection by the Court at a Pretrial Conference. This Paragraph 12.4 does not apply to filing documents to the docket; such filings are governed by Local Civil Rule 79-5.

12.5    Privacy Act. The United States is authorized to produce personal identifying information contained within electronically stored information or hard copy documents.  Any electronically stored information or hard copy documents containing such personal identifying information will be deemed Confidential Information, regardless of whether the electronically stored information or hard copy documents are marked with a "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" legend designating the information as Confidential Information.

12.6    Applicability to Parties Later Joined. If additional persons or entities become parties to this Action, they must not be given access to any Confidential Information until they execute and file with the Court their written agreement to be bound by the provisions of this Order.

13.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION). In particular, attorneys for the United States may maintain copies of any documents designated Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential Information in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: _____ _____
                                                   Attorney for Plaintiff
                                                   KEKER, VAN NEST & PETERS LLP

                                                   */s/ Travis Silva*
                                                   BROOK DOOLEY
                                                   TRAVIS SILVA
                                                   CHRISTOPHER S. SUN
                                                   Attorneys for Plaintiffs


                                                   LAWYERS' COMMITTEE FOR CIVIL
                                                   RIGHTS OF THE SAN FRANCISCO BAY
                                                   AREA

                                                   */s/ Victoria Petty*
                                                   BREE BERNWANGER
                                                   VICTORIA PETTY
                                                   Attorneys for Plaintiffs

1  DATED: _____  _____

2  Attorney for Defendant
   STEPHANIE M. HINDS

3  United States Attorney

4  /s/ Kenneth W. Brakebill
   KENNETH W. BRAKEBILL

5  Assistant United States Attorney
   Attorneys for Defendant

6

7

8  PURSUANT TO STIPULATION, IT IS SO ORDERED.

9

10  DATED: _____  _____

11  U.S. Magistrate Judge Kandis A. Westmore

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ *WILBUR P.G., et al. v. UNITED STATES OF AMERICA*, Case No. 4:21-cv-4457-KAW **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

17

# Exhibit B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILBUR P.G., et al.,

                                    Plaintiffs,

           v.

UNITED STATES OF AMERICA,

                                    Defendant.

Case No. 4:21-cv-4457-KAW

STIPULATED
PROTECTIVE ORDER

1.     <u>PURPOSES AND LIMITATIONS</u>

        Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     <u>DEFINITIONS</u>

        2.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

        2.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

Civil Procedure 26(c) and that are designated confidential by the Producing Party because of a good faith belief that the information is:

(a) a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G);

(b) personal financial, medical or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2., including any document, information, or tangible thing protected by the provisions of  the Family and Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. Part 99; certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number, or other identifying number, including Health Insurance Claim (HIC) number) that may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a; the provisions of 45 C.F.R. §§ 164.102-164.534 (regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA)); or health information for which there may be no waiver by the patient to produce the records to an entity outside one of the Parties;

(c) information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a;

(d) information contained in individual detainee files (e.g., "A Files") that would be protected by the Privacy Act or any other information or documents that would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or a person lawfully admitted for permanent residence;

(e) plaintiffs' administrative claims (Standard Form 95 or "SF-95") and attachments to those claims;

(f) sensitive information about Defendant's law enforcement or national security staffing, resources, intelligence and/or methods (including the names and contact information of third parties, and non-supervisory federal and non-federal employees), the release of which to the public may adversely impact identifiable law enforcement or national security interests;

(g) information pertaining to applications for asylum or withholding of removal, which are subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a), as well as

information pertaining to: (1) applications for Temporary Protected Status under 8 U.S.C. § 1254a; and (2) information that relates to an alien who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), (15)(U), (51) or 1229b(b)(2); and

(h) any other information that is protected or restricted from disclosure by Court order, statutes, rules or regulations, including, but not limited to: 8 U.S.C. §§ 1160(b)(5); 1186a(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.11(e), 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, 1208.6, 28 C.F.R. § 0.29f, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

2.3     Counsel: Counsel of Record for Plaintiffs and Defendant and, for Defendant, Counsel for the applicable federal Departments and Agencies (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

[No 2.9]

2.10     Party: any party to this action, including all of its employees, consultants, retained experts, and Counsel of Record (and their support staffs).

2.11     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

3

2.12   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating/interpretation, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

(a) The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, paraphrases or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (i) any information that is properly in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (ii) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

(b) This Stipulation and Order applies to discovery and pre-trial proceedings in this action, whether the Protected Material is produced by a party or by a person or entity who is not a party to this action (a "non-party").  This Order binds the parties and their respective agents, successors, personal representatives, and assignees. Any use of Protected Material at trial shall be governed by a separate agreement or order.

(c) If the Protected Material contains highly sensitive information, then the Parties may stipulate or the Producing Party may move for the establishment of an additional category of

protection (e.g., Attorneys' Eyes Only) that prohibits disclosure of such information in that category, or that limits disclosure only to specifically designated counsel, Party representative(s) whose assistance is reasonably necessary to the conduct of these cases, and who agree to be bound by the terms of the Order provided herein or as revised with respect to such information.

(d) The Court finds that this Order is a "qualified protective order" within the meaning of 45 C.F.R. § 164.512(e)(1)(v).  All patient identifiable information shall be designated "confidential" using the process in Section C of this Protective Order and may be used or disclosed in accordance with the terms of this Protective Order and 45 C.F.R. § 164.512(e)(1)(v).

(e) Neither the termination of this action nor the termination of employment of any person who has had access to any Protected Material shall relieve such person of his or her obligations under this Protective Order, which shall survive.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). To the extent that documents produced in other district court actions subject to protective orders entered by those courts ("Other District Court Actions") are produced in this action, where pages marked "CONFIDENTIAL" in the productions of these Other District Court Actions do not identify the protected portions thereof, the parties shall meet and confer as necessary to address de-designating any "CONFIDENTIAL" markings. Plaintiffs do not waive their rights to challenge the confidentiality designations in specific documents produced from the Other District Court Actions. Any challenges shall be governed by Section 6 of this Order.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the

specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph

of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

      The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question

8

the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Any person with prior authorized access to the Confidential Information;

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the court (including any judicial officer to whom this Court may refer this matter for settlement purposes) and its personnel;

(f) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

9

1   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2       (g) during their depositions, witnesses in the action to whom disclosure is reasonably

3   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

4   unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

5   deposition testimony or exhibits to depositions that reveal Protected Material must be separately

6   bound by the court reporter and may not be disclosed to anyone except as permitted under this

7   Stipulated Protective Order.

8       (h) the author or recipient of a document containing the information or a custodian or

9   other person who otherwise possessed or knew the information.

10   8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

11       <u>LITIGATION</u>

12       If a Party is served with a subpoena or a court order issued in other litigation that compels

13   disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

14   must:

15       (a) promptly notify in writing the Designating Party. Such notification shall include a

16   copy of the subpoena or court order;

17       (b) promptly notify in writing the party who caused the subpoena or order to issue in the

18   other litigation that some or all of the material covered by the subpoena or order is subject to this

19   Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

20       (c) cooperate with respect to all reasonable procedures sought to be pursued by the

21   Designating Party whose Protected Material may be affected.

22       If the Designating Party timely seeks a protective order, the Party served with the subpoena

23   or court order shall not produce any information designated in this action as "CONFIDENTIAL"

24   before a determination by the court from which the subpoena or order issued, unless the Party has

25   obtained the Designating Party's permission. The Designating Party shall bear the burden and

26   expense of seeking protection in that court of its confidential material – and nothing in these

27   provisions should be construed as authorizing or encouraging a Receiving Party in this action to

28   disobey a lawful directive from another court.

1   9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
2         LITIGATION

3         (a) The terms of this Order are applicable to information produced by a Non-Party in this
4   action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in
5   connection with this litigation is protected by the remedies and relief provided by this Order.
6   Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional
7   protections.

8         (b) In the event that a Party is required, by a valid discovery request, to produce a Non-
9   Party's confidential information in its possession, and the Party is subject to an agreement with the
10  Non-Party not to produce the Non-Party's confidential information, then the Party shall:

11        (1) promptly notify in writing the Requesting Party and the Non-Party that some or all
12  of the information requested is subject to a confidentiality agreement with a Non-Party;

13        (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in
14  this litigation, the relevant discovery request(s), and a reasonably specific description of the
15  information requested; and

16        (3) make the information requested available for inspection by the Non-Party.

17        (c) If the Non-Party fails to object or seek a protective order from this court within 14
18  days of receiving the notice and accompanying information, the Receiving Party may produce the
19  Non-Party's confidential information responsive to the discovery request. If the Non-Party timely
20  seeks a protective order, the Receiving Party shall not produce any information in its possession or
21  control that is subject to the confidentiality agreement with the Non-Party before a determination by
22  the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of
23  seeking protection in this court of its Protected Material.

24  10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

25        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
26  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,
27  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized
28  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

11

inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL

(a) Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

(b) If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information  subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as Exhibit A; and (c) within five calendar days notify the Producing Party and all other parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

(c) This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. The parties have, pursuant to Federal Rule of Evidence 502(d) and (e), reached an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work

1 product protection, and that agreement, which the parties concurrently submit to the Court, is

2 incorporated into this stipulated protective order by reference.

3 12.    <u>MISCELLANEOUS</u>

4        12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek

5 its modification by the court in the future.

6        12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order

7 no Party waives any right it otherwise would have to object to disclosing or producing any

8 information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

9 Party waives any right to object on any ground to use in evidence of any of the material covered by

10 this Protective Order.

11       12.3    Filing Protected Material. Without written permission from the Designating Party or a

12 court order secured after appropriate notice to all interested persons, a Party may not file in the

13 public record in this action any Protected Material. A Party that seeks to file under seal any Protected

14 Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal

15 pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant

16 to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the

17 Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to

18 protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant

19 to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in

20 the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

21       12.4    Need to disclose in Open Court. If the need arises for any Party to disclose

22 Confidential Information in a proceeding in open Court or at any hearing or trial, it may do so only

23 after giving notice to the Producing Party, with such notice to be provided in not less than five (5)

24 business days prior to the hearing except upon a showing of good cause. Producing Party, after a

25 good faith effort to meet-and-confer, may seek additional relief from the Court.  If the Court

26 schedules a hearing to occur less than five (5) business days from the date the hearing is

27 scheduled, the notice contemplated by this Section shall be accomplished within twenty-four (24)

28 hours, or as soon as practicable.  The notice contemplated by this Section for purposes of a Party

who asserts the need to disclose Confidential Information at trial may be accomplished by provision of a pre-trial exhibit list and resolution of any objection by the Court at a Pretrial Conference. This Paragraph 12.4 does not apply to filing documents to the docket; such filings are governed by Local Civil Rule 79-5.

12.5    Privacy Act. The United States is authorized to produce personal identifying information contained within electronically stored information or hard copy documents.  Any electronically stored information or hard copy documents containing such personal identifying information will be deemed Confidential Information, regardless of whether the electronically stored information or hard copy documents are marked with a "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" legend designating the information as Confidential Information.

12.6    Applicability to Parties Later Joined. If additional persons or entities become parties to this Action, they must not be given access to any Confidential Information until they execute and file with the Court their written agreement to be bound by the provisions of this Order.

13.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies

that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION). In particular, attorneys for the United States may maintain copies of any documents designated Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential Information in their case file for this case, subject to 44 U.S.C. § 3101, *et seq*., and 5 U.S.C. § 552, *et seq*.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: _____  _____

                                KEKER, VAN NEST & PETERS LLP

                                */s/ Travis Silva*
                                BROOK DOOLEY
                                TRAVIS SILVA
                                CHRISTOPHER S. SUN
                                Attorneys for Plaintiffs


                                LAWYERS' COMMITTEE FOR CIVIL
                                RIGHTS OF THE SAN FRANCISCO BAY
                                AREA

                                */s/ Victoria Petty*
                                BREE BERNWANGER
                                VICTORIA PETTY
                                Attorneys for Plaintiffs




DATED: _____  _____

                                STEPHANIE M. HINDS
                                United States Attorney

                                */s/ Kenneth W. Brakebill*
                                KENNETH W. BRAKEBILL
                                Assistant United States Attorney
                                Attorneys for Defendant

1    PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3    DATED: _____ _____

4                                                          U.S. Magistrate Judge Kandis A. Westmore

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *WILBUR P.G., et al. v. UNITED STATES OF AMERICA*, Case No. 4:21-cv-4457-KAW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

17

# Exhibit C

1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2  MICHELLE LO (NYRN 4325163)
   Chief, Civil Division
3  KENNETH W. BRAKEBILL (CABN 196696)
   Assistant United States Attorney
4       450 Golden Gate Avenue,
        San Francisco, California 94102-3495
5       Telephone: (415) 436-7167
        Facsimile: (415) 436-7169
6       Kenneth.Brakebill@usdoj.gov

7  Attorneys for the United States of America

8

9

10                 UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                      OAKLAND DIVISION

13

14

15  WILBUR P.G., et al.,              )  CASE NO. 4:21-cv-4457-KAW
                                      )
16         Plaintiffs,                )
                                      )  **DECLARATION OF JAMES MCCONNON**
17     v.                             )
                                      )
18  UNITED STATES OF AMERICA,         )
                                      )
19         Defendant.                 )

20  ────────────────────────────────

21

22

23

24

25

26

27

28

I, JAMES F. MCCONNON, JR., declare as follows:

1.     I am Counselor to the Director, Torts Branch, U.S. Department of Justice, Civil Division. The facts set forth in this declaration are within my personal knowledge.

2.     The Definitions of Confidential Information or Items at Section 2.2 are found in Paragraph A.2 in the Protective Orders entered in *C.M. v. United States*, Case 2:19-cv-05217-SRB (D. Ariz.) (ECF 58) and *A.P.F. v. United States*, Case 2:20-cv-00065-SRB (D. Ariz.) (ECF 45) and are included here for consistency with the litigation in which common document productions have been made. The categories of Confidential Information set forth therein relate to and provide descriptions of sensitive information – including, but not limited to, asylum and immigration-related information and proceedings, law enforcement-related information, and information protected by the Privacy Act – that will apply to government document productions in this case.

3.     The changes to Section 7.2(c) and 7.2(e) are made to be consistent with Paragraph E.2 of the Protective Orders in *C.M. v. United States*, Case 2:19-cv-05217-SRB (D. Ariz.) (ECF 58) and *A.P.F. v. United States*, Case 2:20-cv-00065-SRB (D. Ariz.) (ECF 45), to set forth the person with whom Confidential Information may be shared, to provide clarity to the parties and the Court as to with whom and under what circumstances Confidential Information may be shared, and for consistency with the litigation in which document productions have been made. In particular, Section 7.2(c) makes clear that individuals that already had authorized access to any Confidential Information by virtue of their government positions continue to have permission to access this information. Section 7.2(e) confirms that any appointed judicial officer for purposes of settlement would be authorized to receive Confidential Information.

4.     The changes in Section 3(b), (c), (d) and (e) are made to be consistent with Paragraph B of the Protective Orders in *C.M. v. United States*, Case 2:19-cv-05217-SRB (D. Ariz.) (ECF 58) and *A.P.F. v. United States*, Case 2:20-cv-00065-SRB (D. Ariz.) (ECF 45), to set forth the scope of the Protective Order and the aspects of the litigation that it pertains to. These changes provide clarity to the parties and the Court as to the specific pre-trial proceedings the Protective Order applies to; they confirm that the Protective Order binds non-parties and enables provisions for further protections for highly sensitive information (upon stipulation or motion); and otherwise they provide for consistency with the

litigation in which document productions have been made.

5.    The changes to Section 5.2(a) are made to be consistent with Paragraph C.3 of the Protective Orders in *C.M. v. United States*, Case 2:19-cv-05217-SRB (D. Ariz.) (ECF 58) and *A.P.F. v. United States*, Case 2:20-cv-00065-SRB (D. Ariz.) (ECF 45), which sets forth the manner in which Confidential Information is marked.  The Common Discovery documents from *C.M. v. United States*, Case 2:19-cv-05217-SRB (D. Ariz.) and *A.P.F. v. United States*, Case 2:20-cv-00065-SRB (D. Ariz.) consist of approximately 60,000 documents, and this provision permits the documents therein containing Confidential Information to be marked as "Confidential: Subject to Protective Order" without the need to "clearly identify the protected portions" on each page.  There was an extensive process undertaken by the United States, in cooperation with the Plaintiffs in *C.M.* and *A.P.F.*, to craft the Protective Order.  To re-review the Common Discovery production sets – which took many months to review and produce in the first instance –  and re-mark the documents therein containing Confidential Information in such a way to "clearly identify the protected portions" would be a very significant undertaking.  To do so would involve many months spent by numerous attorneys again to re-review the 60,000 documents of Common Discovery and re-designate confidentiality markings.

6.    The additions to Section 11(a) and (b) are made to be consistent with Paragraph F of the Protective Orders in *C.M. v. United States*, Case 2:19-cv-05217-SRB (D. Ariz.) (ECF 58) and *A.P.F. v. United States*, Case 2:20-cv-00065-SRB (D. Ariz.) (ECF 45), to set forth the procedures to be followed if Confidential Information is inadvertently produced, and to provide clear and appropriate procedures to protect such Confidential Information in the event it is inadvertently produced.

7.    The changes in Section 11(c) reference use of a Federal Rule of Evidence 502(d) or (e) order, to be consistent with the approach in *C.M. v. United States*, Case 2:19-cv-05217-SRB (D. Ariz.) and *A.P.F. v. United States*, Case 2:20-cv-00065-SRB (D. Ariz).  *See C.M. v. United States*, Case 2:19-cv-05217-SRB (D. Ariz.) (ECF 56) and *A.P.F. v. United States*, Case 2:20-cv-00065-SRB (D. Ariz) (ECF 46). The stated purpose in seeking entry of those orders was because "Rule 502(d) is intended to expedite discovery and save costs in matters involving large volumes of documents and ESI, by reducing or eliminating the risk that disclosure will result in waiver of privileges."  The Model Protective Order in the Northern District of California contemplates such an order, and the parties in this

case have agreed to use the substance of the Rule 502(e) Order from *A.P.F.* and will separately submit such proposed order for entry by the Court.

8.      The changes to Section 12.4 are to be consistent with Paragraph E.6 of the Protective Orders in *C.M. v. United States*, Case 2:19-cv-05217-SRB (D. Ariz.) (ECF 58) and *A.P.F. v. United States*, Case 2:20-cv-00065-SRB D. Ariz. (ECF 45), which set forth the procedures to follow if the need arises to disclose Confidential Information in open court during trial or a hearing, to provide clarity to the parties and the Court as to the specific procedures for doing so, and for consistency with the litigation in which document productions have been made.

9.      The new provision at Section 12.5 is to be consistent with Paragraph H.1 of the Protective Orders in *C.M. v. United States*, Case 2:19-cv-05217-SRB (D. Ariz.) (ECF 58) and *A.P.F. v. United States*, Case 2:20-cv-00065-SRB D. Ariz. (ECF 45), making clear that the parties have the authority to produce documents containing personal identifying information (PII) and that documents containing personal identifying information are to be treated as Confidential: Subject to Protective Order even if not marked as such, so as to provide additional protection to such sensitive information.

10.     The new provision at Section 12.6 is to be consistent with Paragraph I of the Protective Orders in *C.M. v. United States*, Case 2:19-cv-05217-SRB (D. Ariz.) (ECF 58) and *A.P.F. v. United States*, Case 2:20-cv-00065-SRB D. Ariz. (ECF 45), making clear the conditions that must be met before later joined parties may have access to Confidential Information and to provide clear and adequate procedures to protect such Confidential Information if such a situation arises.

11.     The change to Section 13 is to be consistent with Paragraph G.1.c. of the Protective Orders in *C.M. v. United States*, Case 2:19-cv-05217-SRB (D. Ariz.) (ECF 58) and *A.P.F. v. United States*, Case 2:20-cv-00065-SRB D. Ariz. (ECF 45), which permits attorneys with the United States to maintain records with Confidential Information consistent with 44 U.S.C. § 3101, et seq., and 5 U.S.C. § 552, et seq., and to ensure compliance with applicable document retention laws and policies.

1    I declare under penalty of perjury under the laws of the United States that the above is true and

2 accurate.  Executed this 2nd day of September, 2022, in Washington, D.C.

3                                JAMES          Digitally signed by JAMES
                                                MCCONNON
4                                MCCONNON       Date: 2022.09.02 15:25:39
                                                -04'00'

5                                James F. McConnon, Jr.
                                 Counsel to the Director, Torts Branch
6                                United States Department of Justice

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit D

1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2  MICHELLE LO (NYRN 4325163)
   Chief, Civil Division
3  KENNETH W. BRAKEBILL (CABN 196696)
   Assistant United States Attorney
4
5  450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
6  Telephone: (415) 436-7167
   Fax: (415) 436-6748
7  kenneth.brakebill@usdoj.gov

8  Attorneys for Defendant

9  KEKER, VAN NEST & PETERS LLP          LAWYERS' COMMITTEE FOR CIVIL
   BROOK DOOLEY (# 230423)               RIGHTS OF THE SAN FRANCISCO BAY AREA
10 TRAVIS SILVA (# 295856)               BREE BERNWANGER - # 331731
   CHRISTOPHER S. SUN (# 308945)         VICTORIA PETTY - #338689
11 633 Battery Street                    131 Steuart Street #400
   San Francisco, CA 94111-1809          San Francisco, CA 94105
12 San Francisco, CA 94111-1809          Telephone: 415-814-7631
13 Telephone: 415-391-5400
   Facsimile: 415-397-7188
14
15 Attorneys for Plaintiffs WILBUR P. G.;
   WILFREDO BALTAZAR P. E., a minor child;
16 ERENDIRA C. M.; YASMIN ALICIA M. C., a
   minor child; JOSHUA G. G.; and KARL LUIS
17 G. G., minor child

18              UNITED STATES DISTRICT COURT

19            NORTHERN DISTRICT OF CALIFORNIA

20                  OAKLAND DIVISION

21
   WILBUR P.G., et al.,                  )  CASE NO. 4:21-cv-4457-KAW
22                                        )
          Plaintiffs,                     )  **[PROPOSED] FEDERAL RULE OF EVIDENCE**
23                                        )  **502(d) ORDER**
     v.                                   )
24                                        )
   UNITED STATES OF AMERICA,              )
25                                        )
          Defendant.                      )
26 ──────────────────────────────────     )

27

28

Upon review of Defendant's Unopposed Motion for Administrative Relief for Protective Order Relief (ECF No. 54) as it concerns the parties' stipulation to enter into a Rule 502(d) Order that will be incorporated into their proposed Protective Order, and good cause appearing,

**IT IS ORDERED** pursuant to Rule 502(d) of the Federal Rules of Evidence, Rule 26(b) of the Federal Rules of Civil Procedure, and the Court's inherent authority, the production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This Order applies to attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), governmental privileges (including, but not limited to, deliberative process privilege, law enforcement privilege, and other privileges the United States may invoke), or any other applicable privilege or protection. Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Except as expressly specified in this Order, nothing in this Order prohibits any party from arguing that a document produced in this litigation is not subject to any of the foregoing privileged or protections. Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

This Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

## I.    DEFINITIONS

1.    "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

2.    "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

## II.     PROCEDURES

The procedures applicable to a claim of privilege on a produced Document and the resolution thereof shall be as follows:

**Discovery of Potentially Privileged Document by Receiving Party**

1.      If a party discovers a Document, or part thereof, produced by another party that is privileged or otherwise protected, the receiving party shall promptly notify the producing party and shall sequester and cease use of the identified Document or information to give the producing party a reasonable period, presumptively three (3) business days, to determine if the Document was intentionally produced.  If the producing party indicates that a document should be returned or destroyed because it is privileged or otherwise protected, and the receiving party agrees with the privilege assertion, the receiving party shall (1) promptly return the specified Document(s) and any copies or (2) destroy the Document(s) and copies and certify to the producing party that the Document(s) and copies have been destroyed.  The receiving party must also promptly identify, sequester, and destroy any notes summarizing the substance of a Document, except that the receiving party may retain notes (1) reflecting or memorializing any discussions with the producing party about the privilege assertion and/or (2) related to motion practice challenging the producing party's privilege assertion.  If the receiving party contests the privilege assertion, the parties will abide by the process as laid out in Paragraphs 5 through 7 below.  Nothing in this Order is intended to shift the burden to identify privileged and protected Documents from the producing party to the receiving party.

**Discovery of Potential Privilege by Producing Party**

2.      If the producing party determines that a Document Produced, or part thereof, is subject to a privilege or privileges, the producing party shall give the receiving party notice of the claim of privilege ("privilege notice").

3.      The privilege notice must contain information sufficient to identify the Document including, if applicable, a Bates number as well as identification of the privilege asserted and its basis.

4.      Upon receiving the privilege notice, if the receiving party agrees with the privilege assertion made, the receiving party must (1) promptly return the specified Document(s) and any copies or (2) destroy the Document(s) and copies and certify to the producing party that the Document(s) and

1   copies have been destroyed.  The receiving party must sequester and destroy any notes summarizing the

2   substance of a Document, except that the receiving party may retain notes (1) reflecting or

3   memorializing any discussions with the producing party about the privilege assertion and/or (2) related

4   to motion practice challenging the producing party's privilege assertion." If a receiving party disclosed

5   the Document or information specified in the notice before receiving the notice, it must take reasonable

6   steps to retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the

7   Document or information.

8          5.      Upon receiving the privilege notice, if the receiving party wishes to dispute a producing

9   party's privilege notice, the receiving party shall promptly meet and confer with the producing party.

10  The Document(s) shall be sequestered immediately upon receiving the privilege notice and may not be

11  used by the receiving party in the litigation (e.g. filed as an exhibit to a pleading; used in deposition)

12  while the dispute is pending.  If the parties are unable to come to an agreement about the privilege

13  assertions made in the privilege notice, the receiving party may make a sealed motion for a judicial

14  determination of the privilege claim.

15         6.      Pending resolution of the judicial determination, the parties shall both preserve and

16  refrain from using the challenged information for any purpose and shall not disclose it to any person

17  except as may be required to present the issue for judicial resolution.  The receiving party's motion

18  challenging the assertion must not publicly disclose the information claimed to be privileged.  Any

19  further briefing by any party shall also not publicly disclose the information claimed to be privileged if

20  the privilege claim remains unresolved or is resolved in the producing party's favor.

21         7.      If a Document must be returned or destroyed as determined by the process above, that

22  document, along with copies of the document, that exist on back-up tapes, systems, or similar storage

23  need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and

24  destroyed in the normal course of business. Until they are overwritten in the normal course of business,

25  the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct

26  routine information technology and cybersecurity functions.

27

28

1    DATED: September 6, 2022                          Respectfully submitted,

2                                                      STEPHANIE M. HINDS
                                                       United States Attorney
3
                                                       /s/ Kenneth W. Brakebill[1]
4                                                      KENNETH W. BRAKEBILL
                                                       Assistant United States Attorney
5                                                      Attorneys for Defendant

6

7                                                      KEKER, VAN NEST & PETERS LLP

8                                                      /s/ Travis Silva
                                                       BROOK DOOLEY
9                                                      TRAVIS SILVA
10                                                     CHRISTOPHER S. SUN
                                                       Attorneys for Plaintiffs
11

12                                                     LAWYERS' COMMITTEE FOR CIVIL
13                                                     RIGHTS OF THE SAN FRANCISCO BAY
                                                       AREA
14
                                                       /s/ Victoria Petty
15                                                     BREE BERNWANGER
                                                       VICTORIA PETTY
16                                                     Attorneys for Plaintiffs

17

18

19   Pursuant to Stipulation, and good cause appearing, IT IS SO ORDERED.

20    DATED: _____

21
                                  _____
22                                U.S. Magistrate Judge Kandis A. Westmore

23

24

25

26

27

28        [1] In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of
     perjury that all signatories have concurred in the filing of this document.