1

2

3

4                           UNITED STATES DISTRICT COURT

5                           NORTHERN DISTRICT OF CALIFORNIA

6

7     WILBUR P.G., et al.,                    Case No.  21-cv-04457-KAW

8                    Plaintiffs,              **ORDER RE 2/9/2023 DISCOVERY LETTERS**

9          v.                                 Re: Dkt. Nos. 66, 67, 68, 69

10    UNITED STATES OF AMERICA,               [Discovery Letter Nos. 1-4]

11                    Defendant.

12

13          Plaintiffs are three pairs of parents and children, who were forcibly separated under

14    Defendant's family-separation policy.  (Compl. ¶¶ 3, 67.)  On June 10, 2021, Plaintiffs filed the

15    instant case, asserting harm resulting from the separation and while in federal custody.  Pending

16    before the Court are four joint discovery letters, concerning: (1) the sufficiency of Defendant's

17    privilege log, (2) Defendant's Request for Production ("RFP") No. 4 and Interrogatory No. 4, (3)

18    Plaintiffs' request for modification of the protective order, and (4) Defendant's RFP No. 1.

19    (Discovery Letter No. 1, Dkt. No. 66; Discovery Letter No. 2, Dkt. No. 67; Discovery Letter No.

20    3, Dkt. No. 68; Discovery Letter No. 4, Dkt. No. 69.)

21          **A.    Discovery Letter No. 1: Privilege Log**

22           Plaintiffs challenge the sufficiency of Defendant's privilege log, specifically whether it

23    provides adequate information to substantiate the assertion of attorney-client and/or deliberative

24    process privilege.  (Discovery Letter No. 1 at 1.)  Plaintiffs also provide examples of entries they

25    believe deficient.  (Discovery Letter No. 1, Exhs. A, B.)  Having reviewed these examples, the

26    Court finds that the privilege log is adequate.  Defendant identifies the Bates numbers, type of file,

27    asserted privilege, whether the document is a parent or attachment, the document date, author,

28    recipient, attorney/staff name, and a description of the document (if withheld) or redactions.  The

descriptions also include the specific subject being discussed.  For example, with respect to many of the entries related to attorney-client privilege, the privilege log includes specific information on the involvement of counsel or the subject of the legal advice being provided.  (*See* Discovery Letter No. 1, Exh. B.)  Defendant also points out that many of the documents are not being withheld, providing additional context as to the privileged redactions.  (Discovery Letter No. 1 at 5.)

Accordingly, the Court DENIES Plaintiffs' request for a new privilege log.  The Court also notes that Defendant states that the specific entries identified by Plaintiff were raised for the first time in the discovery letter.  (Discovery Letter No. 1 at 4.)  If true, this is not proper; the specific entries should have been raised during the meet and confer so that the parties could fully discuss them before drafting the discovery letter.

**B.    Discovery Letter No. 2: Defendant's RFP No. 4 and Interrogatory No. 4**

Defendant's RFP No. 4 and Interrogatory No. 4 seeks information regarding Plaintiffs' employment and community activities after entering the United States.  (Discovery Letter No. 2 at 1.)  As its final compromise, Defendant seeks the identities of Plaintiffs' employers, the hiring and termination dates, income, and absences, as well as documents related to Plaintiffs' most significant community activities.  (*Id.* at 3.)  These community activities are limited to regularly scheduled activities lasting more than an hour each week or other activities that are especially significant to Plaintiffs.  (*Id.*)

The Court finds that such discovery is appropriate.  Plaintiffs are seeking $30 million in damages, including emotional distress.  Such information goes to substantiating the damages sought, including how Plaintiffs' lives were impacted by the trauma of the separation.  The requested information also goes to specific harms that Plaintiffs assert they suffered because of Defendant's actions.  For example, Plaintiff P.G.'s negligence claim is based, in part, on the failure of federal agents to provide him with medical care for his foot, resulting in continued pain and impacts on the type of work he can do.  (Compl. ¶¶ 116, 223.)  Plaintiff P.G.'s employment and community activities go directly to such injuries of which he seeks recovery.  Moreover, it is not clear that Plaintiffs will not be seeking lost wages.  While Plaintiffs state that they "do not

United States District Court
Northern District of California

1    *presently* seek to recover lost wages as damages," they also do not disclaim such damages.

2    (Discovery Letter No. 2 at 3 (emphasis added).)  Rather, Plaintiffs acknowledge that they may

3    change their position during expert discovery.  (*Id.*)

4       Plaintiffs suggest that "community activity" is too vague, as it can include doing

5    homework, going grocery shopping, or watching television.  (Discovery Letter No. 2 at 4.)  The

6    Court disagrees; such activities are clearly not community activities, as opposed to schoolwork,

7    chores, or leisure activities.  Rather, community activities would include activities such as

8    volunteering or club memberships.  To the extent Plaintiffs are unclear as to what types of

9    activities Defendant seeks, the parties should meet and confer.

10       Accordingly, the Court ORDERS Plaintiffs to provide discovery responses consistent with

11    Defendant's final compromise position within **twenty-one days** of the date of this order.  Again,

12    however, the Court notes that Plaintiffs state that Defendant did not provide its final compromise

13    position until it circulated a draft of the discovery letter.  A final compromise position should not

14    be raised for the first time in a letter but should have been fully discussed by the parties during

15    their meet and confer.

16       **C.**     **Discovery Letter No. 3: Protective Order**

17       Plaintiffs request that the Court modify the protective order so that Defendant may not

18    disclose materials designated by Plaintiffs as highly confidential to individuals involved in

19    Plaintiffs' deportation proceedings without providing advance notice to Plaintiffs and giving

20    Plaintiffs an opportunity to object prior to disclosure.  (Discovery Letter No. 3 at 1.)  Plaintiffs are

21    concerned that Defendant could use information obtained through discovery in this civil litigation

22    that would otherwise not be available to the United States in asylum or deportation proceedings.

23    (*Id.*)

24       While the Court agrees that Defendant cannot provide information obtained in this case for

25    use in the immigration proceedings, Plaintiff fails to explain why the current protective order is

26    inadequate and needs to be modified.  This is particularly the case when Defendant acknowledges

27    that the existing protective order "already strictly limits the <u>use</u> of confidential information to

28    prosecuting or defending this litigation, and strictly limits the <u>disclosure</u> of confidential

United States District Court
Northern District of California

1  information to certain individuals whose access is reasonably necessary for this litigation."

2  (Discovery Letter No. 3 at 4.)  Defendant likewise acknowledges that use of "Plaintiff's

3  confidential information to prosecute or adjudicate other immigration proceedings[]would be a

4  clear violation of the existing [protective order]."  (*Id.*)  Thus, it is not apparent at this time that the

5  protective order needs to be modified.  Accordingly, the Court DENIES Plaintiff's request to

6  modify the protective order.

7       **D.**    **Discovery Letter No. 4: Defendant's RFP No. 1**

8       Defendant's RFP No. 1 seeks all documents and communications concerning the reasons

9  that Plaintiffs left their country of origin.  (Discovery Letter No. 4 at 1.)  The parties do not

10  dispute that documents showing any traumatic events they experienced in their countries of origin

11  are discoverable, and Plaintiffs have offered "to produce documents sufficient to identify

12  traumatic events that precipitated their departure for the United States."  (*Id.* at 1, 5.)  Defendant,

13  however, also seeks discovery of any "non-traumatic" reasons for coming to the United States,

14  such as better economic or educational opportunities.  (*Id.* at 1-2.)

15       The Court finds that such information is not discoverable.  Defendant suggests that this

16  information is relevant because Plaintiffs have alleged that Defendant developed the family-

17  separation policy to deter asylum seekers.  (Discovery Letter No. 4 at 2.)  Plaintiffs' reasons for

18  coming to the United States have no bearing on why *Defendant* developed and implemented this

19  policy.  In the alternative, Defendants suggest that "[a] reasonable factfinder may ultimately

20  decide that the government's conduct towards Plaintiff was less 'extreme and outrageous' if

21  Plaintiffs did not solely leave their [countries of origin] to seek asylum relief in the United States."

22  (*Id.*)  The Court flatly rejects this argument.  As an initial matter, there is no evidence that the

23  Border Patrol officials who separated Plaintiffs had any reason to know that Plaintiffs were not

24  asylum seekers at the time they chose to separate children from their parents.  Moreover, it is

25  borderline offensive to suggest that the government's actions may be more acceptable depending

26  on the reason Plaintiffs came to the United States; there is nothing to suggest that it is less

27  traumatizing to have a child taken away from a parent for months because they came for economic

28  opportunities, rather than asylum.

Accordingly, the Court ORDERS Plaintiffs to provide documents to identify traumatic reasons why Plaintiffs left their countries of origin within **twenty-one days** of the date of this order.  Plaintiffs are not required to produce documents regarding non-traumatic reasons for leaving their countries or origin.

This order disposes of Dkt. Nos. 66-69.

IT IS SO ORDERED.

Dated: March 10, 2023

_____
KANDIS A. WESTMORE
United States Magistrate Judge