UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR P.G., et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. 21-cv-04457-KAW<br><br>**ORDER REGARDING MARCH 29, 2023 DISCOVERY LETTER**<br><br>Re: Dkt. No. 71 |

Plaintiffs, three pairs of parents and children, allege that Defendant United States forcibly separated them pursuant to its family-separation policy. (Compl. ¶¶ 3, 67.) On June 10, 2021, Plaintiffs filed the instant case, asserting harm resulting from the separation and while in federal custody. On March 29, 2023, the parties filed a joint discovery letter to resolve whether Defendant "should be compelled to serve supplemental responses to Plaintiffs' Interrogatories No. 6 ('Rog 6') and No. 8 ('Rog 8')." (Joint Ltr. at 1.)

    **A.    Rog 6**

Rog 6 asks Defendant to describe efforts it undertook to reunite the Plaintiffs and/or ensure they would be reunited, including identifying any mechanisms or procedures that recorded Plaintiffs' relationships to one another and where they were being housed. (Dkt. No. 71-1 at 11.) In response to Rog 6, Defendant cited specific discovery pages where Plaintiffs' relationships were recorded and referred Plaintiffs to over 200,000 pages of "Common Discovery" and 20,000 pages of plaintiff-specific discovery "[f]or additional information regarding the efforts, mechanisms, and procedures used to reunite Plaintiffs and record their relationships and places of housing or detention, pursuant to Federal Rule of Civil Procedure 33(d)." *Id.* at 12-13. Defendant then referred to narrowed page ranges for each of the six Plaintiffs. *Id.* at 13.

When "the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records" and "the burden of depriving or ascertaining the answer will be substantially the same for either party," Federal Rule of Civil Procedure 33(d) allows the responding party to answer by (1) "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could" and (2) "giving the interrogating party a reasonable opportunity to examine and audit the records and makes copies, compilations, abstracts, or summaries." Fed. R. Civ. P. 33(d).

Plaintiffs argue Defendant's reliance on Rule 33(d) is improper because (1) Defendant refuses to represent that the documents it cites contain all of the information requested; (2) Rog 6 "is a contention interrogatory" such that trying to ascertain the answer would put a greater burden on Plaintiffs, especially given that Defendant is more familiar with its own records and has access to individuals who know the requested information; and (3) Defendant "has refused to say where in its productions the answers … can be found (except for offering a handful of *non-limiting* examples related to Plaintiffs)." (Joint Ltr. at 1-2.)

Defendant asserts that it responded by "(1) stating Plaintiffs' relationships were recorded in various places, …; (2) stating the shelters' efforts to reunite Plaintiffs were also noted in the ORR files; (3) citing the specific Bates ranges of documents for each Plaintiff where additional information could be located; and (4) citing the Bates range for the Common Discovery, which contains policy-level information about tracking and reunification efforts." *Id.* at 3. Defendant argues its responses provide an appropriate level of detail based on its counsel's discussions with representatives of multiple components of the federal government and it "informed Plaintiffs of the mechanisms used to record their relationships, just as the interrogatory requested." *Id.* Additionally, Defendant argues that because the case is being handled by "two AUSAs, neither of whom specializes in immigration litigation" while Plaintiffs' counsel and staff are more familiar with immigration litigation, the burden would be substantially the same for either side to review the documents. *Id.* at 4.

The Court finds Plaintiffs' arguments persuasive. While Defendant's response identifies

specific instances where the Plaintiffs' relationships were recorded, it fails to provide a description of the specific efforts it undertook to reunite Plaintiffs.  And the Court is not convinced that each party would face a substantially equal burden in ascertaining that information from the cited documents when the Defendant is no doubt better positioned to inspect its own records and inquire of its own employees regarding events surrounding Plaintiffs' reunification.

Accordingly, the Court ORDERS Defendant to supplement its responses to Rog 6 without reference to Rule 33(d) within **twenty-one days** of the date of this order.

### B.   Rog 8

Rog 8 asks Defendant to identify the individuals that exercised discretion for the purposes of the discretionary function exception ("DFE") and the conduct over which they exercised discretion.  (Dkt. 71-1 at 17.)  In response to Rog 8, Defendant identified ten categories of conduct it contends are protected by the DFE and, citing Rule 33(d), referred Plaintiffs to the same discovery totaling over 220,000 pages.  *Id.* at 18.

Defendant asserts its response is proper because "it would be equally burdensome for either Party to review the documents and discern the identities of the individuals who exercised discretion over the conduct." (Joint Ltr. at 5.)  It represents that "the relevant government agencies informed Defendant's counsel that determining the specific individuals who exercised discretion over the identified conduct would involve reviewing the documents Defendant had already produced to Plaintiffs" and it "does not possess additional details beyond those it already provided that would allow it to search more efficiently." *Id.*  Defendant further objects that the identities of the specific individuals are not relevant because "[i]t is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case." *Id.* (quoting *United States v. Varig Airlines*, 467 U.S. 797, 813 (1984)).

Plaintiffs present the same arguments regarding Defendant's reliance on Rule 33(d) and argue Defendant's relevance objection fails because they "must be allowed, at minimum, to depose those individuals [who exercised discretion regarding the family separation policy] to investigate the 'nature and quality' of the so-called 'discretion' at issue." (Joint Ltr. at 2-3.)  Additionally, they argue they "must be allowed discovery into the identities of the people who

made the decisions causing Plaintiffs' separation so that Plaintiffs can probe their intent," since intent is an element of their intentional infliction of emotional distress claims.[1] *Id.* at 2.

First, as to the relevance argument, the Court does not accept that simply because it is the nature of the conduct that is relevant for the DFE defense, the actors' identities are irrelevant. As Plaintiffs argue, the identities are relevant so that they may inquire as to "whether the action is a matter of choice for the acting employee" for purposes of the DFE. *Myles v. United States*, 47 F.4th 1005, 1011 (9th Cir. 2022). Thus, the relevance objection is overruled.

Second, Defendant's reliance on Rule 33(d) to respond to Rog 8 is improper because "a responding party 'may not abuse the option … by directing the propounding party to a mass [o]f undifferentiated records.'" *Loop Al Labs Inc. v. Gatti*, No. 15-cv-00798-HSG, 2016 WL 2342128, at *2 (N.D. Cal. May 3, 2016) (citation omitted). In response to Rog 8's request for the identities of individuals who exercised discretion, Defendant cited to the same approximately 220,000 pages it cited to support its response to Rog 6 related to reunification efforts. Even if the answers to Rog 8 are contained in the documents cited, "defendant cannot fulfill its discovery obligations by referring plaintiffs to voluminous records without providing guidance as to where the relevant information might be found." *Satchell v. Fedex Express*, No. C 03-02659 SI, 2006 WL 2884318, at *4 (N.D. Cal. Oct. 10, 2006).

Accordingly, the Court ORDERS Defendant to supplement its responses to Rog 8 within **twenty-one days** of the date of this order.

This order disposes of Dkt. No. 71.

IT IS SO ORDERED.

Dated: April 11, 2023

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] Defendant contends this argument fails because Rog 8 is explicitly limited to the DFE defense. (Joint Ltr. at 5.) Because the Court finds Plaintiffs' argument regarding the DFE defense persuasive, it does not further consider the intent argument.