KEKER, VAN NEST & PETERS LLP
BROOK DOOLEY - # 230423
bdooley@keker.com
TRAVIS SILVA - # 295856
tsilva@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
JACQUELINE CONCILLA - # 335733
jconcilla@keker.com
EVAN H. MCINTYRE - # 349409
emcintyre@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO
     BAY AREA
JORDAN WELLS - # 326491
jwells@lccrsf.org
VICTORIA PETTY - #338689
vpetty@lccrsf.org
131 Steuart Street #400
San Francisco, CA 94105
Telephone:    415 543 9444

Attorneys for Plaintiffs Wilbur P. G.; Wilfredo
Baltazar P. E., a minor child; Erendira C. M.;
Yasmin Alicia M. C., a minor child; Joshua G.
G.; and Karl Luis G. G., minor child

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
KENNETH W. BRAKEBILL (CABN
196696)
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7167
Fax: (415) 436-6748
kenneth.brakebill@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WILBUR P. G.; WILFREDO BALTAZAR P. E. a minor child; ERENDIRA C. M.; YASMIN ALICIA M. C. a minor child; JOSHUA G. G.; and KARL LUIS G. G. minor child, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 4:21-cv-04457-KAW <br><br> **FURTHER JOINT CASE MANAGEMENT STATEMENT** <br><br> Date:       July 25, 2023 <br> Time:       1:30 p.m. <br> Dept.:      Remote via Zoom <br> Judge:     Hon. Kandis A. Westmore <br><br> Date Filed:  June 10, 2021 <br><br> Trial Date:  May 6, 2024 |

The parties to the above-captioned action jointly submit this Further Case Management Statement pursuant to the Court's April 18, 2023 Order (ECF No. 74) and Section 8 of the Court's Standing Order.  Pursuant to the parties' on-the-record discussion with the Court during the prior Case Management Conference, this Further Case Management Statement contains updates since the submission of the prior Further Case Management Statement (ECF No. 73).

**1. Jurisdiction and Service**

No changes.  *See* ECF No. 73.

**2. Facts**

No changes.  *See* ECF No. 73.

**3. Legal Issues**

No changes.  *See* ECF No. 73.

**4. Motions**

There are no non-discovery motions pending at this time.

**5. Amendments to the Pleadings**

The parties do not anticipate amending the pleadings.

**6. Evidence Preservation**

No changes.  *See* ECF No. 73.

**7. Disclosures**

No changes.  *See* ECF No. 73.

**8. Discovery**

**(i)        Pending discovery disputes**

Since the April 18 Case Management Conference, the Court has issued one discovery order, which was an interim ruling on Plaintiffs' motion to compel the further production of documents in response to their first set of RFPs.  *See* ECF Nos. 82 (initial joint letter) & 83 (order).  The Court ordered the parties to meet and confer regarding supplemental document searches.  *Id*. at 4.  The Court further ordered the Parties to file an updated discovery letter if such conferencing did not resolve the Parties' dispute.  After meeting and conferring, the Parties filed

an updated discovery letter regarding Plaintiffs' proposed searches to supplement the Common

Discovery.  ECF No. 86 (supplemental letter).

Additionally, there is a separate pending discovery dispute, which concerns Plaintiffs'

motion to compel the production of documents in response to their third set of RFPs, docketed at

ECF No. 87.

### (ii)     Discovery Served Since Last Case Management Conference

Since the April 18, 2023 case management conference, the parties have served the

following new discovery requests and responses:

On April 24, 2023, Defendant served its responses and objections to Plaintiffs' First Set of

Requests for Admission.  On the same date, Plaintiffs served their responses to Defendant's

Second Set of Interrogatories and Second Set of Requests for Production.

On April 28, 2023, Plaintiffs served their second supplemental responses to Defendant's

Interrogatory No. 3.

On May 2, 2023, Defendant served supplemental responses to Plaintiffs' Interrogatory

Nos. 6 and 8.

On June 22, 2023, Plaintiffs served their Second Set of Requests for Admission.

Defendant's responses are due July 21, 2023.

On July 5, 2023, Defendant served its Third Set of Interrogatories and Third Set of

Requests for Production.  Plaintiffs' responses are due August 4, 2023.

### (iii)    Document Productions Since Last Case Management Conference

Since the Parties filed their joint statement before the April 18, 2023 case management

conference, Plaintiffs have made one production totaling 122 pages.

Defendant has made five productions since the parties filed their April 11, 2023 Further

Joint Case Management Statement, on April 13, 2023; May 22, 2023; May 24, 2023; and two on

May 25, 2023, totaling 280 new pages of documents.  The April 13 production consisted of 179

pages (USA00030521-USA00030699). The May 22 production consisted of a clawback under

2

Federal Rule of Evidence 502(d) and re-production of five pages (CD-US-0099460 to CD-US-0099464).  The May 24 production consisted of 101 pages (USA00030700-USA00030800).  The May 25 productions consisted of re-productions of Defendant's second and third productions (USA00000001-USA00001423 and USA00001424-USA00021313, respectively), to address certain file formatting and metadata issues Plaintiffs had raised in the parties' meet-and-confers.

**(iv)     Depositions**

No depositions have been completed.

Plaintiffs have noticed two party depositions and issued two non-party deposition subpoenas.  Plaintiffs have requested that Defendant accept deposition subpoenas for three former government employees, noting that the Department of Justice ("DOJ") represented former government employees (including one of the former employees whose deposition Plaintiffs seek) at deposition in the related Arizona litigation.[1]  Defendant has informed Plaintiffs that, as in the *C.M.* and *A.P.F.* cases, the DOJ does not represent former employees but rather the United States and its interests in the work of these employees for the government and, further, that DOJ would not accept service for former government employees. Plaintiffs, who understand that DOJ accepted service for some former employees in the *C.M.* and *A.P.F.* litigation, will effectuate personal service of subpoenas, as necessary, on former government employees.  Plaintiffs intend to issue further depositions notices and/or subpoenas.

Further, in January 2023, Plaintiffs served an RFP seeking the production of all deposition transcripts from government witnesses in the related Arizona litigation.  Defendant has produced 16 transcripts and has agreed to produce three more. Plaintiffs still seek production of additional transcripts.  While the parties continue to confer, Plaintiffs anticipate that judicial intervention may be necessary to obtain the production of these additional transcripts.

Defendant intends to notice depositions and issue third-party subpoenas in the coming weeks.

---

[1] *C.M. v. United States*, No. 19-cv-05217-PHX-SRB, and *A.P.F. v. United States*, No. 20-cv-00065-PHXSRB), raise similar claims.  Discovery is complete and summary judgment is pending in those cases.

### (v)     Medical Examinations

Defendant's position.  As indicated in the Parties' prior Further Case Management Statement (ECF No. 73 at 13), Defendant presented a proposal to Plaintiffs on April 10, 2023 to commence medical examinations in June, also explaining the nature and estimated timing of the proposed examinations. Defendant's proposal contemplates examinations that it is entitled to under Rule 35 given, among other reasons, that Plaintiffs' complaint expressly puts the mental condition of each plaintiff "in controversy," the complaint makes assorted claims about the physical, emotional and developmental injury of plaintiffs caused by the government, Plaintiffs' experts have conducted their own examinations of all six plaintiffs (including the minor children) to support their $30 million damages claim and, moreover, the examinations proposed by Defendant, with psychiatric and neuropsychological components, are grounded in the clear case law of this district that Defendant has provided to Plaintiffs and received no response. Any such examinations will include appropriate safeguards, including necessary translators and/or bilingual examiners. Since April 10 Defendant has been seeking to resolve the Rule 35 issue through a meet and confer process without guidance from the Court.

Plaintiffs' position.  Defendant asks all six Plaintiffs, including the minor children, to submit to psychiatric and neurological examinations, to be conducted in the language of Defendant's choosing, and without safeguards (of the type ordered by the *A.P.F.* and *C.M.* court). This request is overbroad, disproportionate to the needs of the case, and unsupported by the inapposite cases to which Defendant points.  For instance, Plaintiffs informed Defendant that Plaintiffs' experts are psychiatric and/or psychological, and that Plaintiffs will not offer neurological experts, yet Defendant persists in seeking to subject Plaintiffs, including children, to neurological examinations that Defendant says could last multiple days.  The meet-and-confer on this important issue has not run its course, and Plaintiffs await a full response to their most recent letter to Defendant on this subject.  Plaintiffs will continue to confer in good faith but—while the issue is not yet ripe for judicial intervention—recognize the possibility that Defendant may file a motion under Rule 35.

### (vi)     Other Meet and Confer

Defendant has raised issues with Plaintiffs concerning their responses to RFPs and

interrogatories related to medical records, employment records and treatment for physical injuries allegedly caused by the government. The Parties are engaged in meet and confer on these topics.

**9. Class Actions**

No changes.  *See* ECF No. 73.

**10. Related Cases**

A list of similar cases is at ECF No. 47 at 7.  Two of those are pending in this District: *I.T. v. United States*, No. 4:22-cv-05333-DMR, and *J.R.G. v. United States,* 4:22-cv-05183-KAW.

**11. Relief Sought**

No changes.  *See* ECF No. 73.

**12. Settlement and ADR**

On May 1, 2023, the Court referred this case for settlement to Magistrate Judge Beeler, ECF No. 77, who held a telephonic scheduling conference on May 3. As Defendant had similarly raised with the Court at the Parties' last case management conference on April 18, Defendant requested that the settlement conference be scheduled after the completion of expert discovery and summary judgment briefings.  Judge Beeler set a settlement conference for January 30, 2024. ECF No. 80.

**13. Other References**

No changes.  *See* ECF No. 73.

**14. Narrowing of Issues**

The parties continue to engage in meet and confer to narrow the issues in the case.

**15. Expedited Trial Procedure**

No changes.  *See* ECF No. 73.

**16. Scheduling**

The following tables contains the case schedule as set forth at ECF No. 74, as well as the Parties' settlement conference scheduled on January 30, 2024.

| Event | Date |
|---|---|
| Fact discovery cut-off | September 8, 2023 |
| Expert disclosure: | September 22, 2023 |

| Expert rebuttal: | October 20, 2023 |
|---|---|
| Expert discovery cut-off: | November 10, 2023 |
| Summary judgment opening briefs: | October 24, 2023 |
| Summary judgment opposition briefs: | November 21, 2023 |
| Summary judgment replies: | December 19, 2023 |
| Dispositive motions heard by: | January 18, 2024 |
| Settlement Conference | January 30, 2024 |
| Deadline for pre-trial meet and confer | March 15, 2024 |
| Pre-trial filings due | March 25, 2024 |
| Pre-trial conference | April 24, 2024 |
| First day of trial | May 6, 2024 |

**17. Trial**

No changes.  *See* ECF No. 73.

**18. Disclosure of Non-Party Interested Entities or Persons**

No changes.  *See* ECF No. 73.

**19. Professional Conduct**

No changes.  *See* ECF No. 73.

**20. Such Other Matters As May Facilitate Just, Speedy and Inexpensive Resolution**

No changes.  *See* ECF No. 73.


DATED: July 18, 2023                              Respectfully submitted,

                                                 ISMAIL J. RAMSEY
                                                 United States Attorney

                                                 By: *s/ Kenneth W. Brakebill*
                                                 KENNETH W. BRAKEBILL
                                                 KELSEY J. HELLAND
                                                 Assistant United States Attorneys
                                                 Attorneys for Defendant

1    Dated: July 18, 2023                           KEKER, VAN NEST & PETERS LLP

2

3                                            By:    /s/ Travis Silva
                                                    BROOK DOOLEY
4                                                   TRAVIS SILVA
                                                    CHRISTOPHER S. SUN
5                                                   CHRISTINA LEE
                                                    JACQUELINE CONCILLA
6                                                   EVAN H. MCINTYRE

7

8    Dated: July 18, 2023                           LAWYERS' COMMITTEE FOR CIVIL
                                                    RIGHTS OF THE SAN FRANCISCO
9                                                   BAY AREA

10

11                                           By:    /s/ Jordan Wells
                                                    JORDAN WELLS
12                                                  VICTORIA PETTY

13                                                  Attorneys for Plaintiffs Wilbur P. G.;
                                                    Wilfredo Baltazar P. E., a minor child;
14                                                  Erendira C. M.; Yasmin Alicia M. C., a
                                                    minor child; Joshua G. G.; and Karl Luis
15                                                  G. G., minor child

16

17

18

19

20

21

22

23

24

25

26

27

28

7