KEKER, VAN NEST & PETERS LLP
BROOK DOOLEY - # 230423
bdooley@keker.com
TRAVIS SILVA - # 295856
tsilva@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
JACQUELINE CONCILLA - #335733
jconcilla@keker.com
EVAN H. MCINTYRE - #349409
emcintyre@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY
AREA
JORDAN WELLS - # 326491
jwells@lccrsf.org
VICTORIA PETTY - #338689
vpetty@lccrsf.org
131 Steuart Street #400
San Francisco, CA 94105
Telephone:    415 543 9444

*Attorneys for Plaintiffs*

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
OF NORTHERN CALIFORNIA
BREE BERNWANGER - #331731
bbernwanger@aclunc.org
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

*Attorney for Plaintiffs*

ISMAIL J. RAMSEY
United States Attorney
MICHELLE LO
Chief, Civil Division
KENNETH W. BRAKEBILL
kenneth.brakebill@usdoj.gov
KELSEY J. HELLAND
kelsey.helland@usdoj.gov
450 Golden Gate Avenue, Box 36055
San Francisco, CA  94102-3495
Telephone:   415 436-7167
Facsimile:   415 436-7169

*Attorneys for United States of America*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| WILBUR P. G.; WILFREDO BALTAZAR P. E. a minor child; ERENDIRA C. M.; YASMIN ALICIA M. C. a minor child; JOSHUA G. G.; and KARL LUIS G. G. minor child,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 4:21-cv-04457-KAW<br><br>**DISCOVERY LETTER BRIEF RE: PLAINTIFFS' REQUESTS FOR PRODUCTION NOS. 85-86** |

Dear Judge Westmore:

Plaintiffs Wilbur P.G., Wilfredo Baltazar P.E., Erendira C.M., Yasmin Alicia M.C., Joshua G.G., and Karl Luis G.G. (collectively, "Plaintiffs") and Defendant United States of America ("Defendant") (collectively, the "Parties") hereby jointly submit this letter regarding a discovery dispute, pursuant to Paragraph 14 of the Court's Standing Order. The Parties met and conferred by video conference on September 12, 2023, and were unable to resolve the disputed issue described below. The Parties hereby attest that they have complied with Section 9 of the Northern District of California's Guidelines for Professional Conduct.

Dated: September 15, 2023

Respectfully submitted,

/s/ Christina Lee
_____

BROOK DOOLEY
TRAVIS SILVA
CHRISTOPHER S. SUN
CHRISTINA LEE
JACQUELINE CONCILLA
EVAN H. MCINTYRE
KEKER, VAN NEST & PETERS LLP
*Attorneys for Plaintiffs*

Respectfully submitted,

/s/ Kelsey Helland
_____

Kenneth W. Brakebill
Kelsey J. Helland
UNITED STATES ATTORNEY'S OFFICE
*Attorneys for Defendant*

2359097

**Unresolved Discovery Issue:** Whether the Government should be compelled to produce documents in response to Plaintiffs' Requests for Production ("RFPs") Nos. 85 and 86.

**Plaintiffs' Position:** Plaintiffs' RFPs 85 and 86 request Defendant's responses to interrogatories and requests for admission served in two family-separation lawsuits pending in the District of Arizona: *C.M. v. United States*, Case No. 2:19-cv-05217-SRB (D. Ariz.), and *A.P.F. v. United States*, 2:20-cv-20-00065-SRB (D. Ariz.) ("the Arizona litigation").[1]  To date, Defendant has refused to produce documents in response to these requests.

Defendant cannot justify its objection.  To start, the Arizona interrogatory and RFA responses are unquestionably relevant to this case.  Defendant has repeatedly contended that there is "significant factual and legal overlap" between this case and the Arizona actions.  *Whitman v. State Farm Life Ins. Co.*, 2020 WL 5526684, at *1, *4 (W.D. Wash. Sept. 15, 2020) (ordering defendant to produce "all the responsive materials" to request for "all documents, records, deposition transcripts, discovery responses, and data produced or provided by [defendant]" in another action).  Specifically, for over a year, the Government has insisted that the Arizona discovery should guide—and even bind—Plaintiffs' discovery efforts.  *See* Dkts. 66, 82, 86, 87.  The Government produced all of the documents it produced in the Arizona litigation, then took the position that it shouldn't have to produce any other documents.  (This Court disagreed.  *See* Dkt. 83 at 4.)  It also incorporated the entirety of the Common Discovery production into its interrogatory responses (until the Court found the practice improper), further cementing that the documents and issues in the Arizona cases are relevant here.  *See* Dkts. 71, 72.  In the context of depositions, Defendant produced some (but not all) of the Arizona deposition transcripts, then threatened to move to quash any deposition that Plaintiffs seek of a "policy-level" witness who was deposed in Arizona.  Defendant objected to certain Rule 30(b)(6) deposition topics as "duplicative" of the Arizona depositions and refused to prepare witnesses to testify about them (an issue still under dispute).  Relevance cannot be contested.

Once the propounding party establishes relevance, the burden shifts to the objecting party to interpose a valid objection.  *See Proofpoint, Inc. v. Vade Secure, Inc.*, 2020 WL 7398791, at *3 (N.D. Cal. Dec. 17, 2020).  Defendant cannot do so.  Defendant has not argued, and cannot argue, that reproducing the requested responses is burdensome.  It isn't.  *See Whitman*, 2020 WL 5526684, at *3 (finding that reproducing materials "will not be unduly burdensome or costly"); *In re Diisocyanates Antitrust Litig.*, No. 2:18-mc-01001-WSH (W.D. Pa. Jan. 15, 2019), Dkt. 149 (ordering defendant to produce documents previously produced to government agencies in light of the "minimal" burden).

Unable to stand on a relevance or burden objection, Defendant can argue only that reproducing its interrogatory responses from the Arizona litigation would allow Plaintiffs to skirt the limit on the number of interrogatories allowed in this lawsuit.  But this argument, too, is meritless.  "According to the Federal Rules, each plaintiff may serve each defendant with 25 interrogatories."  *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006).  In cases with multiple plaintiffs, courts of this District apply Rule 33(a)'s limit of 25 interrogatories in a

---

[1] In the meet/confer, Plaintiffs narrowed RFPs 85 and 86 to seek information only from the Arizona litigation.

manner such that courts "will treat the first 25 interrogatories as served by [one plaintiff]," the next 25 "will be treated as served by [another plaintiff]," and so on. *Id.*; *accord NAACP of San Jose/Silicon Valley v. City of San Jose*, 2022 WL 17436497, at *7 (N.D. Cal. Dec. 6, 2022) (same). Under the practices of this District, the six Plaintiffs in this case are collectively permitted a total of 150 interrogatories. Yet, Plaintiffs have, collectively, served only 22 interrogatories to date. So, even were the Court to order Defendants to produce its interrogatory responses from the Arizona litigation, Plaintiffs would not come anywhere near the limit imposed by the Federal Rules.

Defendant further contends that "cloned discovery" is inappropriate here, but as described above, its position is belied by its own conduct in this case. Here, Defendant chooses to anchor discovery in this case to discovery in the Arizona cases when it suits Defendant, such as with document production and depositions. The Government should be consistent when it comes to the other discovery devices, and this makes particular sense when it comes to written discovery. The Arizona interrogatory responses are likely to describe the Government's position about the same policies at issue in both cases; those responses could crystallize issues or contain key admissions, making depositions and trial presentation more efficient. (This is particularly true because this is a bench trial, where interrogatory responses are easier to show to the factfinder.) If the Government admitted a fact in the Arizona cases, principles of estoppel and fundamental fairness dictate that it should be bound by that admission here. And if the Government took inconsistent positions in the two litigations, that fact should come to light—indeed, even that fact is relevant given that Plaintiffs allege that the Government policy underlying this case was pretextual. *See* Dkt 1 at ¶¶ 41–57.

Defendant protests that compelling production in this case will open the floodgates in other family-separation actions pending around the country, but that argument has no place here. Plaintiffs request only Defendant's discovery responses in the Arizona litigation, *not* blanket "cloned discovery" from Defendant's entire portfolio of family-separation litigation. How other plaintiffs choose to prosecute their cases has no proper bearing on the discrete dispute at hand, which turns on Defendant's discovery choices and fairness concerns in the specific circumstances of *this* case.

Defendant's position about "cloned discovery" is also inconsistent with the law. The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). This Court has rejected a version of Defendant's "cloned discovery" objection where there was "significant factual and legal overlap" between the cases. *Schneider v. Chipotle Mexican Grill, Inc.*, 2017 WL 1101799, at *4 (N.D. Cal. Mar. 24, 2017) (ordering production of documents produced in a prior lawsuit against the same defendant where "both suits assert[ed] claims under the same Florida statute" based on defendant's advertisement campaign, "in some instances citing the same advertisements"). Similarly, other courts in this District have ordered parties to produce documents previously produced in other cases and proceedings in analogous circumstances. *E.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 1232267, at *4–6 (N.D. Cal. Apr. 12, 2012) (ordering production of materials from cases that "bear a technological nexus to this case," including deposition transcripts, declarations, affidavits, and expert reports); *Klein v. Meta Platforms, Inc.*, No. 3:20-cv-08570-JD, Dkt. 82 (N.D. Cal. April 2, 2021) (ordering

2359097

defendant to produce the documents that it had produced to the FTC and the U.S. House of Representatives); *In re Qualcomm Antitrust Litig.*, Case No. 3:17-md-02773-JSC, Dkt. 36 (N.D. Cal. May 25, 2017) (ordering defendant to produce documents it had submitted to government investigatory agencies); *In re Resistors Antitrust Litig.*, No. 3:15-cv-03820-JD, Dkt. 112 (N.D. Cal. Feb. 2, 2016) ("All DOJ documents are to be voluntarily produced to Plaintiffs"); *In re Optical Disk Drive Products Antitrust Litig.*, No. 3:10-md-02143-RS, Dkts. 370, 379 (N.D. Cal. 2011) (ordering defendants to produce documents previously produced to DOJ).[2]

**Final Compromise:** In light of the relevance of the discovery sought and the minimal burden associated with producing it, Defendant should promptly produce the responses that it served to any interrogatories and requests for admission served in the *C.M.* and *A.P.F.* matters in Arizona. To the extent such responses contain personally identifying information about the Arizona plaintiffs, Plaintiffs here agree that that information (though not the balance of the response) may be redacted.

**Defendant's Position:**  The instant requests, seeking Defendant's discovery responses from two separate prior cases, constitute improper "cloned" discovery and are an improper attempt to circumvent the limitations on interrogatories in this matter. Plaintiffs' request should be denied.

As a rule, courts deny requests for "the fruits of discovery in [an] earlier action," because parties "can and should conduct [their] own discovery." *Barrella v. Village of Freeport*, 2012 WL 6103222, at *2 (E.D.N.Y. Dec. 8, 2012) (cleaned up); *see also, e.g.*, *Wollam v. Wright Medical Group, Inc.*, 2011 WL 1899774, at *1 (D. Colo. May 18, 2011) (denying "cloned discovery" requests including, among other things, "all . . . discovery responses served by any defendant"). Courts recognize that "plaintiffs' counsel must do their own work and request the information they seek directly," rather than by piggybacking on requests in prior cases. *Midwest Gas Servs., Inc. v. Indiana Gas Co.*, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000).

The exception to the rule that "'[c]loned discovery' . . . is irrelevant and immaterial" is where the "the fact that particular documents were produced or received by a party is relevant to the subject matter of the instant case." *Midwest Gas Servs.*, 2000 WL 760700, at *1. For example, the expert reports in prior litigation may indicate that a party in the prior litigation was put on notice regarding an issue, which could be relevant to the party's state of mind in the subsequent litigation. *See, e.g.*, *Jans ex rel. Jans v. The GAP Stores, Inc.*, 2006 WL 2691800, at *1 (M.D. Fla. Sept. 20, 2006) ("Reports produced in prior litigation may have resulted in notice to The GAP regarding potential defects.").

Here, Plaintiffs broadly request "All of [Defendant's] responses to any interrogatories . . . and the verifications for those responses" (RFP 85) and "All of [Defendant's] responses to any requests for admission" (RFP 86) served in two other cases:  *C.M. v. United States*, Case No. 2:19-cv-05217 (D. Ariz.), and *A.P.F. et al v. United States*, 2:20-cv-20-00065-PHXSRB (D. Ariz.). Apparently recognizing that their overbroad request would sweep in irrelevant and

---

[2] Courts elsewhere have ordered the same.  *See, e.g.*, *In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2017 WL 4417447, at *4–7 (N.D. Ill. Sept. 28, 2017) (ordering defendants to produce documents previously produced to a state attorney general in light of substantive "overlap"); *In re Pharm. Indus. Average Wholesale Price Litig.*, MDL 1456, No. 01-12257-PBS (D. Mass. Oct. 28, 2002), Dkt. 161 (ordering defendants to produce documents previously produced to governmental agencies and in any other similar legal proceedings).

confidential discovery regarding the plaintiffs involved in those prior proceedings, Plaintiffs state that, for both requests, Defendant "may redact portions of such responses that exclusively concern the plaintiffs in those cases."

This is improper cloned discovery, plain and simple. Plaintiffs have made no showing that these requests seek relevant, non-cumulative, non-duplicative information. They have made no showing of need for these particular materials. They have not even tried to argue that they cannot obtain the discovery they need for their case through other means. Of course, such an argument would crumble upon inspection, as Plaintiffs have not been shy to use every tool imaginable to obtain discovery from the government in this case. Of note, the government has already produced to plaintiffs more than 250,000 pages of documents, including more than 20 deposition transcripts from government witnesses in prior litigation. Plaintiffs also have taken two additional depositions of former government employees in this litigation, while noticing the depositions of five more government witnesses. Plaintiffs have served 95 RFPs; 22 interrogatories (including several with multiple subparts); and 3,321 RFAs, including 60 substantive requests and 3,261 requests related to the authenticity of documents. This is not a case where Plaintiffs are struggling to "request the information they seek directly." *Midwest Gas Servs.*, 2000 WL 760700, at *1.

Indeed, not only have Plaintiffs been eager to ask their own discovery questions directly; those questions have frequently been *verbatim copies of the discovery requests in other cases*. While the government would not be surprised if Plaintiffs' counsel are coordinating with counsel in other cases pending against the government, all of this raises the question: why do Plaintiffs need "*All* . . . responses" to discovery requests from prior cases when Plaintiffs are already serving the same requests as were served in those prior cases?  This is especially the case where, as here, in prior court filings Plaintiffs' counsel has already sought to distance itself from those prior cases.  *See* Dkt. 82 at 2 ("the plaintiffs in all of these cases, including Plaintiffs here, are represented by counsel of their choosing. They should have the opportunity to develop the case that they allege, not be bound by strategic or tactical decisions made by other counsel").

The burden of producing documents responsive to these RFPs would be significant, and cannot be justified by Plaintiffs' need for the information. Counsel for the government would need to collect discovery responses from two other cases involving fourteen plaintiffs and redact the plaintiff-specific information from those responses. If Plaintiffs' volume of discovery requests in this case is any indication, the government would need to review hundreds of responses.

But compounding the burden is the slippery-slope nature of Plaintiffs' requests. Plaintiffs request discovery responses from two prior cases involving related issues. But there are currently 42 such cases pending around the country. There is no limiting principle to Plaintiffs' request for discovery responses from other litigation. Indeed, granting Plaintiffs' request here will strongly incentivize plaintiffs' counsel in other matters to serve broader requests seeking even more discovery responses from even more cases. Avoiding such burdensome and ever-expanding cross-case discovery is a strong policy justification for the rule that "the fruits of discovery in [an] earlier action" are off limits and instead parties "can and should conduct [their] own discovery." *Barrella*, 2012 WL 6103222, at *2.

There is no contradiction between, on the one hand, the government's willingness to streamline discovery in this and other cases by producing the "Common Discovery" of 220,000 pages of nationwide policy documents and the transcripts of the policy-level witnesses taken in the Arizona litigation, and, on the other hand, the government's refusal to produce its *responses*

*to written discovery* in prior cases addressing similar issues. Documents and witness testimony are quintessential types of first-hand evidence. They form a common pool of basic facts that can be drawn from in multiple cases. They are also tremendously burdensome to collect, review, and prepare for, especially in cases of this magnitude, and so it makes sense to reduce the need to duplicate those efforts where possible.

By contrast, responses to written discovery are prepared and signed by litigation counsel in particular cases (through client and witness input, as necessary) and are, therefore, uniquely prepared in each case. Unlike the common pool of basic facts described above, production of a party's written discovery responses from prior cases creates the opportunity for opposing counsel to attempt to litigate minor word-choice differences between the responses, creating a sideshow of "comparison" litigation that distracts from the underlying facts and issues in the case. And compared to document collections and depositions, written discovery responses are typically less burdensome to prepare and often require less time of non-attorney government employees, and so there is less need to avoid repeating those efforts in multiple cases.

Finally, Plaintiffs' request for all *interrogatory* responses (RFP 85) is improper for the additional reason that it would circumvent Rule 33(a)(1)'s 25-interrogatory limit. The Ninth Circuit has explained that "collateral litigants" should not be allowed to use discovery from one case to "subvert limitations on discovery in another proceeding." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003); *see also* Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2168.1 (3d ed.) (explaining that "efforts to use other devices" "to circumvent the limitation on number of interrogatories" have been "rejected"). But granting Plaintiffs' request for all of the government's interrogatory responses in other cases would allow an end-run around the federal rules' limitations on interrogatories. Plaintiffs should not be permitted to effectively triple their number of allowed interrogatories by piggybacking on the requests served by counsel in two other cases in addition to their own.

Plaintiffs argue that Rule 33(a)(1)'s limitation should be ignored because there are six plaintiffs in this case, and each one of them could have served up to 25 interrogatories under Rule 33(a)(1). But Plaintiffs did not serve their interrogatories separately. Each of Plaintiffs' three sets of interrogatories (totaling 22, including several with subparts) was propounded by all six plaintiffs. Plaintiffs' hypothetical of how they could have potentially increased their available interrogatories had they previously made different strategic choices cannot be a justification now for them to circumvent the 25-interrogatory limit that *actually* applies to them. *See Adlerstein v. CBP*, 342 F.R.D. 269, 272 (D. Ariz. 2022) ("Defendants would be prejudiced if the Court treated the first set of interrogatories as having only been propounded by [one plaintiff].").

**Defendant's Final Position:** The Court should deny Plaintiffs' cloned discovery requests.

Dated: September 15, 2023

Respectfully submitted,

*/s/ Christina Lee*

BROOK DOOLEY
TRAVIS SILVA
CHRISTOPHER S. SUN
CHRISTINA LEE
JACQUELINE CONCILLA
EVAN H. MCINTYRE
KEKER, VAN NEST & PETERS LLP
*Attorneys for Plaintiffs*

Respectfully submitted,

*/s/ Kelsey Helland*

Kenneth W. Brakebill
Kelsey J. Helland
UNITED STATES ATTORNEY'S OFFICE
*Attorneys for Defendant*

6

2359097

# Exhibit A

KEKER, VAN NEST & PETERS LLP
BROOK DOOLEY - # 230423
bdooley@keker.com
TRAVIS SILVA - # 295856
tsilva@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
JACQUELINE CONCILLA - #335733
jconcilla@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
BREE BERNWANGER - # 331731
bbernwanger@lccrsf.org
VICTORIA PETTY - #338689
vpetty@lccrsf.org
131 Steuart Street #400
San Francisco, CA 94105
Telephone:     415 814 7631

Attorneys for Plaintiffs Wilbur P. G.; Wilfredo
Baltazar P. E., a minor child; Erendira C. M.;
Yasmin Alicia M. C., a minor child; Joshua G.
G.; and Karl Luis G. G., minor child

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WILBUR P. G.; WILFREDO BALTAZAR P. E. a minor child; ERENDIRA C. M.; YASMIN ALICIA M. C. a minor child; JOSHUA G. G.; and KARL LUIS G. G. minor child, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 4:21-cv-04457-KAW <br><br> **PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, SET THREE (NOS. 54 -89)** <br><br> Judge:     Hon. Kandis A. Westmore <br><br> Date Filed:  June 10, 2021 <br><br> Trial Date:  May 6, 2024 |

**PROPOUNDING PARTY:**     **PLAINTIFFS WILBUR P. G.; WILFREDO BALTAZAR P. E., A MINOR CHILD; ERENDIRA C. M.; YASMIN ALICIA M. C., A MINOR CHILD; JOSHUA G. G.; AND KARL LUIS G. G., MINOR CHILD**

**RESPONDING PARTY:**     **DEFENDANT UNITED STATES OF AMERICA**

**SET NO.:**     **THREE**

Please take notice that, pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs request that Defendant United States of America produce all documents described below to Plaintiffs at the address listed in the signature block within 30 days.

### DEFINITIONS

1.     "COMMUNICATION" includes any form of transmitting, receiving or exchanging information or ideas from one PERSON to another, including without limitation, correspondence, letters, electronic mail, facsimiles, telegrams, memoranda, reports, discussions, conversations, negotiations, agreements, notes or other forms of information or ideas exchanged, whether oral, electronic or written.

2.     "DOCUMENT" shall have the broadest possible meaning under Federal Rule of Civil Procedure 34 and refers to, without limitation, printed, typed, handwritten, drawn or other graphic matter of any kind or nature, electronically stored information and metadata regardless of form of storage or media (*e.g.*, server, hard drive, flash drive, CD, DVD, disk, diskette, tape, etc.), and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable forms (including, without limitation, databases).

3.     "YOU" and "YOUR" refer to Defendant United States of America INCLUDING all of its departments, agencies, and components and any of its current and former officers, employees, counsel, agents, consultants, representatives, assignees, and any other PERSON acting on its behalf.

4.     "PLAINTIFFS" refers to Plaintiffs Wilbur P. G.; Wilfredo Baltazar P. E., a minor child; Erendira C. M.; Yasmin Alicia M. C., a minor child; Joshua G. G.; and Karl Luis G. G., a minor child.

5.      "CHILDREN PLAINTIFFS" refers to Wilfredo Baltazar P. E., Yasmin Alicia M.C., and Karl Luis G. G.

6.      "PARENT PLAINTIFFS" refers to Wilbur P. G., Erendira C. M., and Joshua G. G.

7.      "FAMILY SEPARATION POLICY" refers to any of YOUR policies or practices that resulted in the act of separating and/or the continued separation of parents and children arrested by U.S. Customs and Border Protection. Such policies include, but are not limited to, the "Zero-Tolerance" policy referenced in paragraphs 45 and 46 of the COMPLAINT, the U.S. Immigration and Customs Enforcement referral policy set forth at CD-US-0050303, and the "Pilot Program" referenced in paragraphs 24-40 of the COMPLAINT. "FAMILY SEPARATION POLICY" does not refer to any of YOUR policies or practices that required the separation of a parent from a child solely because the parent was deemed to pose a threat to the child.

8.      "THE BORDER PATROL AGENTS" refers to any of YOUR employees that were involved in separating the PLAINTIFF PARENTS from the PLAINTIFF CHILDREN.

9.      "COMPLAINT" refers to the complaint filed in this action, see ECF No. 1.

10.     The terms "CONCERNING" or "IN CONNECTION WITH" mean relating, referring, mentioning, discussing, describing, analyzing, evidencing, comparing, summarizing, concerning or pertaining in any way, directly or indirectly, to the subject matter, event, act, or occurrence.

11.     The term "INCLUDING" means including but not limited to.

12.     The following rules of construction shall be applied herein: (1) the words "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive; (2) the singular includes the plural and vice-versa; and (3) the words "any," "all," "each," and "every" all include any, all, each, and every.

## INSTRUCTIONS

1.      These requests call for DOCUMENTS within YOUR possession, custody, or control, including DOCUMENTS in the possession, custody, or control of YOUR agents, attorneys, accountants, representatives, or advisors and any other individuals or entities acting or

2

purporting to act on YOUR behalf or control or from whom YOU have a right to obtain any responsive DOCUMENTS.

2.      If no DOCUMENTS exist in response to all or part of a request, please state that fact and otherwise respond to all parts of the request for which DOCUMENTS exist.

3.      DOCUMENTS shall be produced as they are maintained in the usual course of business, including in the file folders or file cartons in which they have been maintained, stored, clipped, stapled or otherwise arranged in the same form and manner as they were found.  Family members shall not be separated—*i.e.*, parent/child relationships shall be maintained at all times. If YOU choose to produce DOCUMENTS by DOCUMENT Request, YOU shall identify the Request for Production to which the DOCUMENT is responsive.

4.      Electronically-stored information ("ESI") shall be produced in accordance with an ESI stipulation between the parties.

5.      If any DOCUMENT is withheld from production based on a claim of privilege, please provide the following information with respect to each such DOCUMENT:

        i)      the date of the DOCUMENT;

        ii)     the identity of the author(s) of the DOCUMENT and all recipients thereof;

        iii)    the basis for withholding the production of the DOCUMENT; and

        iv)     a description of the subject matter of the DOCUMENT sufficient to allow DEFENDANT or the Court to determine the appropriateness of the privilege claim.

6.      If YOU claim privilege or protection to part of a DOCUMENT, YOU shall redact that portion which is privileged or protected and produce the remainder.  All redactions shall also be included on the privilege log described in the preceding numbered paragraph.

7.      These Requests for Production shall be deemed to be continuing in nature and should YOU or any of YOUR attorneys, agents and/or employees acquire any additional or different responsive information, YOU are hereby requested to supplement or amend YOUR answers accordingly as set forth in Rule 26(e) of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS and COMMUNICATIONS relating to any meetings or discussions about the potential mental health impact on family members separated at the border by YOU, such as the mental health concerns set forth in the January 11, 2018 letter from the American Academy of Pediatrics to DHS Secretary Nielsen, available at Bates No. CD-US-00016507A.

**REQUEST FOR PRODUCTION NO. 85:**

All of YOUR responses to any interrogatories served in in the matters *C.M. v. United States*, Case No. 2:19-cv-05217 (D. Ariz.), *A.P.F. et al v. United States*, 2:20-cv-20-00065-PHX-SRB (D. Ariz.), *R.Y.M.R. v. United States*, 1:20-cv-23598-KMW (S.D. Fl.), and *Nunez Euceda v. United States*, 2:20-cv-10793-VAP-GJS (C.D. Cal.) and the verifications for those responses. You may redact portions of such responses that exclusively concern the plaintiffs in those cases.

**REQUEST FOR PRODUCTION NO. 86:**

All of YOUR responses to any requests for admission served in in the matters *C.M. v. United States*, Case No. 2:19-cv-05217 (D. Ariz.), *A.P.F. et al v. United States*, 2:20-cv-20-00065-PHX-SRB (D. Ariz.), *R.Y.M.R. v. United States*, 1:20-cv-23598-KMW (S.D. Fl.), and *Nunez Euceda v. United States*, 2:20-cv-10793-VAP-GJS (C.D. Cal.). You may redact portions of such requests and responses that exclusively concern the plaintiffs in those cases.

**REQUEST FOR PRODUCTION NO. 87:**

All memoranda, policies, procedures, directives, instructions, notices, announcements, guidelines, and/or similar documents YOU provided to Cayuga Centers and/or Southwest Key Programs from January 20, 2017 to August 31, 2018 concerning the number of Unaccompanied Alien Children ("UAC"), changes to the definition of UAC, separation of UACs from one or more parent(s) at the United States' southern border, and/or any aspect of care and/or treatment of UACs (including but not necessarily limited to transportation, intake, case management, evaluation, medical or psychological care or treatment, education, counseling, housing, foster care, parental or family member contact, tracking, parental or family member reunification, referral, release, discharge, and/or deportation of UACs).

**REQUEST FOR PRODUCTION NO. 88:**

All COMMUNICATIONS with Cayuga Centers and/or Southwest Key Programs sent and/or received between January 20, 2017 and August 31, 2018 CONCERNING any aspect of separation of children from their parents at the United States' southern border, including but not limited to separation policies or practices, tracking of separated children and/or parents, contact between separated children and parents, reunification of separated children or parents, trauma or distress experienced by separated children and/or repatriation or deportation of separated children.

**REQUEST FOR PRODUCTION NO. 89:**

All COMMUNICATIONS with Cayuga Centers and/or Southwest Key Programs sent and/or received between January 20, 2017 and August 31, 2018 CONCERNING the number of UACs in the custody or care of Cayuga Centers and/or Southwest Key Programs, Cayuga Centers' and/or Southwest Key Programs' ability to care for or provide beds for new or additional UACs, recruitment of foster homes to care for UACs, the qualifications or fitness of foster homes eligible to care for UACs, the placement of UACs in foster care, and/or abuse or mistreatment of UACs in the custody or care of Cayuga Centers and/or Southwest Key Programs (whether alleged or proved; physical, mental, emotional, sexual, neglect, or other).

Dated: March 10, 2023                                   KEKER, VAN NEST & PETERS LLP


                                              By:   /s/ *Christopher S. Sun*
                                                    BROOK DOOLEY
                                                    TRAVIS SILVA
                                                    CHRISTOPHER S. SUN
                                                    CHRISTINA LEE
                                                    JACQUELINE CONCILLA

1

## PROOF OF SERVICE

2

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made.  I am over the age of eighteen years and not a party to the within action.  My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

3

4

5

On March 10, 2023, I served the following document(s):

6

**PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, SET TWO (NOS. 54-89)**

7

8

☑ by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format.  The transmission was reported as complete and without error.

9

10

Attorneys for the United States of America
KENNETH W. BRAKEBILL
KELSEY J. HELLAND
Assistant United States Attorneys
450 Golden Gate Avenue, Box 36055
San Francisco, CA  94102-3495
Tel:  (415) 436-7167
Fax:  (415) 436-7169
Kenneth.Brakebill@usdoj.gov
kelsey.helland@usdoj.gov

11

12

13

14

15

16

Executed on March 10, 2023, at San Francisco, California.

17

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

18

19

                                        _/s/ Christopher Sun_____
                                        name

20

21

22

23

24

25

26

27

28

PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, SET THREE (NOS. 54 - 89)
Case No. 4:21-cv-04457-KAW

2034149

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
KENNETH BRAKEBILL (CABN 196696)
Assistant United States Attorney
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7167
    FAX: (415) 436-7169
    kelsey.helland@usdoj.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| WILBUR P. G.; et al., | Case No. 4:21-cv-04457-KAW |
|    Plaintiffs, | **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, SET THREE** |
|    v. | |
| UNITED STATES OF AMERICA, | |
|    Defendant. | |

**PROPOUNDING PARTY:** **PLAINTIFFS WILBUR P. G.; WILFREDO BALTAZAR P. E., A MINOR CHILD; ERENDIRA C. M.; YASMIN ALICIA M. C., A MINOR CHILD; JOSHUA G. G.; AND KARL LUIS G. G., MINOR CHILD**

**RESPONDING PARTY:** **Defendant United States of America**

**SET NUMBER:** **THREE**

Pursuant to Federal Rule of Civil Procedure 34, Defendant United States of America ("Defendant") hereby responds to the Requests for Production of Documents, Set three served by Plaintiff ("Plaintiff"). Defendant's responses are based on information reasonably available to it at this time. Defendant continues to investigate the facts underlying this case and discovery is ongoing. Defendant thus reserves the right to supplement these responses in accordance with Federal Rule of Civil Procedure 26(e).

## GENERAL OBJECTIONS

1.     Defendant objects to Plaintiff's Instructions, Definitions, Instruction Regarding Privilege, and Requests to the extent they impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Civil Local Rules, and the Court's Standing Order.

2.     Defendant objects to each request to the extent it calls for attorney-client communications or information protected as attorney work product. All such information will be withheld.

3.     Defendant further objects to each request to the request it calls for information protected by the Privacy Act, 5 U.S.C. § 552a.

4.     Defendant responds without in any way waiving or intending to waive, but on the contrary, intending to preserve:

   a.   All objections as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in subsequent proceedings or the trial of this or any other actions;

   b.   The right to object to the use of any information which may be provided, or the subject matter thereof, in any subsequent proceedings or the trial of this or any other action on any other grounds;

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S RFPS, SET THREE
4:21-cv-04457-KAW

1

1        c.   The right to object on any ground at any time to further discovery proceedings

2             involving or relating to the subject matter of these requests; and

3        d.   The right at any time to revise, correct, supplement, clarify or amend this response

4             in accordance with the Federal Rules of Civil Procedure.

5        5.   Defendant's responses are based on Defendant's best understanding of the requests

6   and/or the terms used therein.  Such responses cannot properly be used as evidence except in the context

7   in which Defendant understood the requests and/or the terms used therein.

8        6.   These responses are not a representation or concession as to the relevance and/or

9   relationship of the information to this action.

10       Subject to those objections and those set forth below, Defendant responds as follows.

11                        **RESPONSES TO REQUESTS FOR PRODUCTION**

12   **REQUEST FOR PRODUCTION NO. 54:**

13       For the U.S. Department of Justice (hereinafter "DOJ"), U.S. Department of Health and Human

14   Services (hereinafter "HHS"), and U.S. Department of Homeland Security (hereinafter "DHS"),

15   DOCUMENTS sufficient to show the organizational relationship between the relevant department's

16   agencies, components, and/or any similar entity. This request is limited to seeking DOCUMENTS

17   sufficient to show these relationships between January 1, 2017 and July 1, 2018.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

19       Defendant objects to this Request to the extent that it calls for information protected from

20   disclosure by any applicable privilege or similar protection, including without limitation the attorney-

21   client privilege, attorney work-product protection, the deliberative process privilege, and the law

22   enforcement privilege, which will not be produced.  Defendant further objects to this Request as overly

23   broad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not

24   relevant to either party's claims or defenses.  Defendant further objects to this Request to the extent it

25   seeks information that is not within Defendant's possession, custody, or control, or cannot be located

26   after a reasonable and diligent search.  Defendant further objects to this Request to the extent it seeks

27   information that is obtainable from some other source that is more convenient, less burdensome, or less

28   DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S RFPS, SET THREE
     4:21-cv-04457-KAW

1  ambiguous.  Defendant further objects to this Request as duplicative of Plaintiffs' prior Requests for

2  Production.

3       Subject to and without waiving the foregoing objections, Defendant has produced all non-

4  privileged documents responsive to this Request that could be located after a reasonable and diligent

5  search.  Documents responsive to this request were produced on March 20, 2023, when Defendant

6  produced all non-privileged policy-level documents that were produced by the United States in the

7  Arizona litigation.

8  **REQUEST FOR PRODUCTION NO. 85:**

9       All of YOUR responses to any interrogatories served in in the matters *C.M. v. United States*,

10  Case No. 2:19-cv-05217 (D. Ariz.), *A.P.F. et al v. United States*, 2:20-cv-20-00065-PHXSRB (D. Ariz.),

11  *R.Y.M.R. v. United States*, 1:20-cv-23598-KMW (S.D. Fl.), and *Nunez Euceda v. United States*, 2:20-cv-

12  10793-VAP-GJS (C.D. Cal.) and the verifications for those responses. You may redact portions of such

13  responses that exclusively concern the plaintiffs in those cases.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

15       Defendant objects to this Request to the extent that it calls for information protected from

16  disclosure by any applicable privilege or similar protection, including without limitation the attorney-

17  client privilege, attorney work-product protection, the deliberative process privilege, and the law

18  enforcement privilege, which will not be produced.  Defendant further objects to this Request as overly

19  broad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not

20  relevant to either party's claims or defenses.  Defendant further objects to this Request to the extent it

21  seeks information that cannot be located after a reasonable and diligent search.  Defendant further

22  objects to this Request to the extent it seeks information that is obtainable from some other source that is

23  more convenient, less burdensome, or less expensive, to include, but not limited to, information

24  Plaintiffs have or should have, and information that is or will be equally available to Plaintiffs.

25  Defendant further objects to this Request as an improper attempt to exceed the limits to interrogatories

26  set forth in Federal Rule of Civil Procedure 33(a)(1).

27

28  DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S RFPS, SET THREE
   4:21-cv-04457-KAW

**REQUEST FOR PRODUCTION NO. 86:**

All of YOUR responses to any requests for admission served in in the matters *C.M. v.United States*, Case No. 2:19-cv-05217 (D. Ariz.), *A.P.F. et al v. United States*, 2:20-cv-20-00065-PHX-SRB (D. Ariz.), *R.Y.M.R. v. United States*, 1:20-cv-23598-KMW (S.D. Fl.), and *Nunez Euceda v. United States*, 2:20-cv-10793-VAP-GJS (C.D. Cal.). You may redact portions of such requests and responses that exclusively concern the plaintiffs in those cases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86**:

Defendant objects to this Request to the extent that it calls for information protected from disclosure by any applicable privilege or similar protection, including without limitation the attorney-client privilege, attorney work-product protection, the deliberative process privilege, and the law enforcement privilege, which will not be produced.  Defendant further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to either party's claims or defenses.  Defendant further objects to this Request to the extent it seeks information that cannot be located after a reasonable and diligent search.  Defendant further objects to this Request to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive, to include, but not limited to, information Plaintiffs have or should have, and information that is or will be equally available to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 87:**

All memoranda, policies, procedures, directives, instructions, notices, announcements, guidelines, and/or similar documents YOU provided to Cayuga Centers and/or Southwest Key Programs from January 20, 2017 to August 31, 2018 concerning the number of Unaccompanied Alien Children ("UAC"), changes to the definition of UAC, separation of UACs from one or more parent(s) at the United States' southern border, and/or any aspect of care and/or treatment of UACs (including but not necessarily limited to transportation, intake, case management, evaluation, medical or psychological care or treatment, education, counseling, housing, foster care, parental or family member contact, tracking, parental or family member reunification, referral, release, discharge, and/or deportation of UACs).

DATED: April 10, 2023

ISMAIL J. RAMSEY

United States Attorney

*/s/ Kelsey Helland*

KELSEY HELLAND
Assistant United States Attorney

Attorneys for Defendant

1

2

**CERTIFICATE OF SERVICE**

3
       The undersigned certifies that she is an employee of the Office of the United States Attorney for

4
the Northern District of California and is a person of such age and discretion to be competent to serve

5
papers.  The undersigned further certifies that she is causing a copy of the following:

6
**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR
PRODUCTION, SET THREE**

7
to be served this date by:

8
       [ ]  FIRST CLASS MAIL by placing such envelope(s) with postage thereon fully prepaid in the

9
              designated area for outgoing U.S. mail in accordance with this office's practice.

10
       [ ]   PERSONAL SERVICE

11
       [ ]   FEDERAL EXPRESS via Priority Overnight

12
       [X] EMAIL pursuant to agreement of the parties to accept service by electronic mail

13
to the party(ies) addressed as follows:

14

15
       Travis Silva: TSilva@keker.com
       Christopher S. Sun: CSun@keker.com

16
       Christina Lee: CLee@keker.com
       Evan H. McIntyre: EMcIntyre@keker.com

17
       Attorneys for Plaintiffs

18

19
       I declare under penalty of perjury under the laws of the United States that the foregoing is true

20
and correct.  Executed on April 10, 2023 at San Francisco, California.

21

22
                                        */s/ Kelsey Helland*
23
                                        KELSEY HELLAND
                                        Assistant United States Attorney

24

25

26

27

28
DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S RFPS, SET THREE
4:21-cv-04457-KAW