ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
KENNETH W. BRAKEBILL (CABN 196696)
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7167
Fax: (415) 436-6748
kenneth.brakebill@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WILBUR P.G., et al., | CASE NO. 4:21-cv-4457-KAW |
| Plaintiffs, | |
| v. | **DEFENDANT'S OPPOSITION TO ADMINISTRATIVE MOTION FOR LEAVE TO FILE EXHIBIT WITH JOINT DISCOVERY LETTER** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |
| | Honorable Kandis A. Westmore |

Defendant United States of America opposes Plaintiffs' administrative motion for leave to submit an otherwise unauthorized exhibit in support of one of the parties' recent discovery dispute letters. *See* Dkt. No. 100. Defendant's position on this issue is set forth in the body of Plaintiffs' administration motion, *see id.* at 1, and is repeated verbatim here:

> The government opposes the relief requested by plaintiffs' administrative motion. The Court's standing order makes clear that only certain types of exhibits are allowed to be submitted in support of discovery dispute letters, and documents such as the Memo are not among them. Contrary to plaintiffs' assertion, the standing order does not contemplate that parties may request leave of court to submit an exhibit; the leave-of-court provision applies to the length of the brief, not the types of exhibits that may be allowed. Moreover, plaintiffs have represented, and it is the government's understanding, that the document is available at a publicly accessible website. Thus, plaintiffs could present the Court with the information they claim would benefit the Court by citing that website, rather than violating the standing order and burdening the Court with an unnecessary administrative motion.

Plaintiffs also assert in their administrative motion that they do not control the website where the document is posted and so cannot guarantee that the document will remain available there while the Court is considering these issues. *See id.* But there are other ways to address that unlikely contingency, such as by utilizing an internet-based archiving service (such as https://archive.org), or by offering to submit the exhibit at the Court's request if it becomes unavailable online. Defendant reiterates that the Court's Standing Order on allowable exhibits is clear; the exhibit Plaintiffs submitted is not allowed (as Plaintiffs admit, *see* Dkt. No. 100 at 1); and Plaintiffs had other ways to present the information they claim would benefit the Court without violating the Standing Order and burdening the Court with this administrative motion.

Dated: September 21, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Kelsey J. Helland*

KENNETH W. BRAKEBILL
KELSEY J. HELLAND
Assistant United States Attorneys
Attorneys for Defendant