UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR P.G., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 4:21-cv-04457-KAW<br><br>**ORDER REGARDING 9/15/23 JOINT LETTER RE DEPOSITIONS AND DELIBERATIVE PROCESS PRIVILEGE**<br><br>Re: Dkt. No. 98 |

On September 15, 2023, the parties filed four joint discovery letters. The instant discovery dispute concerns whether Plaintiffs should be granted leave to take the depositions of former Attorney General Jefferson Sessions and former DHS Secretary Kierstjen Nielson and/or to pierce the asserted deliberative process privilege for the 16 documents listed on Defendant's privilege log. (Joint Letter, Dkt. No. 98 at 1; Privilege Log, Joint Letter, Ex. A.)

   **A.    Apex Depositions**

Plaintiffs contend that, throughout discovery, "Defendant represented that its position was that dozens of people exercised relevant discretion and formed a relevant intent." (Joint Letter at 1.) Then, on the last day of fact discovery, Defendant served amended responses to an interrogatory response drastically changing its position "that the only officials whose intent … 'matters' for the purpose of this case are former Attorney General Sessions and former DHS Secretary Nielsen." *Id.* Plaintiffs contend that this is classic sandbagging, and requests that the Court grant them leave[1] to take the depositions of Sessions and Nielson, and also require the

---

[1] Defendant identified over 80 people with relevant knowledge of Defendant's intent or discretionary conduct, so Plaintiffs obtained deposition testimony developed in the parallel Arizona case, and took 10 other depositions in this case. (Joint Letter at 3.) Plaintiffs contend that they would have sought the depositions of Sessions and Nielson earlier instead of others, and done

disclosure of certain documents withheld based on deliberative process privilege. *Id.* at 1, 3.

In opposition, Defendant contends that Plaintiffs have been aware of the Government's position on these issues of intent through the summary judgment briefings in the two cases filed in the District of Arizona in March and May 2023. (Joint Letter at 5.)  This position is untenable. While Plaintiffs may have reviewed the filings in those cases, and even used deposition testimony to avoid duplication of efforts, they are entitled to rely on the discovery produced in this case, which, until the last-minute amendment, asserted that dozens of individuals acted with relevant intent.

While apex depositions are highly disfavored, the Ninth Circuit allows them in extraordinary circumstances. *See In re U.S. Dep't of Educ.*, 25 F.4th 692, 702 (9th Cir. 2022).  A party may be permitted to take a current or former cabinet secretary's deposition if they "can demonstrate: (1) a showing of agency bad faith; (2) the information sought from the secretary is essential to the case; and (3) the information sought from the secretary cannot be obtained in any other way." *Id.* at 702.  Here, Plaintiffs satisfy the first prong, because they allege that the agency acted in bad faith by implementing the Zero Tolerance Policy as pretext to separate undocumented immigrants from their minor children.  The second and third prongs are also satisfied, because Sessions and Nielson have unique personal knowledge of their own intent, and Defendant contends in its amended response that only their intent matters, rendering the information not otherwise attainable and essential to the prosecution of the case. *See id.* at 703.  The Court is disappointed that the Government amended its responses at the close of fact discovery to suddenly claim that only the intent of two former cabinet secretaries matters, and that it is now attempting to hide behind the apex doctrine to prevent their depositions from going forward.  Such an injustice cannot stand.

Accordingly, the Court grants Plaintiffs' leave to depose former Attorney General Jefferson Sessions and former DHS Secretary Kierstjen Nielson.  The parties are ordered to immediately meet and confer regarding the scheduling of their depositions, and they shall submit a

---

so much earlier, had Defendant timely disclosed that it would rely exclusively on them for intent. *Id.*

2

1  stipulation regarding scheduling of those depositions within 7 days of this order.

2          **B.**    **Deliberative Process Privilege**

3  Finally, Plaintiffs request that 16 documents withheld based on deliberative process
4  privilege be produced, as they were sent to Sessions or Nielson or at their instruction and relate to
5  the development of the challenged policy. (Joint Letter at 4; Privilege log, Joint Letter, Ex. A.)

6  The deliberative process privilege only protects those documents that are both
7  "predecisional" and "deliberative". *Carter v. U.S. Dep't of Commerce,* 307 F.3d 1084, 1089 (9th
8  Cir.2002); *see also Hongsermeier v. C.I.R.*, 621 F.3d 890, 904 (9th Cir. 2010). A document is
9  predecisional if it is "prepared in order to assist an agency decisionmaker in arriving at his
10 decision." *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975). This
11 may include "recommendations, draft documents, proposals, suggestions, and other subjective
12 documents which reflect the personal opinions of the writer rather than the policy of the agency."
13 *Carter*, 307 F.3d at 1084 (quoting *Assembly of State of Cal. v. U.S. Dept. of Commerce*, 968 F.2d
14 916, 920 (9th Cir. 1992)). Alternatively, postdecisional documents "setting forth the reasons for
15 an agency decision already made" are not privileged and are subject to disclosure. *Grumman*, 421
16 U.S. at 184. On the face of the privilege log, the Court notes that some of the documents appear to
17 post-date the Zero Tolerance Policy, which Sessions announced on May 7, 2018. (*See* Privilege
18 log, Joint Letter, Ex. A.)

19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

1  Regardless, within 10 days of this order, the Government shall lodge two copies of the
2  documents listed in Exhibit A, so that the undersigned may perform an *in camera* review. The
3  Government shall provide a cover sheet consisting of the privilege log. All documents shall be
4  separated by tabs with the Bates numbers and labeled as "redacted" or "withheld." The redacted
5  documents must be produced unredacted with the redactions highlighted. The Government is
6  encouraged to produce any documents that, upon further review, are not subject to the deliberative
7  process privilege. If any documents are produced, Defendant shall amend the privilege log to
8  indicate that the listed document is no longer deemed privileged.
9  IT IS SO ORDERED.
10 Dated: September 25, 2023

_____
KANDIS A. WESTMORE
United States Magistrate Judge

4