UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR P.G., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. 4:21-cv-04457-KAW<br><br>**ORDER REGARDING JOINT DISCOVERY LETTER RE DEFENDANT'S FOURTH SET OF REQUESTS FOR PRODUCTION, FOURTH SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR ADMISSION**<br><br>Re: Dkt. No. 97<br><br>[Discovery Letter #10] |

　　　　On September 15, 2023, the parties filed four joint discovery letters. The instant discovery dispute concerns whether Plaintiffs must respond to Defendant's Requests for Production of Documents (Fourth Set), Interrogatories (Fourth Set), and Requests for Admission (First Set). (Joint Letter, Dkt. No. 97.) Defendant propounded this discovery on August 10, 2023, but the responses were not due until September 11, 2023, which was one day after the close of fact discovery. *Id.* at 1.

　　　　Pursuant to the Civil Local Rules, "Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." Civil L.R. 37-3 (N.D. Cal. 2023). Plaintiffs provided no substantive response to the requests, and, instead, lodged objections, including that the requests were untimely under Civil Local Rule 37-3. (Joint Letter at 1.)

　　　　Here, Defendant seeks to compel responses on the grounds that there is good cause to do so. Specifically, Defendant contends that the following reasons constitute good cause:
　　　　　　(1) the parties' ongoing negotiations regarding the topics at issue in these requests through August 10, 2023; (2) the significant amount of

     discovery activity in this case between August 4 and August 10, including numerous other discovery issues; (3) the work-related travel of the government's two counsel, that impaired the United States' ability to serve these requests one day earlier; and (4) the complete absence of any prejudice to Plaintiffs based on the responses being due one business day after the close of fact discovery.

(Joint Letter at 1.)

  In opposition, Plaintiffs contend that Defendant was not diligent in serving the discovery, and that proffered excuses indicate that the Government was not diligent. (Joint Letter at 3.) Diligence is required for a finding of good cause, and the Court agrees that Defendant was not diligent in this instance. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Lam v. City & Cnty. of San Francisco,* No. C 08-04702 PJH LB, 2011 WL 4915812, at *4 (N.D. Cal. Oct. 17, 2011) (applying *Johnson's* good cause standard to Civil L.R. 37-3).

  First, Defendant did not meet and confer with Plaintiffs regarding the untimely requests. *Id.* Second, Plaintiffs are correct that it is unreasonable for the Government to delay propounding discovery because they were meeting and conferring on other discovery issues. (*See* Joint Letter at 4.) If Defendant had been truly diligent, it would have propounded the discovery timely and then negotiated whether such requests should be narrowed. In *Lam,* the court found the good cause existed when counsel took one month to re-notice a deposition due to the intervening birth of his child, because the parties had been in communication regarding deposition scheduling for several months. *Lam*, 2011 WL 4915812, at *4. Here, Defendant did not meet and confer regarding the requests at issue until Plaintiffs served objections. Defendant also appears to misrepresent the Court's guidance at the July 23, 2023 case management conference by implying that the suggestion that the parties meet and confer regarding damages somehow alleviated Defendant's responsibility to timely propound discovery. (*See* Joint Letter at 1.) In fact, it did not.

  Third, Defendant's claim that its obligation to produce responsive documents pursuant to court order is not good cause to untimely propound late discovery. (*See* Joint Letter at 2.)

  Fourth, the Court does not find that counsel's travel plans constitute good cause, because there is no indication that travel was unanticipated or that, with technology, any of the attorneys of record were precluded from timely serving the discovery requests. (*See* Joint Letter at 3.) Finally,

2

the undersigned disagrees with Defendant's contention that Plaintiffs would suffer no prejudice.[1]

For the reasons set forth above, the Court finds that Defendant was not diligent in propounding the discovery requests, so the Court does not find good cause to compel Plaintiffs' responses to the discovery at issue. Thus, Defendant's request to compel Plaintiffs' responses is DENIED.

This order disposes of Dkt. No. 97.

IT IS SO ORDERED.

Dated: September 27, 2023

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] Notwithstanding, based on a cursory review of the requests propounded, the Court notes that several of the requests seek cumulative information or information that is not permissible, such as a damages calculation for Plaintiffs' emotional distress damages. *See E.E.O.C. v. Wal-Mart Stores, Inc.,* 276 F.R.D. 637, 639 (E.D. Wash. 2011) ("[D]istrict courts have frequently denied motions to compel computations of emotional distress and punitive damages because they are 'difficult to quantify' and are 'typically considered a fact issue for the jury.'").

3