1
2
3
4               UNITED STATES DISTRICT COURT

5              NORTHERN DISTRICT OF CALIFORNIA

6

7    WILBUR P.G., et al.,                    Case No.  4:21-cv-04457-KAW

8                   Plaintiffs,              **ORDER REGARDING 9/15/23 JOINT
                                             DISCOVERY LETTER RE REQUESTS
9         v.                                 FOR PRODUCTION NOS. 85-86**

10   UNITED STATES OF AMERICA,               [Discovery Letter #9]

11                  Defendant.               Re: Dkt. No. 96

12

13        On September 15, 2023, the parties filed four joint discovery letters. The instant discovery

14   dispute concerns whether Plaintiffs may compel the disclosure of Defendant's responses to

15   interrogatories and requests for admission served in two family separation cases pending in the

16   District of Arizona. (Joint Letter, Dkt. No. 96.)  As narrowed,[1] Request for Production No. 85

17   seeks all interrogatory responses from the two lawsuits, while Request No. 86 seeks all responses

18   to the requests for admission. (Joint Letter, Ex. A at 3-4.)  Additionally, Plaintiffs agreed that the

19   responses may be redacted to exclude the plaintiffs' personal identifying information. (Joint Letter

20   at 3.)  Defendant objected on the grounds that the responses constituted improper "cloned"

21   discovery and are an attempt to circumvent the limitations on interrogatories in this matter. (Joint

22   Letter at 3.)

23        Courts in this district generally permit "clone discovery"— discovery of documents

24   produced in collateral litigation—when the case involves "the *same defendant and the same*

25   *factual allegations.*" *See Pac. Wine Distributors, Inc. v. Vitol Inc.*, No. 20-CV-03131-JSC, 2022

26   WL 1489474, at *1 (N.D. Cal. May 11, 2022)(collecting cases); *see also Schneider v. Chipotle*

27

28   _____
     [1] The requests originally sought responses from four lawsuits, but Plaintiffs agreed to narrow them
     to the Arizona litigation. (Joint Letter at 1, n. 1.)

*Mexican Grill, Inc.*, No. 16-CV02200-HSG-KAW, 2017 WL 1101799, at *2-4 (N.D. Cal. Mar. 24, 2017)(ordering production of documents produced by defendant in prior lawsuit due to significant factual and legal overlap).  The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992).  Even so, the collateral litigant must make a showing that the requested material is relevant to the instant proceeding to ensure that the materials are not sought "merely to subvert limitations on discovery in another proceeding." *Foltz,* 331 F.3d at 1132. "Such relevance hinges 'on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings.'" *Id.* (citation omitted.)

There is no dispute that the Arizona lawsuits involve the same defendant and the same family separation policy as the instant case.  Here, Plaintiffs contend that the materials are relevant, because Defendant has repeatedly contended that this case has significant factual and legal overlap with the Arizona cases and has attempted to limit its document productions and discovery obligations based on what was produced in Arizona. (Joint Letter at 1.)  Furthermore, Plaintiffs contend that the Government has produced some, but not all, of the Arizona deposition transcripts and threatened to move to quash any depositions Plaintiffs seek of "policy-level" witnesses who were deposed in Arizona.[2] *Id.*  Plaintiffs claim that Defendant has also objected to certain Rule 30(b)(6) deposition topics as duplicative of the Arizona depositions and has refused to prepare witnesses to testify about those topics.[3] *Id.*  Finally, Plaintiffs argue that fairness requires that they be permitted to confirm that the Government is consistent in its responses.

The Court agrees that the discovery sought is relevant under Rule 26, and proportional to the needs of the case.  Defendant's position that it would be unduly burdened by this production is not well taken. (*See* Joint Letter at 4.)  The Court does not believe it would take very long to redact personal identifying information from the respective responses even if there are "hundreds of responses." *See id.* While the Court understands the Government's slippery slope argument,

United States District Court
Northern District of California

---

[2] If this characterization is accurate, such attempts to quash are almost certainly improper.
[3] The Court is confident that the Government is not taking this position.

2

1  Plaintiffs are not seeking collateral discovery in the 42 cases currently pending—they are only

2  seeking the discovery responses in the two Arizona cases that Defendant frequently cites to

3  minimize discovery in this case.

4          Accordingly, Defendant is ordered to respond to Request Nos. 85 and 86 within 14 days of

5  this order and shall do so without objection.  Defendant may redact the collateral plaintiffs'

6  personally identifying information.

7          IT IS SO ORDERED.

8  Dated: September 28, 2023

9                                                    _____

10                                                   KANDIS A. WESTMORE
                                                     United States Magistrate Judge

United States District Court
Northern District of California

3