| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>BROOK DOOLEY - # 230423<br>bdooley@keker.com<br>TRAVIS SILVA - # 295856<br>tsilva@keker.com<br>CHRISTOPHER S. SUN - # 308945<br>csun@keker.com<br>CHRISTINA LEE - # 314339<br>clee@keker.com<br>JACQUELINE CONCILLA - # 335733<br>jconcilla@keker.com<br>EVAN H. MCINTYRE - # 349409<br>emcintyre@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:    415 391 5400<br>Facsimile:    415 397 7188 | ISMAIL J. RAMSEY (CABN 189820)<br>United States Attorney<br>MICHELLE LO (NYRN 4325163)<br>Chief, Civil Division<br>KENNETH W. BRAKEBILL (CABN 196696)<br>KELSEY J. HELLAND (CABN 298888)<br>Assistant United States Attorneys<br>450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495<br>Telephone: (415) 436-7167<br>Fax: (415) 436-6748<br>kelsey.helland@usdoj.gov<br>kenneth.brakebill@usdoj.gov<br><br>Attorneys for Defendant |

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
JORDAN WELLS - # 326491
jwells@lccrsf.org
VICTORIA PETTY - # 338689
vpetty@lccrsf.org
131 Steuart Street #400
San Francisco, CA 94105
Telephone:    415 543 9444

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
BREE BERNWANGER - # 331731
bbernwanger@aclunc.org
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR P. G.; WILFREDO BALTAZAR P. E. a minor child; ERENDIRA C. M.; YASMIN ALICIA M. C. a minor child; JOSHUA G. G.; and KARL LUIS G. G. minor child,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 4:21-cv-04457-KAW<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    October 3, 2023<br>Time:    1:30pm<br>Dept.:   Remote via Videoconference or Zoom<br>Judge:   Hon. Kandis A. Westmore<br><br>Date Filed: June 10, 2021<br><br>Trial Date:  May 6, 2024 |

The parties submit this Joint Case Management Statement in response to the Court's September 27, 2023 Order Denying Stipulation Regarding Expert Disclosures; Order Setting Status Conference, Dkt. 104.  Consistent with the Order and the Court's guidance at prior CMCs, the Parties focus on the scheduling issues identified in the Order and related discovery issues. The parties apologize for extending beyond the noon deadline but were trying to present a comprehensive update.

**1.     Discovery**

   i)     Pending discovery disputes

There are currently two pending discovery motions.  Plaintiffs' motion related to certain of Defendant's privilege assertions is at Dkt. 99.  Defendant's motion related to Rule 35 medical examinations of Plaintiffs is at Dkt. 107.

During a September 27, 2023 deposition, a former government employee, testified that she believed that certain documents, which Plaintiffs believe are highly probative of the issues in this case, likely existed.  They have not been produced, if they exist.  Plaintiffs are conferring with Defendant about this subject.

   ii)    The Court's August 7, 2023 Order

Plaintiffs' Statement: On August 7, 2023, the Court compelled Defendant to produce certain documents by September 6, 2023.  *See* Dkt. 93 at 7, 8.  Defendant has not completed its document production and Plaintiffs dispute that Defendant's characterization below that it brought this issue to Plaintiffs' attention.  By that same order, the Court compelled the production of other documents within 30 days of the completion of further meet/confer efforts.  *Id.* at 6, 11. The deadline for the production of those documents was September 28, 2023.  Defendant made a production on that date (which was one day before the filing of this statement).  Plaintiff is assessing that production.

Defendant's Statement: Defendant's counsel immediately forwarded the Court's order to the relevant agencies and coordinated with those agencies to submit the necessary search queries as quickly as possible.  For the "Search 4" at issue in that order, the search terms returned approximately 60,000 potentially responsive documents—comparable in volume to the entire

Common Discovery from the Arizona litigation that took Defendant's attorneys and contractors thousands of hours to review. Defendant promptly informed Plaintiff of this volume of responsive documents well in advance of the September 6 deadline, and the parties have been discussing the production schedule and potential ways to narrow the terms, which discussions continue. On September 6, 2023, Defendant produced approximately 6,000 pages of responsive documents pursuant to the Court's order, which was nearly double the number of pages Plaintiffs had produced to Defendant during the entire course of the litigation.

### iii) The Court's September 28, 2023 Order

On September 28, 2023, the Court compelled Defendant to produce additional documents in response to RFP Nos. 85-86. Defendant's deadline to comply is October 12, 2023. Dkt. 106.

### iv) Depositions

Plaintiffs have completed the depositions of: Scott Lloyd (former head of Office of Refugee Resettlement (ORR)), Cameron Quinn (former Civil Rights/Civil Liberties Officer in DHS), Cayuga Centers (30(b)(6) deposition of ORR shelter for one Plaintiff), and Southwest Key (30(b)(6) deposition of ORR shelter for two Plaintiffs).

Plaintiffs completed a Rule 30(b)(6) deposition of the U.S. Attorneys' Office in Arizona. After Plaintiffs asked to meet and confer about witness preparation, Defendant consented to a limited second session.

Plaintiffs have noticed, subpoenaed, or, per Local Rule 30-1, requested the availability for the depositions of: Matthew Albence (former acting director of ICE), the Rule 30(b)(6) depositions of DHS and CBP, and Shawn Jordan (CBP employee). Per party agreement, Plaintiffs will also depose one CBP line agent. The current deadline to complete these depositions is October 19.

Defendant has completed the depositions of Plaintiff Erendira C.M., Alberto Rangel (third-party mental healthcare provider), and Elana Story (same).

Defendant is scheduled to depose Plaintiff Wilbur P.G. on October 12 and 13. The parties are assessing the appropriateness of a translator for Plaintiff Joshua G.G.'s deposition.

Defendant has noticed, subpoenaed, or, per Local Rule 30-1, requested the availability for

the depositions of three third-party mental health providers for certain Plaintiffs: Jo Ellen Brainin-Rodriguez, William Martinez, and Raquel Perez Escobosa. The deposition of Dr. Brainin-Rodriguez is scheduled for October 3; the parties are awaiting the dates of availability for the latter two.

                v)        <u>Medical Examinations</u>

The parties agree that Defendant will be allowed to conduct Rule 35 medical examinations. Defendant seeks a neuropsychological and a psychiatric exam. Time limitations and the use of recording are the only two remaining issues and are the subject of a dispute pending at Dkt. 107. According to Defendant's experts, the neuropsychological examination must precede the psychiatric exam because the psychiatrist uses the test results from the neuropsychological exam in her evaluation. Given the remaining disputes, the IMEs cannot yet begin.

Prior to this submission, the parties were engaged in meet and confer efforts to set deadlines for the IMEs and the parties' initial expert disclosures, rebuttal disclosures and expert deposition period. To that end, the parties submitted a stipulation that tied the dates of the IMEs (neuropsychological and psychiatric exams) and subsequent expert disclosures to the Court's order on the pending motion at Dkt. 107. The parties will continue these scheduling efforts while the dispute is pending.

**2.   Scheduling**

    **A.   Plaintiffs' statement**

        **1.   Hard deadline proposal and rationale**

The Court asked the Parties to propose hard deadlines for Expert Disclosures, Expert Rebuttal, and the Close of Expert Discovery. Plaintiffs believe that it is appropriate to reset the deadline for all fact depositions, as well, for reasons they explain below. Plaintiffs recognize that a significant amount of discovery will occur after the previously-contemplated dates, but believe that the summary judgment, settlement conference, and trial dates should remain unaltered, although Plaintiff notes a Rule 56(d) issue below.

Plaintiffs have sought to structure expert discovery in a way that accommodates issues

that Defendant has raised in the meet/confer process, including the anticipated amount of time its neuropsychological experts claim to need to complete their work, while also not prejudicing Plaintiffs' ability to prepare rebuttal disclosures, if necessary.  Specifically, Plaintiffs propose to bifurcate the initial expert disclosure deadline so that Defendant's neuropsychological disclosures are provided to Plaintiffs with enough time for Plaintiffs to do rebuttal work.  (This makes sense given that Defendant insists that its neuropsychologists examine the Plaintiffs before Defendant's psychiatrists.)  The key issue is crafting a schedule that allows Plaintiffs adequate time to prepare rebuttal.  Plaintiffs are not affirmatively disclosing any neuropsychological expert, but may— depending on what is in the disclosures of Defendant's neuropsychological experts—need to call such an expert in rebuttal.  That expert may need to examine the relevant Plaintiff(s) in addition to writing a report, but, until Plaintiffs receive Defendant's opening neuropsychological disclosures, Plaintiffs do not know which Plaintiff(s) their rebuttal expert may need to examine or what tests that rebuttal expert would administer.  Plaintiffs' proposed timelines are reasonable under those circumstances.

By contrast, Defendant's one-sided proposal would greatly prejudice Plaintiffs. Defendant would give its neuropsychological experts about two months to conduct examinations and issue reports, while providing less than one month (which includes the two-week December holiday period) for Plaintiffs' rebuttal-only experts to react to Defendant's neuropsychological disclosures (including the scheduling and taking of exams).  This shocking asymmetry is obviously prejudicial to Plaintiffs, further highlighting the fact that Defendant's entire IME package is oppressive.  Defendant's rationales miss the mark by misstating what Plaintiffs have agreed to; their agreement to the now-rejected stipulation did *not* mean that they agreed to a four-week rebuttal period with respect to neurological rebuttal reports in particular because that stipulation would have allowed Plaintiffs more than four weeks to conduct expert work for more Plaintiffs.  Plaintiffs should not suffer prejudice because Defendant was not diligent in pursuing Rule 35 exams.  Throughout the summer, Plaintiffs continuously noted the near-certainty of a dispute over these exams and urged Defendant to wrap up the meet/confer process.  Defendant did not do so; indeed, it was *Plaintiffs* who declared impasse on this issue to trigger briefing

timelines. Plaintiffs' rebuttal experts should not be crunched on time as a result of Defendant's conduct. Defendant should not be allowed to leverage failure to act diligently to Plaintiffs' detriment.

Plaintiffs believe that the exchange of initial expert disclosures on December 15 is sufficient to inform the parties' positions for the settlement conference scheduled for January 30, 2024. Plaintiffs believe that this schedule permits trial to commence as currently scheduled. Plaintiffs provide further information about these issues below. Plaintiffs proposed the following case schedule with unaltered dates in italics:

| Event | Date |
| --- | --- |
| Deadline to complete all fact depositions | October 24, 2023 |
| *Summary judgment opening briefs* | *October 24, 2023* |
| *Summary judgment opposition briefs* | *November 21, 2023* |
| Deadline for expert disclosures from Defendant's neuropsychologist(s) (if any) | December 1, 2023 |
| Deadline for all other expert disclosures | December 15, 2023 |
| *Summary judgment replies* | *December 19, 2023* |
| *Dispositive motions heard by:* | *January 18, 2024* |
| *Settlement Conference* | *January 30, 2024* |
| Deadline for rebuttal expert reports | February 2, 2024 |
| Close of expert discovery | March 1, 2024 |
| *Deadline for pre-trial meet and confer* | *March 15, 2024* |
| *Pre-trial filings due* | *March 25, 2024* |
| *Pre-trial conference* | *April 24, 2024* |
| *First day of trial* | *May 6, 2024* |

**2.    Plaintiffs' further response to the Court's order**

In response to the Court's direction to address the viability of case deadlines, Plaintiffs note that significant fact discovery remains outstanding because Defendant failed to timely comply with its discovery obligations and otherwise engaged in improper discovery conduct.

These issues require the Court to set a hard deadline for fact deposition completion and the Court may conclude that these issues could have a broader effect on interim deadlines.  The most salient issues are:

- Rule 30(b)(6) depositions of DHS and CBP.  Plaintiffs served deposition notices with topics on July 18, 2023 and August 2, 2023.  Despite persistent requests, Defendant failed to serve its responses until September 27, 2023, nearly three weeks after fact discovery closed on September 8, 2023.  *See* Dkt. 74.  These responses indicate that substantial meet/confer efforts will be required and that judicial intervention may be needed.  For example, Defendant has refused to produce a witness on 22 of the 23 topics listed in Plaintiffs Rule 30(b)(6) notice for CBP even though many of the topics address basic, core issues in the case like: "CBP's decision to refer the Parent Plaintiffs for prosecution" and "The facts and circumstances of CBP's separation of the Parent Plaintiffs from the Child Plaintiffs."  As another example, Defendant has refused to produce witnesses on certain topics because it produced deposition transcripts for *fact* witnesses—not Rule 30(b)(6) witnesses—that *might* be knowledgeable about the noticed topics. Plaintiffs have initiated the meet/confer process to address these frivolous objections.  Furthermore, despite persistent requests and a Court-ordered deadline of October 19, Defendant has failed to identify deposition dates or any witnesses for either notice.
- Rule 30(b)(6) deposition of the USAO-D. Arizona.  Defendant has agreed to a second session of the USAO-D. Arizona's Rule 30(b)(6) deposition.  There is a Court-ordered deadline of September 29, 2023 to complete it.  On September 21, Defendant represented that the deponent is unavailable within the Court-ordered period and that it would "promptly follow up" with dates.  Defendant has not done so.
- Compliance with this Court's August 7, 2023 Order (Dkt. 93). This Court compelled Defendant to produce certain documents (*i.e.*, the "Search 4" documents) by September 6, 2023.  Defendant has not completed this production, nor has it sought relief from the Court's order.  Defendant has represented to Plaintiffs that the review population of these documents is excessive and stated that it cannot comply with the Court's order in full until

January 2024. Defendant has asked Plaintiffs to agree to a narrower review set, but has refused to provide hit counts for a narrowing proposal offered by Plaintiffs on September 11. It is presently unclear when Plaintiffs will receive these documents.

- Deposition of Mr. Albence. Plaintiffs subpoenaed the deposition of Mr. Albence, a former deputy agency head. Defendant intends to move to quash on the ground that Mr. Albence was deposed in the Arizona litigation (and Plaintiffs have that transcript). The parties had deferred the meet/confer on Mr. Albence's deposition and the threatened motion to quash until after Defendant's anticipated completed of its production of documents in response to the Court's order at Dkt. 93, *see* Dkt. 95 at 2, but Defendant did not complete its document production within the Court-ordered period. Consequently, Plaintiffs requested Mr. Albence's availability for deposition before the Court-ordered October 19 deadline. Plaintiffs will issue a subsequent subpoena.

- Depositions of Mr. Sessions and Ms. Nielsen. On September 25, the Court granted Plaintiffs permission to depose these two former Cabinet officials. Dkt. 103 at 2. On the afternoon of September 28, Defendant provided Plaintiffs contact information for Ms. Nielsen's counsel, and Plaintiffs have initiated the meet/confer process regarding service and dates. Defendant has held discussions with Mr. Sessions, but has not provided his contact information to Plaintiffs. Plaintiffs will arrange for personal service of a subpoena. Defendant represents that it is considering seeking appellate review of the Court's order but has not made a final decision.

- Plaintiff depositions. Defendant intends only to depose the adult plaintiffs. The Government initially asked to take these depositions on the last three days of fact discovery and apparently did not spend any time during the year-long discovery period looking for appropriate interpreters. One deposition is complete and another is confirmed for October 12 and 13 (subject to meet-and-confer if there is a government shutdown). The third adult plaintiff's deposition is unscheduled because the parties have not yet agreed to an English/Mam translator for that deposition. However, the parties are endeavoring to assess a proposed translator's suitability on September 30.

In light of these issues, Plaintiffs believe that a hard deadline of October 24 for the completion of all depositions is necessary and that it should be extended only upon Court order without being subject to a vague "good cause" extension determined by the parties, as Defendant apparently contemplates.

Plaintiffs do not intend to seek summary judgment.

If Defendant moves for summary judgment, it should be compelled to do so on the existing case schedule. Defendant should not obtain an extension to this deadline based on its discovery conduct described above. However, it is probable—in light of the possible motions related to the depositions of at least CBP, DHS, and Mr. Albence—that the factual record will not yet be completely developed as of Plaintiffs' Opposition current deadline. And it is possible that expert testimony may play a role in summary judgment briefing. In these circumstances, Plaintiffs are likely to raise a Rule 56(d) objection with the Court because Defendant's conduct has inhibited discovery and prejudiced Plaintiffs' ability to oppose summary judgment.

Trial is set for May 6, 2024. Even accounting for Defendant's discovery tactics, the factual record should be fully developed months before trial. Under the schedule that Plaintiffs propose above, expert depositions will be completed before pre-trial disclosures and filings. Any continuance of the trial date would prejudice Plaintiffs, who are not at fault for the discovery issues in this case.

### B. Defendant's Statement.

#### 1. Proposed revisions to the case schedule

##### a. The Court's September 22 Order

On September 22, 2023, the parties filed a stipulation reflecting significant meet and confer efforts to accommodate the time need to conduct the IME examinations in this case and, moreover, the disclosures from experts of both Defendant and Plaintiffs. In its recent order at Dkt. 104, the Court noted that it "is unwieldy to set soft deadlines" and asked the parties to propose "hard deadlines for the Expert Disclosure, Expert Rebuttal, and Expert Discovery that are not contingent on the undersigned resolving any other disputes."

**b.     Context for remaining expert work**

To be helpful to the Court in understanding what the parties are scheduling around – and why the parties agreed to the stipulation it submitted on September 22, Defendant provides the Court with some context for the remaining expert examinations, the completion of which affects the timing of associated Expert Disclosures.

1.  The IME period will begin with neuropsychological examinations of each Plaintiff. Pursuant to the parties' agreement, that exam will be divided into parts of two days.

2.  Approximately two weeks after the completion of a Plaintiff's neuropsychological exam, each Plaintiff will have a psychiatric exam that will take place in one day's sitting.

3.  Based on careful consideration by Defendant's experts conducting the exams, they have indicated that (a) the neuropsychologists need four weeks from the date that a Plaintiff's neuropsychological exam is completed to serve their expert disclosure for that Plaintiff; and (b) the psychiatrists need three weeks from the date that a Plaintiff's neuropsychological exam is completed to serve their expert disclosure for that Plaintiff.

4.  For efficiency, the parties have agreed that the content of any Rule 35 IME report would be wrapped into an expert's initial Expert Disclosure.

5.  Because the IME period depends on a number of factors outside the control of counsel (i.e., the availability of the examiners, interpreters and Plaintiffs), the parties agreed that they will meet and confer to accommodate any scheduling issue that arises due to timing constraints that arise.

**c.     Defendant's proposed case management schedule**

Defendant proposes the below revised case management schedule to provide hard deadlines for IMEs and expert deadlines. Defendant's proposal respectfully assumes a ruling on the pending IME discovery dispute letter, Dkt. 107, within two weeks, but requests the opportunity for the parties to meet and confer to submit a revised schedule if the Court requires additional time for its ruling and, if necessary, submit any dispute to the Court in writing through a joint letter.

| Event | Current Date | Proposed Dates |
|---|---|---|
| Deadline to complete all fact depositions subject to good cause for three circumstances[1] | October 19, 2023 | October 24, 2023 |
| Summary judgment opening briefs | October 24, 2023 | October 24, 2023 (same) |
| Summary judgment opposition briefs | November 21, 2023 | November 21, 2023 (same) |
| Completion of IME exams (subject to meet and confer for good cause relating to availability of examiners, interpreters or Plaintiffs) | -- | November 22, 2023 |
| Deadline for disclosures for all non-neuropsychological experts, including Defendant's psychiatric experts, Plaintiffs mental health experts and any other experts of either party | -- | December 15, 2023[2] |
| Summary judgment replies | December 19, 2023 | December 19, 2023 (same) |
| Deadline for expert disclosures from Defendant's neuropsychologist(s) | -- | December 20, 2023[3] |
| Deadline for hearing Dispositive motions | January 18, 2024 | January 18, 2024 (same) |
| Deadline for rebuttal expert reports | -- | January 19, 2024 |
| Settlement Conference | January 30, 2024 | January 30, 2024 (same) |
| Close of expert discovery | -- | February 16, 2024 |

---

[1] Defendant believes it is necessary to have three carve-outs from the October 24 deadline for meet and confer. First, any deposition of former Attorney General Sessions and former Secretary Nielsen, who are former government employees, is subject to their schedules and availability. Second, Defendant has had difficulty locating a Mam translator that speaks the same dialect as Plaintiffs JGG and KLGG for which Plaintiffs agrees. Third, Defendant continues to undertake document review and productions in response to the Court's recent discovery orders, all of which could impact the timing of the 30(b)(6) depositions of DHS and CBP.

[2] This deadline of December 15 is necessary to provide Defendant's psychiatrists adequate time to prepare their reports/disclosure. They have indicated that they need three weeks from the time the IME is completed, hence the disclosure will come 3 weeks after the IME deadline.

[3] This deadline of December 20 is necessary to provide Defendant's neuropsychologists adequate time to prepare their reports/disclosure. They have indicated that they need four weeks from the time the IME is completed, hence the disclosure will come 4 weeks after the IME deadline.

| Deadline for pre-trial meet and confer | March 15, 2024 | March 15, 2024 (same) |
|---|---|---|
| Pre-trial filings due | March 25, 2024 | March 25, 2024 (same) |
| Pre-trial conference | April 24, 2024 | April 24, 2024 (same) |
| First day of trial | May 6, 2024 | May 6, 2024 (same) |

Defendant's proposal is reasonable. First, it provides roughly 30 days for experts to complete their IME examinations for six Plaintiffs in multiple days. The parties already agreed on this 30-day IME timeline in their September 22 filing with the Court (Dkt. 102). Second, it provides roughly three weeks thereafter for Defendant's psychiatric experts to complete their reports after the IME deadline and four weeks for the neuropsychological experts to complete their reports after the IME deadlines. The parties already agreed on these respective three/four week timelines for these experts in their September 22 filing with the Court (Dkt. 102). Third, Defendant provides a timeline for Plaintiff to provide its initial expert disclosures within a reasonable time – in two-and-a-half months from now. Especially since Plaintiffs' initial expert reports have no bearing on Defendant's IME exams, there is no reason why their experts cannot provide initial disclosures a month after IMEs have been completed. Finally, an expert rebuttal date that is over a month after initial expert disclosures is the same amount of time Plaintiffs have always had under the case management order.

### d.     Ongoing meet and confer

Defendant has offer to confer in advance of the resolution of the dispute pending at Dkt. 107 about potential dates for IMEs, understanding that no IMEs can proceed until the Court rules on the pending motion.  Defendant has already been working with its experts on proposed dates that are currently available in the calendar, with the understanding that the dates will need to be moved if the Court has not yet ruled on the pending IME dispute. To that end, Defendant already provided to Plaintiffs proposed dates for neuropsychological exams beginning later in October and into November. Defendant has offered to work with Plaintiffs' counsel on an ongoing basis to plan the exams around the availability of the examiners, interpreters and Plaintiffs.

**2.     Defendant's response to other discovery issues raised by Plaintiffs**

Plaintiff has raised a number of additional issues into this joint update.  Defendant denies Plaintiffs' accusations of dilatory or non-compliant conduct and do not find it productive. Defendant provides a brief substantive response on each issue raised by Plaintiff below.

- <u>Rule 30(b)(6) depositions of DHS and CBP</u>:  Contrary to Plaintiffs' assertion, Defendant has not refused to make witnesses available for Plaintiffs' noticed topics.  Rather, after conferring with agency counsel, as was necessary, Defendant served objections explaining Defendant's position that, among other things, certain of Plaintiffs' noticed topics are overbroad, may be fully addressed by prior deposition testimony, or may be better addressed by a witness from another agency.  Defendant's responses expressly offered to meet and confer about these topics, and the parties are in the process of those meet-and-confer discussions now.

- <u>Rule 30(b)(6) deposition of the USAO-D. Arizona</u>:  Although the 30(b)(6) witness for the USAO for the District of Arizona spent hours reviewing hundreds of documents in advance of his deposition, Plaintiffs requested that he take additional steps in preparation and sit for a limited, continued deposition.  Defendant has cooperated with that request and the parties are in the process of preparing for and scheduling that continued deposition.  Defendant recently learned that this witness, who is an active criminal prosecutor, is currently working on a time-intensive prosecution and separately underwent a medical procedure, rendering him unavailable prior to September 29, 2023.  Defendant proposes that the deadline for this continued deposition be extended to October 19, consistent with several other pending depositions in this matter.

- <u>Compliance with this Court's August 7, 2023 Order (Dkt. 93)</u>: As discussed above, Defendant searched for and commenced review of documents responsive to this Order as promptly as it could one that Order was entered.  The resulting volume of documents turned out to be much larger than anticipated, and Defendant has been transparent about that volume and proactive in trying to negotiate with Plaintiffs to prioritize the most likely responsive documents and coordinate on a production schedule.  Indeed, the parties have discussed these searches as recently as September 21 and 22, including with Defendant providing hit-count information. Defendant was not aware until this filing that Plaintiffs believed they were still waiting for hit-

count information, but the parties will continue to discuss how to handle this large volume of documents in good faith.

- <u>Deposition of Mr. Albence</u>:  The parties' prior stipulation regarding the deposition of Mr. Albence contemplated further meet-and-confer about that deposition after the completion of the production of Mr. Albence's documents.  As discussed above, Defendant's productions continue, and Defendant has proposed a schedule for the remainder those productions, which Plaintiff has not responded to.  Nevertheless, at Plaintiffs' request, the parties have recently begun negotiations regarding this deposition.  Those negotiations remain ongoing at this time.

- <u>Depositions of Mr. Sessions and Ms. Nielsen</u>.  Defendant does not control either witness since they are former employees. Upon authorization of Ms. Nielsen's counsel, Defendant's counsel immediately provided his contact information to Plaintiffs' counsel. Counsel for Defendant does not represent Mr. Sessions, who has indicated that he may be in the process of obtaining counsel and has not authorized counsel for the United States to act on his behalf.  At the time of this writing, counsel for Defendant continues to confer with Plaintiffs' counsel on a daily basis about these depositions.

- <u>Plaintiff depositions</u>.  Defendant has only taken the deposition of one adult Plaintiff to date not for a lack of trying, but due to interpreter issues. The deposition currently scheduled of WPG on October 12-13 was cancelled multiple times for reasons relating to interpretation (including Covid). Defendant has been unable to complete the deposition of JGG because (a) there are very limited options nationwide for an interpreter speaking his family's dialect, (b) Plaintiffs' counsel had previously retained an interpreter that Defendant located, thereby creating a conflict, and (c) we are in the midst of scheduling a test with a newly located interpreter. Defendant will make best efforts to complete the deposition of JGG by October 24 but there is no prejudice to Plaintiffs if due to interpreter issues the date extends several weeks past then.

Dated:  September 29, 2023                                          KEKER, VAN NEST & PETERS LLP

By: <u>  /s/ Travis Silva  </u>

|   |   |
|---|---|
|   | BROOK DOOLEY |
|   | TRAVIS SILVA |
|   | CHRISTOPHER S. SUN |
|   | CHRISTINA LEE |
|   | JACQUELINE CONCILLA |
|   | EVAN H. MCINTYRE |
|   | Attorneys for Plaintiffs |

Dated: September 29, 2023

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA

By: */s/ Victoria Petty*
JORDAN WELLS
VICTORIA PETTY

Attorneys for Plaintiffs

Dated: September 29, 2023

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA

By: */s/ Bree Bernwanger*
BREE BERNWANGER

Attorneys for Plaintiffs

Dated: September 29, 2023

UNITED STATES ATTORNEY

By: */s/ Kelsey J. Helland*[4]
ISMAIL J. RAMSEY
MICHELLE LO
KENNETH J. HELLAND
KELSEY J. HELLAND

Attorneys for Defendant

---

[4] In compliance with Civil Local Rule 5-1(h)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.