1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILBUR P.G., et al.,

           Plaintiffs,

   v.

UNITED STATES OF AMERICA,

           Defendant.

Case No.  4:21-cv-04457-KAW

**ORDER REGARDING JOINT DISCOVERY LETTER RE: FOIA MEMO; ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE EXHIBIT**

[Discovery Letter #12]

Re: Dkt. Nos. 99, 100

## MOTION FOR LEAVE TO FILE EXHIBIT

Plaintiffs filed an administrative motion for leave to file the "Mitnick Memo" as an exhibit to this joint letter. (Mot., Dkt. No. 100.)  The Government opposes the motion on the grounds that the undersigned's standing order does not permit such exhibits, and "the standing order does not contemplate that parties may request leave of court to submit an exhibit…." (Def.'s Opp'n, Dkt. No. 101 at 1.)  While the Government is correct that the standing order generally limits exhibits to joint letters, it is mistaken that Plaintiffs are not permitted to seek leave of court to submit exhibits that would otherwise be disallowed.  Indeed, Plaintiffs' seeking of leave was proper, and the Court is appreciative that they sought leave instead of merely filing the otherwise impermissible exhibit with the joint letter.

Accordingly, Plaintiffs' motion for leave to file the exhibit is GRANTED, and the Court will consider the memo, which is also attached as Exhibit A to the joint letter.

## JOINT LETTER

On September 15, 2023, the parties filed four joint discovery letters. The instant discovery dispute concerns whether the Government may continue to claim privilege over certain documents

United States District Court
Northern District of California

1    related to the "Mitnick Memo," which was disclosed to a third party under FOIA. (Joint Letter,

2    Dkt. No. 99.)   The "Mitnick Memo" is a memo written by DHS General Counsel John M.

3    Mitnick, dated April 24, 2018 and titled "Criminal Prosecution of Aliens Who Entered

4    Unlawfully: Legal Guidance on Potential Separation of Family Members." (Memo, Joint Letter,

5    Ex. A at 3.)

6         The Government claimed privilege over the Mitnick Memo, and all communications

7    related to it, for over a year. *Id.* at 2.  On September 6, 2023, Plaintiffs' counsel learned that, in

8    2022, the Government had released the memo in response to a FOIA request that specifically

9    sought the Mitnick Memo. *Id.*  On September 13, 2023, the Government withdrew its privilege

10   assertion over the Mitnick Memo, but continues to claim that the related communications are

11   privileged. (Privilege Log, Joint Letter, Ex. B.)  Now, Plaintiffs seek to compel the disclosure of

12   the related communications on the grounds that the FOIA disclosure constituted subject matter

13   waiver. (Joint Letter at 1.)

14        **A.     Timeliness of Dispute**

15        As an initial matter, the Government chastises Plaintiffs for raising this issue for the first

16   time two days before the close of fact discovery. (Joint Letter at 6.)  Considering that the

17   Government was presumably unaware that its own document was made public in 2022, and that it,

18   therefore, failed to timely produce it, the Court is surprised that the Government takes issue with

19   the timing.  Nonetheless, the Court finds that the dispute is timely, and that the Government

20   should have known the Mitnick Memo was made public, and that it was responsible for producing

21   it unredacted.

22        **B.     Subject Matter Waiver**

23        The Mitnick Memo opines that "to the extent that there is any consideration of separating

24   adults and children through the immigration process, our legal position is likely strongest in those

25   cases in which separation occurs in connection with a referral of an adult family member for

26   criminal prosecution." (Memo, Joint Letter, Ex. A at 3[1].)  As Plaintiffs argue, this strongly

27

28   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     [1] Internal pagination of the memo. The first two pages of the exhibit are the cover letter releasing
     the document under FOIA, while the last three pages are the memo itself.

2

1    suggests that family separation was a conscious policy goal, and that DHS had sought advice on

2    ways to justify family separation in the communications that have been withheld. (*See* Joint Letter

3    at 2.)

4         Even so, generally, the voluntary disclosure of an otherwise privileged communication

5    waives privileged for only that communication. Fed. R. Evid. 502(a).  "[A] subject matter waiver

6    (of either privilege or work product) is reserved for those unusual situations in which fairness

7    requires a further disclosure of related, protected information in order to prevent a selective and

8    misleading presentation of evidence to the disadvantage of the adversary." Fed. R. Evid. 502

9    (Advisory Committee Notes). "The idea is to limit subject matter waiver to situations in which the

10   privilege holder seeks to use the disclosed material for advantage in the litigation but to invoke the

11   privilege to deny its adversary access to additional materials that could provide an important

12   context for proper understanding of the privileged materials." *Century Aluminum Co. v. AGCS*

13   *Marine Ins. Co.*, 285 F.R.D. 468, 472 (N.D. Cal. 2012) (citation omitted).

14        As an initial matter, the Government claims that the FOIA disclosure of the Mitnick Memo

15   was in error. (Joint Letter at 4.)  The Court finds this characterization disingenuous.  The DHS

16   cover letter accompanying the FOIA-produced memo clearly states that the FOIA request was

17   specifically for the Mitnick Memo, and that, "[a]fter carefully reviewing the responsive

18   documents," the memo "is appropriate for public release." (Joint Letter, Ex. A at 1.)  Thus, more

19   accurately, defense counsel was unaware that the document was made public, and the Government

20   did not do its due diligence in making its document productions.

21        Nonetheless, while this and other similar cases were pending at the time of the FOIA

22   production, the memo was not produced during this litigation and the Government's prior claim of

23   privilege supports its position that the document was not intentionally disclosed for a litigation

24   advantage.  As the Government correctly argues, "[t]he whole point of the subject-matter waiver

25   doctrine is to make sure a selective disclosure does not misrepresent the truth; it is not meant to

26   confirm the disclosure." (*See* Joint Letter at 6.)  Thus, while the Court may agree that the Mitnick

27   Memo suggests that family separation was a policy goal of the Zero Tolerance Policy, rather than

28   an unfortunate byproduct, the undersigned cannot find that the memo's disclosure constitutes a

United States District Court
Northern District of California

3

1    subject matter waiver over the related communications.

2            Accordingly, Plaintiffs' request to compel those documents is DENIED.

3            This order disposes of Dkt. Nos. 99 & 100.

4            IT IS SO ORDERED.

5    Dated: October 3, 2023

6                                               _____
                                                KANDIS A. WESTMORE
7                                               United States Magistrate Judge

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28