UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR P.G., et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 4:21-cv-04457-KAW <br><br> **ORDER REGARDING 10/6/23 STATUS CONFERENCE** |

The Court continued the status conference to Friday, October 6, 2023, at 2:00 PM, because the parties failed to timely file their joint status report. To aid the parties in their preparation for the status conference, the parties shall be prepared to discuss the following topics and shall provide additional information as directed below:

**1. Remaining Case Deadlines**

Upon review of the parties' status report, the Court is inclined to adopt the following amended case schedule (unaltered dates are italicized):

| Event | Date |
|---|---|
| Deadline to complete all fact depositions | November 7, 2023 |
| Summary judgment opening briefs[1] | November 14, 2023 |
| Summary judgment opposition briefs | December 8, 2023 |
| Deadline for expert disclosures from Defendant's neuropsychologist(s) (if any) | December 1, 2023 |
| Deadline for all other expert disclosures | December 15, 2023 |
| Summary judgment replies | December 29, 2023 |

---

[1] The parties are reminded of their obligation to lodge chambers copies of all dispositive motions in both hard copy and electronically in Word (.docx) in accordance with ¶¶ 5-6 of the undersigned's standing order, which requires that compliant chambers copies be received within three days of filing.

| *Dispositive motions heard on:* | *January 18, 2024* |
|---|---|
| *Settlement Conference* | *January 30, 2024* |
| Deadline for rebuttal expert reports | February 2, 2024 |
| Close of expert discovery | March 1, 2024 |
| *Deadline for pre-trial meet and confer* | *March 15, 2024* |
| *Pre-trial filings due* | *March 25, 2024* |
| *Pre-trial conference* | *April 24, 2024* |
| *First day of trial* | *May 6, 2024* |

The undersigned will not preemptively set "carve outs" from the fact deposition deadline to complete certain depositions but has extended the time to complete fact depositions. If the depositions are unable to go forward prior to the deadline, the parties shall seek relief at that juncture. The parties are further advised that the Court is not inclined to shorten the time for the apex depositions, so the parties and non-party deponents should consider that during their meet and confer efforts.

The parties are ordered to meet and confer regarding the schedule above, and, if these or similar deadlines are amenable, they shall file a stipulation regarding these remaining case deadlines on or before October 5, 2023.

**2. Outstanding Fact Depositions**

Based on the joint status report, Defendant appears to have failed to satisfy its discovery obligations. While the Court acknowledges that numerous, similar cases are pending nationwide, that does not relieve the Government of its discovery obligations in each individual case. The Court notes that it is improper for Defendant to object to deposition topics on the grounds that the topics may have been addressed in prior deposition testimony or to fail to timely provide witness availability for outstanding depositions. (*See* Status Report, Dkt. No. 108 at 6, 12.) Similarly, in the absence of an agreement otherwise, the Government cannot defy a deposition notice by producing deposition transcripts in other proceedings. *See id.* at 6.

Accordingly, the parties are ordered to meet and confer regarding the scheduling of all outstanding fact depositions, including Plaintiffs' individual depositions, and they shall be prepared to discuss at the status conference. To aid the Court in this discussion, the parties are ordered to file a supplemental status report by Thursday, October 5, 2023, in chart form, which contains a list of the outstanding fact depositions, when they are currently expected to go forward,

and a brief explanation regarding timing.

### 3. Outstanding Document Production

Defendant also appears to be behind on its document production. The Court notes that Defendant has not sought leave of court for extensions of time to produce despite several deadlines being set by court order. As a result, Defendant appears to have possibly violated multiple court orders. Defendant should be prepared to update the Court regarding the status of its various productions and when they are expected to be complete.

On a related note, any attempts to excuse untimely productions by comparing the number of documents produced by Plaintiffs and Defendant are not well received, as the Government would be expected to produce far more documents in this litigation than six individual plaintiffs. (*See* Status Report at 2.)

The Court looks forward to having a productive status conference on.

IT IS SO ORDERED.

Dated: October 3, 2023

_____
KANDIS A. WESTMORE
United States Magistrate Judge