KEKER, VAN NEST & PETERS LLP
BROOK DOOLEY - # 230423
bdooley@keker.com
TRAVIS SILVA - # 295856
tsilva@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
JACQUELINE CONCILLA - # 335733
jconcilla@keker.com
EVAN H. MCINTYRE - # 349409
emcintyre@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
JORDAN WELLS - # 326491
jwells@lccrsf.org
VICTORIA PETTY - # 338689
vpetty@lccrsf.org
131 Steuart Street #400
San Francisco, CA 94105
Telephone:     415 543 9444

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
BREE BERNWANGER - # 331731
bbernwanger@aclunc.org
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Attorneys for Plaintiffs

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
KENNETH W. BRAKEBILL (CABN 196696)
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorneys
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7167
Fax: (415) 436-6748
kelsey.helland@usdoj.gov
kenneth.brakebill@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR P. G.; WILFREDO BALTAZAR P. E. a minor child; ERENDIRA C. M.; YASMIN ALICIA M. C. a minor child; JOSHUA G. G.; and KARL LUIS G. G. minor child,<br><br>            Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | Case No. 4:21-cv-04457-KAW<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     October 10, 2023<br>Time:     1:30pm<br>Dept.:    Remote via Videoconference or Zoom<br>Judge:    Hon. Kandis A. Westmore<br><br>Date Filed: June 10, 2021<br><br>Trial Date:  May 6, 2024 |

The parties submit this Further Joint Case Management Statement in response to the Court's October 3, 2023 Order Regarding October 6, 2023 Status Conference, Dkt. 114 ("Order").

I.   **CASE SCHEDULE (SECTION 1 OF THE ORDER)**

The parties agree to the case schedule set forth in the Order and, as instructed, will file a separate stipulation.

II.  **OUTSTANDING FACT DEPOSITIONS (SECTION 2 OF COURT ORDER)**

A.   **Deposition to be taken by Plaintiffs**

| Deponent | Date | Status/Note |
|---|---|---|
| Genaro Rodriguez (CBP Agent) | 10/11 | Confirmed, pending obtaining court reporter |
| Shawn Jordan (CBP Agent) | 10/17 | Confirmed |
| US Attorney's Office (D. Ariz.) | 10/19 | Confirmed |
| Jefferson Sessions | Not set | • Mr. Sessions's lawyer is not authorized to accept service of a deposition subpoena.<br>• Plaintiffs will attempt manual service with a notice date of 10/26, but are willing to confer about specific dates.<br>• Mr. Sessions has indicated that he will move to quash in the District of compliance |
| Kirstjen Nielsen | Not set | • Ms. Nielsen's lawyer is not authorized to accept service of a deposition subpoena.<br>• Plaintiffs will attempt manual service with a notice date of 10/30, but are willing to confer about specific dates. |
| Matthew Albence (former ICE agency head) | Not set | • Plaintiffs served Mr. Albence with a deposition subpoena on July 21, 2023. Parties agreed to defer after Court compelled production of Mr. Albence's documents (Dkt. 103).<br>• Due to the large volume of documents requiring review, Defendant's relevant document production is incomplete and past the Court-ordered deadline, which Plaintiffs state impacts Plaintiffs' ability to depose Mr. Albence.<br>• The parties continue to negotiate the schedule of |

| | | |
|---|---|---|
| | | these productions, with the mutually expressed goal of completing the productions of Mr. Albence's custodial documents in advance of his deposition.<br>• Defendant has indicated that, unless Plaintiffs accept time and scope limits for this deposition, it may file a motion to quash on the grounds that the parties previously agreed that Plaintiffs could use Mr. Albence's testimony from the Arizona litigation as if it was taken in this litigation.  Plaintiffs rejected those limits on 10/5.  Defendant will provide its position by 10/10. |
| Customs and Border Protection 30(b)(6) | Not set | • Noticed by Plaintiffs on July 17, 2023<br>• The parties are negotiating the scope of the noticed topics, which impacts the identity of the deponent.<br>• Defendant has not provided location information or suggested a date, because the aforementioned negotiations remain ongoing.<br>• Plaintiffs propose 11/6 |
| Dept. of Homeland Security 30(b)(6) | Not set | • Noticed by Plaintiffs on August 2, 2023<br>• The parties are negotiating the scope of the noticed topics, which impacts the identity of the deponent<br>• Defendant has not provided location information or suggested a date, because the aforementioned negotiations remain ongoing<br>• Plaintiffs propose 11/7 |

**B.  Depositions to be taken by Defendant**

| Name | Date | Explanation |
|---|---|---|
| Raquel Perez-Escobosa | 10/11 | Confirmed |
| Plaintiff WPG | 10/12-10/13 | Confirmed |
| Plaintiff JGG | By 11/7 | The parties are conferring on the interpreter and Plaintiff's availability |
| William Martinez | By 11/7 | The parties and witness are conferring on availability |

**C.  Depositions of Mr. Sessions and Ms. Nielsen**

**Plaintiffs' statement**.  After the Court granted Plaintiffs leave to depose Mr. Sessions and

Ms. Nielsen (Dkt. 103), Defendant asked to confer with Plaintiffs about scope and time limitations and indicated that it may seek *in this Court* a motion for "clarification" of the Court's order. *See* Dkt. 111 at 1, 2 (unapproved stipulation setting out parties' agreed-upon time frame). Plaintiffs view any such motion as an effort to circumvent Paragraph 14(a)(iii) of this Court's Standing Order, as such a motion would be a "second bite" at the "final position" apple. Nevertheless, Plaintiffs agreed to confer. Although this "Court is not inclined to shorten the time for the apex depositions," Dkt. 114 at 2, Defendant maintains that Plaintiffs are not entitled to "anything more than, say, 2-3 hours apiece," relying on a patent case in which five apex depositions were compelled. Defendant then took the position that it had no position as to whether it would seek to clarify this Court's previous order while simultaneously representing that it might seek relief from courts in the District where compliance is sought. Plaintiffs believe that this Court, having issued two orders touching on these depositions (Dkts. 103 and 114 at 2:9), is the proper Court for Defendant to raise this issue. Defendant's tactics also inject the possibility of additional delay, when the contemplated motions to quash could affect summary judgment briefing.

**Defendant's statement**. Defendant has been conferring in good faith on the depositions of Mr. Sessions and Ms. Nielsen. First, Defendant informed Plaintiffs' counsel that Mr. Sessions and Ms. Nielsen are represented by counsel and provided their contact information. Plaintiffs' counsel has been discussing subpoenas and availability directly with their attorneys. Second, Defendant timely raised an issue about the scope and duration of the depositions since the Court's order granting leave for Plaintiffs to depose Mr. Sessions and Ms. Nielsen did not specifically address those two issues. Hence, in the parties' very first meet and confer session on September 27 regarding deposition scheduling, Defendant raised the question. Further, Defendant asked to include language in the October 3 scheduling stipulation to apprise the Court of a potential issue among the parties. The next day, as part of the meet and confer process, Defendant then put its position in writing for Plaintiffs on these two issues, squarely asking Plaintiffs the reasoning for their positions. (Defendant noted that the specific topic at issue in the apex briefing was the intent and knowledge of Mr. Sessions and Ms. Nielsen as to the goals that Defendant sought to achieve

in adopting the Zero-Tolerance Policy and the Referral Memorandum; and Defendant pointed out that the mere fact that Mr. Sessions and Ms. Nielsen have unique knowledge of their intent is insufficient to transform their apex depositions into unlimited deposition time and scope. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 265 (N.D. Cal. 2012) (even with a quintessential "apex" witness, evidence of "unique knowledge is insufficient to warrant unrestricted deposition time and subject matter"; granting a two-hour deposition).) On October 5, Defendant indicated to Plaintiffs that they will be considering Plaintiffs' newest position—offered hours ago—and will have a final position by the status conference on October 10. Defendant also denies that it is in any way seeking to delay depositions of Mr. Sessions or Ms. Nielsen. Defendant recognizes that both Mr. Sessions and Ms. Nielsen, who are former employees, are free to pursue their own remedies in compliance districts. Defendant learned today that Mr. Sessions will be moving to quash his subpoena, once served; and Defendant is not aware of any decision by Ms. Nielsen. Defendant will not itself be seeking relief in the districts in which the subpoenas are served.

### III. OUTSTANDING DOCUMENT PRODUCTION (SECTION 3 OF ORDER)

**Plaintiffs' statement**.  After the Court issued the Order, Defendant disclosed additional ways in which it is out of compliance with this Court's August 7, 2023 Order (Dkt. 93), and Defendant's non-compliance affects deposition timing.  Defendant had already disclosed, and the Court was already aware (*see* Dkt. 108 at 1), that the Court-compelled production of certain documents from the Department of Homeland Security remains incomplete weeks after the relevant deadline.  As the Court has noted, Defendant has not sought relief in this Court (Dkt. 114 at 3), but instead asked Plaintiffs to agree to informal relief.  The Plaintiffs made a "go forward" proposal to resolve Defendant's non-compliance on October 3.  Then, Defendant made a new disclosure on October 3, when it informed Plaintiffs that the Department of Health and Human Services, which had agreed to search terms in response to Dkt. 93 with a compliance date of September 28, had approximately 30,000 documents still to review before it could comply with Dkt. 93.  Because Defendant disclosed this issue on October 3, the Court is not yet aware of this second non-compliance issue.

1    Defendant's failure to comply with the Court's Order prejudices Plaintiffs in at least four
2  ways.  First, Defendant is still producing custodial documents for Mr. Albence, prejudicing
3  Plaintiffs' ability to prepare for and take his deposition.  Plaintiffs confront the Hobson's choice
4  of <u>either</u> deposing Mr. Albence (who lives outside the Court's subpoena power and thus cannot
5  be compelled to testify at trial) before the November 7 deposition cut-off but without having
6  received all of his documents <u>or</u> seeking leave to defer his deposition, which could have attendant
7  consequences for summary judgment deadlines.  Second, Defendant is still producing documents
8  relevant to at least the DHS 30(b)(6) deposition, prejudicing Defendant's ability to prepare and,
9  potentially, to take that deposition before November 7 and raising the same timing issues as for
10 Mr. Albence.  Third, if Defendant untimely produces documents that Plaintiffs determine they
11 would use at trial, Plaintiffs would have no opportunity to use depositions to lay a foundation for
12 such documents so that they can be brought into evidence at trial.  Fourth, Plaintiffs and the Court
13 are forced to dedicate substantial efforts to monitoring Defendant's failure to comply with the
14 Court's order, detracting from their ability to prepare for summary judgment and trial.  Indeed,
15 Defendants should have put any specific burden claims before this Court when it briefed the
16 relevant discovery disputes, so that this Court would not be forced to consider any of these issues
17 anew.

18    Some, but not all, of these issues could be remedied by trial depositions about untimely-
19 produced documents.  Plaintiffs will continue to confer with Defendant about Defendant's
20 document-production issues, which also include large productions of documents without metadata
21 or Bates stamps.  Simultaneously, Plaintiffs are evaluating a potential sanctions motion.

22    **Defendant's Statement**.  The parties are actively discussing the schedule of Defendant's
23 remaining document productions, and there is no ripe dispute on this issue requiring judicial
24 action at this time.  As Defendant noted in its briefing and informed Plaintiffs multiple times in
25 the subsequent meet and confer, even collecting these documents and processing them for "hit
26 counts" is a burdensome and time-consuming process that can take several weeks for the relevant
27 agencies due to the need to submit the requests to eDiscovery vendors; Defendant therefore did
28 not have that information available during the parties' initial meet and confers on these searches.

1  Nevertheless, Defendant promptly and transparently informed Plaintiffs of the large volume—
2  more than 80,000—of documents returned by these searches as Defendant obtained that
3  information, and since that time the parties have been discussing ways to prioritize the documents
4  of most importance to Plaintiffs, including, in particular, prioritizing the review and production of
5  Mr. Albence's custodial documents.  As noted above, the parties are negotiating a schedule for
6  the production of his remaining documents with the goal of completing those productions well in
7  advance of any deposition of Mr. Albence.  Indeed, Defendant has committed to complete the
8  production of the bulk of Mr. Albence's documents by October 13, and Defendant expects to be
9  able to complete the production of his remaining documents not long thereafter, and in any event
10 well before the Court's November 7 deadline for fact depositions.  Thus, Plaintiffs' purported
11 Hobson's choice is a false construct that does not take into account the parties' negotiations on
12 this issue.

     Because the parties have made progress on these issues without requiring judicial
13
14 intervention, Defendant has not yet requested any relief from the Court regarding the production
15 schedules.  Defendant remains optimistic that the parties will be able to negotiate a resolution to
16 these issues that will not require further action from the Court.

Dated: October 5, 2023                                          KEKER, VAN NEST & PETERS LLP

                                                       By:   /s/ Travis Silva

                                                             BROOK DOOLEY
                                                             TRAVIS SILVA
                                                             CHRISTOPHER S. SUN
                                                             CHRISTINA LEE
                                                             JACQUELINE CONCILLA
                                                             EVAN H. MCINTYRE

                                                             Attorneys for Plaintiffs

| | | |
|---|---|---|
| Dated: October 5, 2023 | | LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA |
| | By: | */s/ Jordan Wells*<br>JORDAN WELLS<br>VICTORIA PETTY |
| | | Attorneys for Plaintiffs |
| Dated: October 5, 2023 | | AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA |
| | By: | */s/ Bree Bernwanger*<br>BREE BERNWANGER |
| | | Attorneys for Plaintiffs |
| Dated: October 5, 2023 | | UNITED STATES ATTORNEY |
| | By: | */s/ Kenneth W. Brakebill*<br>ISMAIL J. RAMSEY<br>MICHELLE LO<br>KENNETH W. BRAKEBILL<br>KELSEY J. HELLAND |
| | | Attorneys for Defendant |