KEKER, VAN NEST & PETERS LLP
BROOK DOOLEY - # 230423
bdooley@keker.com
TRAVIS SILVA - # 295856
tsilva@keker.com
CHRISTOPHER S. SUN - # 308945
csun@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
JACQUELINE CONCILLA - # 335733
jconcilla@keker.com
EVAN H. MCINTYRE - # 349409
emcintyre@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA
JORDAN WELLS - # 326491
jwells@lccrsf.org
VICTORIA PETTY - # 338689
vpetty@lccrsf.org
131 Steuart Street #400
San Francisco, CA 94105
Telephone:     415 543 9444

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF NORTHERN CALIFORNIA
BREE BERNWANGER - # 331731
bbernwanger@aclunc.org
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Attorneys for Plaintiffs

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
KENNETH W. BRAKEBILL (CABN 196696)
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7167
Fax: (415) 436-6748
kelsey.helland@usdoj.gov
kenneth.brakebill@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR P. G.; WILFREDO BALTAZAR P. E. a minor child; ERENDIRA C. M.; YASMIN ALICIA M. C. a minor child; JOSHUA G. G.; and KARL LUIS G. G. minor child,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. 4:21-cv-04457-KAW<br><br>**STIPULATION AND ORDER REGARDING DEFENDANT'S DOCUMENT PRODUCTION**<br><br>Judge:　　　Hon. Kandis A. Westmore<br><br>Date Filed: June 10, 2021<br><br>Trial Date: May 6, 2024 |

WHEREAS, on August 7, 2023, the Court entered an order ("Order," Dkt. 93) compelling Defendant to produce certain documents;[1]

WHEREAS, the Order compels the production of documents responsive to Plaintiffs' proposed "Search 4," for reunification-related documents from Immigration and Customs Enforcement, by September 6, 2023 (Dkt. 93);

WHEREAS, Defendant has not completed its production of Search 4 reunification-related documents from ICE or sought relief from the Court. Defendant's forthcoming Search 4 production includes documents from ICE custodian Matthew Albence, whose deposition in this matter is tentatively scheduled for the first week of November;

WHEREAS, the Order further compels the production of documents responsive to Plaintiffs' proposed "Search 3," which seeks "policy-level" documents about the Zero-Tolerance Policy and its implementation gathered from "plaintiff-specific" Government custodians who interacted directly with Plaintiffs, within thirty (30) days of the Parties' agreement on search terms (Dkt. 93);

WHEREAS, the Order also compels Defendant to produce documents responsive to Plaintiffs' Requests for Production 87-89, which seek documents related to family separation and reunification that the Department of Health and Human Services sent to the Government contract shelters that housed the minor Plaintiffs after they were separated from their parents, within thirty (30) days of the Parties' agreement on search terms (Dkt. 93);

WHEREAS, the Parties agreed to search terms for Search 3 and RFPs 87-89 on August 29, 2023, and the Court-ordered deadline to produce responsive documents was therefore September 28, 2023;

WHEREAS, Defendant notified Plaintiff on September 28, 2023, "that HHS experienced a delay receiving the results of its searches from its eDiscovery contractor" but that, as of that date, HHS had received the data and was prioritizing its review;

WHEREAS, HHS shared hit counts for the searches, which returned approximately 30,000 documents, on October 3, 2023, and proposed several ways to narrow the agreed-upon terms;

---

[1] Plaintiffs encountered technical difficulties while filing this joint stipulation; this version represents the Parties' final agreement.

WHEREAS, Plaintiffs raised Defendant's failure to timely produce documents in response to Search 3, Search 4, and RFPs 87-89 with the Court (*see* Dkts. 108, 118) and the Court ordered the Parties to meet and confer regarding Defendant's document production and to submit a stipulation and proposed order with agreed upon dates by which Defendant will produce all remaining documents (Dkt. 120);

THEREFORE, subject to the Court's approval, the Parties stipulate as follows:

1. The Parties agree that the Order and the Parties' subsequent and related agreements regarding search terms should be amended to the revised search terms for Search 3, Search 4, and RFPs 87-89 set forth in Exhibit A;

2. Defendant will produce all of Mr. Albence's Search 4 documents by October 25, 2023;

3. Defendant will not move to quash Mr. Albence's deposition or seek to limit its scope;

4 Defendant will produce the remaining Search 4 documents from ICE by November 10, 2023;

5. Defendant will produce all Search 3 and RFP 87-89 documents from HHS by January 15, 2024;

6. Defendant will continue to produce ESI metadata for all documents it produces and agrees to promptly confer with Plaintiffs about any deficiencies regarding the metadata for documents it has produced or will produce;

7. Defendant agrees to two Rule 30(b)(6) depositions, not to exceed five hours each of on-the-record time, regarding these documents. One deposition will be of DHS/ICE and the other will be of HHS. The scope of these depositions will be limited to the documents produced after October 27, 2023. The depositions will be further limited to issues regarding the authenticity and admissibility of documents produced after October 27, 2023 and to the subject matter underlying such documents. The Parties agree to confer further regarding the nature of the testimony regarding authenticity and admissibility that Plaintiffs seek. Plaintiffs agree to identify a reasonable number of particular documents about which they will seek testimony, not to exceed 100 documents per deponent, and agree to provide a list of such documents to Defendant at least 15 days in advance of

deposition, and to make best efforts to provide the list more than 15 days in advance.  The Parties agree that, in the interest of conserving party resources, these depositions shall take place in February 2024, if necessary, following the currently scheduled settlement conference.

8. Because the documents still under production focus on ICE and HHS's planning for family reunification (and Plaintiffs' allegations regarding the lack of such planning) and HHS's coordination with contract shelters regarding family separation and reunification (and Plaintiffs' allegations regarding the lack of such coordination), and because such production will continue through the summary judgment briefing period, Defendant acknowledges that Plaintiffs reserve the right to object under Federal Rule of Civil Procedure 56(d) to any summary judgment arguments raised by Defendants regarding (i) ICE or HHS's planning for family reunification and/or (ii) coordination between HHS and contract shelters.  Except to that extent, this agreement does not preclude Defendant from raising generally-applicable jurisdictional defenses at summary judgment. This agreement does not restrict Plaintiffs' ability to oppose summary judgment.

**IT IS SO STIPULATED.**

Dated:  October 13, 2023                                KEKER, VAN NEST & PETERS LLP

                                                        By:   */s/ Travis Silva*
                                                              BROOK DOOLEY
                                                              TRAVIS SILVA
                                                              CHRISTOPHER S. SUN
                                                              CHRISTINA LEE
                                                              JACQUELINE CONCILLA
                                                              EVAN H. MCINTYRE

                                                              Attorneys for Plaintiffs

| | | |
|---|---|---|
| Dated: October 13, 2023 | | LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA |
| | By: | */s/ Jordan Wells*<br>JORDAN WELLS<br>VICTORIA PETTY |
| | | Attorneys for Plaintiffs |
| Dated: October 13, 2023 | | AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA |
| | By: | */s/ Bree Bernwanger*<br>BREE BERNWANGER |
| | | Attorneys for Plaintiffs |
| Dated: October 13, 2023 | By: | ISMAIL J. RAMSEY<br>United States Attorney |
| | | */s/ Kenneth W. Brakebill*<br>KENNETH W. BRAKEBILL<br>KELSEY J. HELLAND<br>Assistant United States Attorneys<br>Attorneys for Defendant |

## ECF ATTESTATION

In accordance with Civil Local Rule 5(i)(3), I, Travis Silva, attest that I have obtained concurrence in the filing of this document from all other signatories listed here.

**ORDER**

Pursuant to stipulation, IT IS SO ORDERED that:

1. Search 3, Search 4, and the searches corresponding to RFPs 87-89 are amended as set forth in Exhibit A;

2. Defendant will produce all of Mr. Albence's Search 4 documents by October 25, 2023;

3. Defendant will not move to quash Mr. Albence's deposition or seek to limit its scope;

4. Defendant will produce the remaining Search 4 documents from ICE by November 10, 2023;

5. Defendant will produce all Search 3 and RFP 87-89 documents from HHS by January 15, 2024;

6. Defendant will continue to produce ESI metadata for all documents it produces and will promptly confer with Plaintiffs about any deficiencies regarding the metadata for documents it has produced or will produce;

7. Defendant will produce witnesses for two Rule 30(b)(6) depositions, not to exceed five hours each of on-the-record time, regarding documents produced after October 27, 2023. One deposition will be of DHS/ICE and the other will be of HHS. The depositions will be limited to issues regarding the authenticity and admissibility of documents produced after October 27, 2023 and to the subject matter underlying such documents. The Parties will confer further regarding the nature of the testimony regarding authenticity and admissibility that Plaintiffs seek. Plaintiffs will identify a reasonable number of particular documents about which they will seek testimony, not to exceed 100 documents per deponent. Plaintiffs will provide a list of such documents to Defendant at least 15 days in advance of deposition, and will make best efforts to provide the list more than 15 days in advance. These depositions shall take place in February 2024, if necessary, following the currently scheduled settlement conference.

8. Because the documents still under production focus on ICE and HHS's planning for family reunification (and Plaintiffs' allegations regarding the lack of such planning) and HHS's coordination with contract shelters regarding family separation and reunification (and Plaintiffs'

allegations regarding the lack of such coordination), and because such production will continue through the summary judgment briefing period, Defendant acknowledges that Plaintiffs reserve the right to object under Federal Rule of Civil Procedure 56(d) to any summary judgment arguments raised by Defendants regarding (i) ICE or HHS's planning for family reunification and/or (ii) coordination between HHS and contract shelters.  Except to that extent, this Order does not preclude Defendant from raising generally-applicable jurisdictional defenses at summary judgment.  This Order does not restrict Plaintiffs' ability to oppose summary judgment.

**SO ORDERED.**

DATED: October 17, 2023

_____
HON. KANDIS A. WESTMORE
United States Magistrate Judge

# EXHIBIT A

# Exhibit A
*P.G. et al. v. United States* – Parties' Edits to Court-Ordered and Agreed-Upon Searches

I. **Search 4: Reunification-Related Search Term for ICE**
   a. <u>Custodians:</u>
      i. Kenneth Kazlauskas
      ii. James Vance
      iii. ICE Common Discovery Custodians (including Matthew Albence)
   b. <u>Search Term:</u>
      i. (Reuni* OR track*) w/10 (immigrat* OR migrant* OR famil* OR alien* OR parent* OR mother* OR father* OR guardian* OR child* OR kid* OR toddler* OR infant* OR daughter* OR son* OR minor* OR FAMU OR FMAU OR FMUA OR UAC* or unaccompan* OR separat*)
   c. <u>Date Range:</u> Same as Common Discovery ICE Custodians

II. **Search 3: "Plaintiff-Specific" "Policy-Level" HHS Documents**
   a. <u>Custodians:</u>
      i. Dana Kiett
      ii. Mark Boss
   b. <u>Search Terms:</u> Same as Common Discovery HHS Search Terms
   c. <u>Date Range:</u> Same as Common Discovery HHS Date Range

III. **Requests for Production 87-89**
   a. <u>Custodians:</u>
      i. Dana Kiett
      ii. Mark Boss
      iii. Ivonne Velasquez
      iv. Jill Volovar
   b. <u>Search Terms:</u>
      i. Separat* w/5 (famil* OR FAMU OR FMUA OR child* OR kid* OR parent* OR mother* OR father*) AND (@cayugacenters.org or @swkey.org)
      ii. prosecut* w/5 (place* OR refer*) AND (@cayugacenters.org or @swkey.org)
      iii. "Zero Tolerance" w/10 (child* OR famil* OR father* OR guardian* OR infant* OR kid* OR minor* OR mother* OR parent* OR tender* OR separat*) AND (@cayugacenters.org or @swkey.org)
      iv. ("El Paso") w/3 (initiative or pilot or program) AND (@cayugacenters.org or @swkey.org)
      v. (Reuni* OR track*) w/10 (immigrat* OR migrant* OR famil* OR alien* OR parent* OR mother* OR father* OR guardian* OR child* OR kid* OR toddler* OR infant* OR daughter* OR son* OR minor* OR FAMU OR FMAU OR FMUA OR UAC* or unaccompan* OR separat*) AND (@cayugacenters.org or @swkey.org)
   c. <u>Date Range:</u> April 6, 2018 – July 25, 2018