# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR P.G. et al., | Case No. 4:21-cv-04457-KAW |
| Plaintiffs, | **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |
| J.C.O.C. et al., | Case No. 3:23-cv-05268-LB |
| Plaintiffs, | **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

ADMIN. MOTION RE WHETHER CASES SHOULD BE RELATED

CASE NOS. 4:21-CV-04457-KAW AND 3:23-CV-05268-LB

## I.    INTRODUCTION

Pursuant to Civil L.R. 3-12 and 7-11, Plaintiffs J.C.O.C. and M.M.O.S. ("the J.C.O.C. Plaintiffs") in *J.C.O.C. v. United States*, No. 3:23-cv-05268-LB ("*J.C.O.C.*") respectfully submit this Administrative Motion to Consider Whether Cases Should be Related ("Motion").  The J.C.O.C. Plaintiffs believe that their case is "related to" first-filed case *P.G. v. United States*, No. 4:21-cv-04457-KAW ("*P.G.*"), as defined by Civil L.R. 3-12(a).

## II.    APPLICABLE STANDARD

Under Civil L.R. 3-12(a), an "action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civil L.R. 3-12(a).  A related case motion must be filed in the lowest-numbered related case and include: "(1) [t]he title and case number of each apparently related case; [and] (2) [a] brief statement of the relationship of the actions according to the criteria set forth in Civil L.R. 3-12(a)."  Civil L.R. 3-12(d).

## III.    DISCUSSION

On June 10, 2021, the plaintiffs in *P.G.* filed a complaint under the Federal Tort Claims Act ("FTCA") seeking damages suffered as a result of the intentional and forced separation they endured under Defendant's Family Separation Policy.  *See P.G.*, ECF 1.  Plaintiffs in the following cases similarly filed complaints for damages arising from Defendant's Family Separation Policy under the FTCA: *J.R.G. v. United States*, No. 4:22-cv-05183-KAW, filed on September 12, 2022; *I.T. v. United States*, No. 4:22-cv-05333-DMR, filed on September 20, 2022 ("*I.T.*"); and *R.L.L. v. United States*, No. 4:23-cv-04792-KAW, filed on September 18, 2023.  On October 16, 2023, the J.C.O.C. Plaintiffs filed a complaint under the FTCA.  *See J.C.O.C.*, No. 3:23-cv-05268-LB, ECF 1.  *P.G.* is the first-filed and lowest-numbered case amongst the Family Separation Policy cases in this District. *J.C.O.C.* and *P.G.* are "related cases" because they concern substantially similar parties, legal claims, and factual issues and events, and because conducting the cases before different judges is likely to cause "unduly burdensome duplication of labor and expense."  Civil L.R. 3-12(a).

*First*, the two cases involve substantially similar parties and events. Defendant in both *J.C.O.C.* and *P.G.* is the United States of America. *J.C.O.C.*, ECF 1, ¶ 12; *P.G.*, ECF 1, ¶ 13. Plaintiffs in *J.C.O.C.* and the plaintiffs in *P.G.* also have an identical relationship to Defendant because they were detained in the custody of the same government agencies. Customs and Border Patrol ("CBP") officials forcibly separated minor children in both cases from their parents. The minor children were all subsequently placed in the care of the Office of Refugee Resettlement ("ORR"); and the parents were identically detained at various facilities of Immigration and Customs Enforcement ("ICE"). *See, e.g.*, *J.C.O.C.*, ECF 1, ¶¶ 33–55; *P.G.*, ECF 1, ¶¶ 75–110, 121–149, 158–187. The government transferred the plaintiff families in both cases to these custodial settings and did so to implement the 2018 Family Separation Policy. Though the plaintiffs themselves are individuals, parties need not be identical for cases to be related, especially when the underlying transaction and events—in this case, those experiences plaintiffs suffered under the Family Separation Policy—are more than similar. *See Ill. Union Ins. Co. v. Intuitive Surgical, Inc.*, No. 13-CV-04863, at *4 (N.D. Cal. Sep. 16, 2015) ("Thus, each of these suits concerns what [defendant] knew about the injuries its product was causing, and when."). In this way, *J.C.O.C.* and *P.G.* concern substantially the same "events" under Local Rule 3-12(a)(1). *See Meras Eng'g, Inc. v. CH2O, Inc.*, No. C 11-00389, 2012 WL 3629008, at *4 (N.D. Cal. Aug. 21, 2012) (relating two cases when different employees sued the same employer under the same provision of their respective employment contracts).

*Second*, the two cases involve substantially similar legal and factual issues. On the legal front, evidence regarding creation and implementation of the Family Separation Policy under which plaintiffs in both cases suffered will be substantially similar. Judicial analysis of this will be necessary to rule on both the plaintiffs' claims and the U.S. government's defenses. At a more basic level, the tort claims brought in *J.C.O.C.* overlap with those in *P.G.*: intentional infliction of emotional distress, negligence, breach of fiduciary duty, abuse of process, and loss of consortium. *J.C.O.C.*, ECF 1, ¶¶ 132–140, 146–162; *P.G.*, ECF 1, ¶¶ 214–240. And given that both lawsuits arise under the FTCA, the U.S. government's defenses to liability, namely the discretionary function

exception, due care exception, private analog requirement, and independent contractor exception, will be the exact same.  *P.G.*, ECF 44.  Indeed, the government has raised these defenses in every FTCA case on its motions to dismiss in this District.  *P.G.*, ECF 44; *I.T.*, ECF 30; *J.R.G.*, ECF 37.  Factually, plaintiffs in both cases allege having endured inhumane detention conditions, forcible separation, and psychological trauma from the prolonged separation.  *See, e.g.*, *J.C.O.C.*, ECF 1, ¶¶ 33–58; *P.G.*, ECF 1, ¶¶ 75–110, 121–149, 158–187.  Upon reunification, all the plaintiffs currently reside in the greater San Francisco bay area.  *J.C.O.C.*, ECF 1, ¶¶ 10–11; *P.G.*, ECF 1, ¶¶ 10–12.  In both cases, plaintiffs seek damages resulting from the trauma they experienced during separation.  *J.C.O.C.*, ECF 1 ¶¶ 132-140, 146-162; *P.G.*, ECF 1 ¶¶ 214-240.

     ***Third***, for two reasons, absent case relation, it is likely that "there will be unduly burdensome duplication of labor and expense."  Civil L.R. 3-12(a)(2).  The <u>first reason</u> is the extent of the factual and legal similarities between the two cases.  *See In re Facebook Priv. Litig.*, No. C 10-02389-JW, 2010 WL 5387616, at *1 (N.D. Cal. Dec. 21, 2010) (holding that there was a risk of "unduly burdensome duplication" in light of the "substantial similarity of parties, events and causes of action" and that the cases were thus related within the meaning of Rule 3-12(a)); *cf. Ramachandran v. Ballard*, No. 20-CV-03693, 2023 WL 6538387, at *1 (N.D. Cal. July 18, 2023) (finding cases not to be "related" because the first case "had been concluded for over two years" such that relating the cases would not avoid a duplication of labor and expense).  Here, the *P.G.* court has already ruled on the government's threshold defenses at the motion to dismiss stage, along with no less than thirteen discovery disputes.  *P.G.*, ECF 44, 70, 72, 83, 93, 105, 106, 109, 130.  Given the similarities between *P.G.* and *J.C.O.C.* described above, ***not*** relating the cases would unnecessarily tax this Court's resources.  *See Pepper v. Apple Inc.*, No. 11-CV-06714-YGR, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019) (holding that relating cases would preserve judicial resources for cases with the same defendant and legal issues but with different plaintiffs).

     The <u>second reason</u> why not relating *J.C.O.C.* to *P.G.* would result in duplication of labor and expense is that Magistrate Judge Beeler, who has been serving as the Magistrate Judge overseeing the possibility of settlement in both *P.G.* and *I.T.*, would become unavailable to continue serving in

that role.  A further settlement conference is set in *P.G.* for January 30, 2024.  *P.G.*, ECF 81.  If the case relation is approved, by contrast, Magistrate Judge Beeler would be able to continue serving in her role overseeing settlement in *P.G.*, *I.T.*, and potentially others of the Family Separation Policy cases in this District.

Accordingly, the factual similarities between *J.C.O.C.* and *P.G.*, the risk of duplicative judicial resource expenditure on adjudicating overlapping legal issues, and the potential disruption to settlement proceedings in *P.G.* and *I.T.* all weigh in favor of relating *J.C.O.C. and P.G.*

**IV.   CONCLUSION**

For these reasons, the J.C.O.C. Plaintiffs support relating their case, *J.C.O.C. v. United States*, No. 3:23-cv-05268-LB, to *P.G. v. United States*, No. 4:21-cv-04457-KAW.

Dated: October 25, 2023

Respectfully submitted,

*/s/ Yan-Xin Li*
Akshay S. Deoras (SBN 301962)
Yan-Xin Li (SBN 332329)
Jenny Quang (SBN 345742)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
T: (415) 439-1400
F: (415) 439-1500
akshay.deoras@kirkland.com
yanxin.li@kirkland.com
jenny.quang@kirkland.com

Victoria Petty (SBN 338689)
Jordan Wells (SBN 326491)
LAWYERS' COMMITTEE FOR CIVIL
    RIGHTS OF THE SAN FRANCISCO BAY
    AREA
131 Steuart Street, Suite 400
San Francisco, CA 94105
T: (415) 543-9444
F: (415) 543-0296
vpetty@lccrsf.org
jwells@lccrsf.org

*Attorneys for Plaintiffs J.C.O.C. and M.M.O.S.*
Case No. 3:23-cv-05268-LB