ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
KENNETH W. BRAKEBILL (CABN 196696)
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorneys

>450 Golden Gate Avenue, Box 36055
>San Francisco, California 94102-3495
>Telephone: (415) 436-7167
>Fax: (415) 436-6748
>kenneth.brakebill@usdoj.gov

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WILBUR P.G., *et al.*,<br><br>    Plaintiffs,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No.    4:21-cv-4457-KAW<br><br>**MOTION TO RETAIN CONFIDENTIALITY PURSUANT TO PROTECTIVE ORDER** |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on Thursday, February 1, 2024, at 1:30 p.m., or as soon thereafter as this matter may be heard by the Honorable Kandis A. Westmore, United States Magistrate Judge of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, Defendant the United States of America will and hereby does move the Court for an order retaining the confidentiality designations of certain documents and deposition testimony pursuant to the Protective Order (Dkt. 58).

# RELIEF SOUGHT

Defendant seeks an order retaining the confidentiality designations for the documents and deposition testimony contained in Exhibits 1 to 38, filed concurrently with this motion and provisionally under seal.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF ISSUE TO BE DECIDED

Whether the material designated as confidential by Defendant pursuant to the Protective Order (Dkt. 58) should be considered "Confidential Information" subject to the Protective Order's protections.

## II. INTRODUCTION

Plaintiffs have challenged Defendant's reasonable and justifiable confidentiality designations under the Protective Order in this action. After meeting and conferring, and after Defendant conducted multiple re-reviews of the at-issue documents and deposition transcripts and de-designated significant portions in an effort to resolve the dispute, Plaintiffs have continued to press their challenges and necessitated the present motion.

As an initial matter, while the Protective Order permits confidentiality challenges at any time, Defendant respectfully suggests that that Court need not resolve any of these confidentiality disputes at this time in light of what appears to be a motive of Plaintiffs underlying their current challenge. During the meet and confer, Plaintiffs indicated, both orally and in writing, that they would accept the government's re-designated confidential designations provided that Defendant would agree that the subject materials could be provided to the plaintiffs in the *CM/APF* actions in the District of Arizona and other plaintiffs in the dozens of other nationwide cases. Keough Decl., ¶¶ 8-10. This is not a proper

use of the Protective Order in this action and, while the motion should be granted on the merits, these confidentiality disputes can be decided as part of the larger discussion on confidentiality that will inevitably have to take place during the pre-trial period several months from now in the Spring of 2024.

Should the Court address the merits of the motion now, the Court should grant the motion and retain the confidentiality designations at issue for the following reasons:

*First*, the Protective Order specifically protects the documents at issue that have been designated as containing law enforcement sensitive information that could harm agency operations if publicly disclosed.

*Second*, agency deliberative materials are also subject to confidentiality protection because of the chilling effect that public disclosure would have on pre-decisional agency deliberations.

### III.  FACTUAL AND PROCEDURAL BACKGROUND

As set forth in the accompanying Declaration of Michael A. Keough filed concurrently with this motion, Plaintiffs originally presented challenges to certain confidentiality designations made by Defendant on November 22, 2023.  *See* Keough Decl., ¶ 3.  In response, Defendant re-reviewed all of the challenged materials and on December 15, 2023, provided Plaintiffs updated confidentiality designations reflecting Defendant's effort to narrow the issues in dispute.  *Id.*, ¶ 4.  After meet and confers held on December 19, 2023 and December 20, 2023 and subsequent correspondence, *id.* ¶ 5, Plaintiffs indicated that the materials still subject to challenges were:

- For the CBP 30(b)(6) deposition transcript, all designations remained at issue except those appearing at the following pages:  Pages 77, 80-81, 97-98, 126, 130-131, 133, 136-137, 151-155 (except 152:20 & 25, 153:20, 154:10 & 23), 167, 223-226, 228, 230-231, 233-238, 241, 242-243, 247, 251-252 (except 251:15-16), 277, 309, 316, 318, 394-395

- For the CBP 30(b)(6) deposition exhibits, the following remained at issue: Exhibits 1204, 1205, 1214, and 1233

- For the DHS 30(b)(6) deposition transcript, all designations remained at issue except those appearing on the following pages:  3-88; 136-137; 148-149; 171; 194; 200-201; 215-218; 224; 321-326

- For the DHS 30(b)(6) deposition exhibits, all except 1162 remained at issue

- These exhibits marked at the Arizona USAO 30(b)(6) deposition: 1005-09, 1012-20, 1026, 1029-30

- CD-US-0037998 & CD-US-0216224

*Id.* A summary of these documents and deposition excerpts, attached to the accompanying motion to file provisionally under seal as Exhibits 1 to 38, can be found in Attachment A.

**IV.  ARGUMENT**

Filed concurrently with this motion is Attachment A, a chart summarizing the grounds for each of the designations at issue in this Motion. These designations fall into two broad categories: law enforcement sensitive material and agency deliberative material. A third category of designations is not being challenged by either side and is not at issue in this motion per the agreement of the parties: personal identifiable information ("PII"), whether from Plaintiffs or federal employees, referenced in the relevant documents and deposition transcripts. To the extent the Court determines that other grounds for designating material confidential do not apply, designations of PII should remain confidential.

**A.  Any Dispute Regarding the Production of Transcripts and Exhibits from the Present Action in *CM/APF* Should Be Resolved In That Case And Not Through The Present Dispute**

During the meet and confer, Plaintiffs noted that the urgency of their present challenges is motivated by a request they have received from plaintiffs' counsel in *CM/APF* for the deposition transcripts and exhibits at issue in this motion. *See* Keough Decl., ¶¶ 8-10. Plaintiffs do not contend that there is any upcoming motion or dispute in the present action that requires these confidentiality issues to be settled now. The plaintiffs in *CM/APF* are already raising the issue of whether the transcripts in the present action should be provided in *CM/APF* and have been granted leave to file a motion to compel in their own action, to which counsel for the government in that case has objected. *Id.* Judge Bolton, presiding over the *CM/APF* actions in the District of Arizona, should be permitted to adjudicate the dispute between the parties in that case in the first instance. The fact that Plaintiffs were willing to allow Defendant to stand on its designations in exchange for the ability to share the transcripts and exhibits with the *CM/APF* plaintiffs (and eventually all plaintiffs in cases "anchored to the Decision Memo"), Keough Decl. ¶ 8, further indicates that Defendant's designations are reasonable.[1]

Accordingly, while the Protective Order permits confidentiality challenges at any time, the Court

---

[1] Pursuant to so-ordered stipulation (Dkt. 157), each party provided re-designated versions of the documents and transcripts on December 15, 2023. Plaintiffs proposed that each party would stand on the designations reflected in the re-designated versions provided by each side on December 15, 2023, including all of the challenges at issue in the present motion.

can, at a minimum, reserve decision on these issues until a decision is actually required for purposes of the present action (*i.e.*, prior to the submission of pre-trial materials later in the Spring of 2024 under the current case schedule). *See Navarro v. Eskanos & Adler*, No. C-06-02231 WHAEDL, 2007 WL 902550, at *11 (N.D. Cal. Mar. 22, 2007) (public right of access is of limited relevance to evaluating confidentiality challenge involving "discovery documents not previously filed in connection with any motion except this one [motion challenging confidentiality]").

**B.     Law Enforcement Sensitive Material is "Confidential Information" Subject to the Protective Order**

Defendant's designations of law enforcement sensitive material as confidential should be retained. The Protective Order, previously approved by the Court, specifically recognizes that law enforcement sensitive material is a subset of "Confidential Information" subject to protection:

> (f) sensitive information about Defendant's law enforcement or national security staffing, resources, intelligence and/or methods (including the names and contact information of third parties, and non-supervisory federal and non-federal employees), the release of which to the public may adversely impact identifiable law enforcement or national security interests.

*See* Dkt. 58, at ECF page 34, § 2.2(f). Such material has been designated for good reason: given the subject matter of this action, materials produced by Defendant have necessarily implicated information and methods utilized by law enforcement agencies at the nation's borders. Such material, if made publicly available and accessible to those who wish to utilize such information to circumvent the nation's laws, would hinder the important and identifiable law enforcement and national security interests rooted in regulating the flow of goods and people across the nation's borders.

Similar protective orders in other cases arising from the Zero Tolerance Policy include identical definitions of "Confidential Information" as applied to law enforcement sensitive information. *See, e.g.*, *APF v. United States*, No. 20 Civ. 65 (D. Ariz.), Dkt. 45, at § A.2.f. District courts in the Ninth Circuit have recognized that law enforcement sensitive material is subject to confidentiality protections, including sealing (that would be required for material designated as confidential under the Protective Order in this action). *See Cancino Castellar v. Mayorkas*, No. 17 Civ. 491, 2021 WL 3678440, at *3 (S.D. Cal. Aug. 19, 2021) (finding that material the government designated as law enforcement sensitive

met the heightened "compelling reasons" standard and ordering the documents sealed); *Al Otro Lado, Inc. v. Wolf*, No. 17 Civ. 2366, 2020 WL 3487823, at *8 (S.D. Cal. June 26, 2020) ("Although the Court has found that some of the documents in question are not privileged, Defendants' representations that these documents contain confidential and sensitive law enforcement information that could harm CBP's and other entities' operations if publicly disclosed are sufficient to establish good cause for sealing.").

### C. Agency Deliberative Material is "Confidential Information" Subject to Deliberative Process Protection

Defendant's designations of agency deliberative material as confidential should be retained. Deliberative process protections generally apply to agency documents that are pre-decisional and deliberative. *Assembly of California v. United States Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992). A pre-decisional document is one "prepared in order to assist an agency decisionmaker in arriving at his decision" and may include "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Id.* A pre-decisional document is a part of the "deliberative process" if "disclosure of [the] materials would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Id.* (internal citations omitted). The documents and deposition testimony at issue that reflect agency deliberations at set forth in Attachment A. While Defendant has specified the grounds for designation for each individual document in Attachment A, the Court can address the designation of deliberative documents on a categorical basis. *See California Native Plant Soc'y v. U.S. E.P.A.*, 251 F.R.D. 408, 414 (N.D. Cal. 2008) ("While the Court must examine whether a given document contains personal opinions of the type that would chill deliberations, an agency does not bear the burden of showing each individual document would actually chill deliberations.").

To be clear, Defendant does not assert the deliberate process privilege to prevent disclosure to Plaintiffs (and could not, because the documents at issue are in Plaintiffs' possession subject to the confidentiality designation). Instead, recognizing that Plaintiffs have an interest in receiving the challenged documents for use in this litigation, Defendant here merely seeks to avoid the harms that would come from public disclosure of these types of documents by designating them as confidential. If

the designated material that is the subject of this motion were to lose its confidentiality protection and the participants of those meetings and the nature of the discussions be publicly disclosed, it could not only subject the individuals involved to annoyance and embarrassment, but also have a real and harmful chilling effect on agency personnel considering policy options and hamper the ability of agencies such as the Department of Homeland Security and U.S. Customs and Border Protection to formulate policies. Courts have routinely held that deliberative process protections are "rooted in the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news." *United States Fish and Wildlife Servs. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785 (2021); *see also 100Reporters v. United States Dep't of State*, 602 F. Supp. 3d 41, 72 (D.D.C. 2022) ("It is entirely plausible that the knowledge or belief that internal agency deliberations regarding sensitive matters of national security and foreign policy might be disclosed (even 'years later') would chill the very discussions that the deliberative process privilege is designed to protect."); *California Native Plant Soc'y*, 251 F.R.D. at 412 (observing the government need not show that the release of each withheld document would chill agency deliberations because "[i]f the documents are of a deliberative nature, then they contain the type of opinion and personal analysis, the disclosure of which would adversely impact frank agency deliberations").

Courts have found good cause to seal similar agency deliberative documents that while discoverable on balance, would chill governmental decision-making if publicly disclosed. *See Al Otro Lado, Inc*, 2020 WL 5422784, at *4. In fact, the court in *CM/APF*, interpreting a protective order with the same definition of "Confidential Information" as the Protective Order in the present action, determined that, while agency deliberative material was required to be disclosed to the plaintiffs in that case, any confidentiality interest could be protected by designating the material as confidential pursuant to a protective order. *See* Order, *CM v. United States*, No. 19 Civ. 5217, Dkt. 328 (D. Ariz. December 8, 2022), at 2 ("The Motions relate primarily to a memorandum that the Court ordered disclosed even though it reflected the executive's deliberative process because the Court found that the Plaintiffs' need for the document overcame the privilege. The memorandum was ordered disclosed under the existing Protective Orders . . . . This Court has already considered the deliberative process privilege in this case and ordered disclosures pursuant to the Protective Orders requiring the parties to maintain the

confidentiality of these deliberative documents pre-trial."). A similar approach – permitting access for Plaintiffs while protecting a legitimate confidentiality interest through the designation under the Protective Order – is appropriate here. *See McCrary v. Elations Co., LLC*, No. 13 Civ. 242, 2013 WL 12140989, at *3 (C.D. Cal. Dec. 6, 2013) (considering one factor in upholding a party's confidentiality designations the fact that "access to the information has not been denied to Plaintiffs, nor has their ability to litigate this action been impacted"). And further, given that there is no immediate need for public access at this time (as any future pre-trial filings are months away), the need for confidentiality protection outweighs any disclosure interest.

## V. CONCLUSION

For the foregoing reasons, the Court should retain the confidentiality designations for the documents and deposition testimony contained in Exhibits 1 to 38, filed concurrently with this motion and provisionally under seal.

DATED:  December 22, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Michael A. Keough*
KENNETH W. BRAKEBILL
KELSEY J. HELLAND
MICHAEL A. KEOUGH
Assistant United States Attorneys

*Attorneys for Defendant*