UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR P.G., et al., <br>     Plaintiffs, <br> v. <br> UNITED STATES OF AMERICA, <br>     Defendant. | Case No. 4:21-cv-04457-KAW <br><br> **ORDER DENYING DEFENDANT'S MOTION TO RETAIN CONFIDENTIALITY** <br><br> Re: Dkt. Nos. 160, 164, 165 |

On December 22, 2023, Defendant United States filed a motion to retain confidentiality over certain documents produced pursuant to the terms of the parties' stipulated protective order.

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Defendant's motion.

## I. BACKGROUND

Plaintiffs originally presented challenges to certain confidentiality designations made by Defendant United States on November 22, 2023. (*See* Decl. of Michael Keough Decl., "Keough Decl.," Dkt. No. 160-2 ¶ 3.) In response, Defendant re-reviewed all of the challenged materials and on December 15, 2023, provided Plaintiffs updated confidentiality designations reflecting Defendant's effort to narrow the issues in dispute. (Keough Decl. ¶ 4.) After meet and confers held on December 19, 2023 and December 20, 2023 and subsequent correspondence, Plaintiffs indicated that the materials still subject to challenges were:
- For the CBP 30(b)(6) deposition transcript, all designations remained at issue except those appearing at the following pages: Pages 77, 80-81, 97-98, 126, 130-131, 133, 136-137, 151-155 (except 152:20 & 25, 153:20, 154:10 & 23), 167, 223-226, 228, 230-231, 233-238, 241, 242-243, 247, 251-252 (except 251:15-16), 277, 309, 316, 318, 394-395

- For the CBP 30(b)(6) deposition exhibits, the following remained at issue: Exhibits 1204, 1205, 1214, and 1233
- For the DHS 30(b)(6) deposition transcript, all designations remained at issue except those appearing on the following pages: 3-88; 136-137; 148-149; 171; 194; 200-201; 215-218; 224; 321-326
- For the DHS 30(b)(6) deposition exhibits, all except 1162 remained at issue
- These exhibits marked at the Arizona USAO 30(b)(6) deposition: 1005-09, 1012-20, 1026, 1029-30
- CD-US-0037998 & CD-US-0216224

(Keough Decl. ¶ 5.) Defendant provided an attachment summarizing the documents and deposition excerpts, which were provisionally filed under seal as Exhibits 1 to 38. (Def.'s Attach. A, Dkt. No. 160-1.)

On December 22, 2024, Defendant filed the instant motion to retain confidentiality. (Def.'s Mot., Dkt. No. 160.) On January 10, 2024, Plaintiffs filed an opposition. (Pls.' Opp'n, Dkt. No. 164.) On January 17, 2024, Defendant filed a reply. (Def.'s Reply, Dkt. No. 165.) On January 25, 2024, at the Court's request, Plaintiffs filed a Joint "Attachment A," which provided each side's position on each exhibit in a single document. (Joint Attach. A., "JAA," Dkt. No. 173.)

## II. LEGAL STANDARD

Generally, "the public is permitted access to litigation documents and information produced during discovery." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002)) (internal quotation marks omitted). A court may, however, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). If a party challenges whether documents have been properly designated as confidential, the party seeking to maintain confidentiality pursuant to a protective order "has the burden of establishing that there is good cause to continue the protection of the discovery material." *In re Roman Catholic Archbishop*, 661 F.3d at 424.

When a party challenges the confidentiality of information under a protective order, the Court must conduct a two-step analysis. "First, it must determine whether particularized harm will result from disclosure of information to the public." *In re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 424 (9th Cir. 2011) (quotation omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."

*Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)); *see also In re Roman Catholic Archbishop,* 661 F.3d at 424 (quoting *Beckman*). The party seeking to maintain confidentiality must "allege specific prejudice or harm." *Beckman,* 966 F.2d at 476. A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)(citing *Phillips*, 307 F.3d at 1210–11).

"Second, if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance the public and private interests to decide whether maintaining a protective order is necessary." *In re Roman Catholic Archbishop*, 661 F.3d at 424. The Court considers the following list of non-exhaustive factors:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*Id.* at 424 n.5 (quoting *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

### III. DISCUSSION

In making this motion, Defendant seeks to retain the confidentiality designations the portions of the 38 exhibits designated as confidential. (Def.'s Mot. at 3.) The parties agree that the personal identifiable information ("PII") of government employees contained in the documents will remain confidential regardless of the outcome of the instant motion. (Def.'s Mot. at 3; Pls.' Opp'n at 3 n. 3.)

As an initial matter, the Court is unpersuaded by Defendant's argument that the Court should "reserve decision on these issues until a decision is actually required for purposes of the present action (i.e., prior to the submission of pre-trial materials later in the Spring of 2024 under the current case schedule)." (Def.'s Mot. at 3-4.) As Plaintiffs point out, the first set of pretrial filings are due on March 25, 2024, so the time to resolve this is now. (*See* Pls.' Opp'n at 4 (citing

1  Dkt. No. 114 at 2)).)  Thus, while the Arizona plaintiffs may benefit from resolving this dispute,
2  that is merely a byproduct of streamlining discovery in this case.
3  Since this issue is ripe for adjudication, the Court will discuss the two categories of
4  purportedly confidential information: law enforcement material and agency deliberative material.

### A. Law Enforcement Material

In opposition, Plaintiffs argue that the supporting Keough declaration was authored by litigation counsel rather than a law enforcement official, and that it "contains no factual information supporting a specific finding that the release of any of the challenged material would harm law enforcement or border security." (Pls.' Opp'n at 6.)  The Court agrees.  As Plaintiffs noted, the Government did not file any supporting declarations by law enforcement or national security personnel "explaining why the release of the challenged material would harm law enforcement or national security interests, or to give document-by-document reasons for affording these documents protection." *Id.*  Instead, Defendant's Attachment A provides broad and unsupported claims such as "contains agency deliberations" or "contains law enforcement sensitive material." (*See* Def.'s Attach. A.)  As an example, Defendant claims that Exhibit 10 contains law enforcement sensitive material, but the only challenged portion states that a high-level policymaker's goal is to increase prosecutions across the Southwest Border to 100%. (Def.'s Ex. 10 at 1.)  This information is not confidential.

For virtually every exhibit, Defendant fails to identify the specific prejudice or harm that will result from disclosure, such that the Government fails to show good cause to retain confidentiality.  *In re Roman Catholic Archbishop,* 661 F.3d at 424.  Even if the Government satisfied the first prong, there is a compelling argument that the information should be produced under the *Glenmede* factors. Specifically, the information is being sought for a legitimate purpose, the sharing of information among litigants will promote fairness and efficiency, and the case involves issues important to the public. *See In re Roman Catholic Archbishop*, 661 F.3d at 424 n.5.  The Court notes that Defendant does not attempt to address the *Glenmede* factors, and, instead, argues that the documents should not be disclosed to the plaintiffs in other cases. (*See* Def.'s Mot. at 1-2.)  As Plaintiffs argue in their opposition, the "sharing information" factor

4

weighs in favor of denying confidentiality. (Pls.' Opp'n at 10 n. 8 (citing *Glenmede*, 56 F.3d at 483, 485).) Defendant's argument that the balance of interests favors maintaining confidentiality is not persuasive, as it does not address all of the *Glenmede* factors, and the Court disagrees that the extensive media coverage somehow reduces the importance to the public. (*See* Def.'s Reply at 5-6.)[1]

### B. Agency Deliberative Material

To the extent that Defendant claims that this information is protected by the deliberative process privilege, there is no agency deliberations category in the stipulated protective order. More importantly, as is the case with every exhibit at issue, the Government fails to identify the specific prejudice or harm that will result if confidentiality is not retained, and, therefore, fails to show good cause under *In re Roman Catholic Archbishop. See* 661 F.3d at 424. Furthermore, despite Defendant's broad, boilerplate rationale to the contrary, the deliberations contained in these "agency deliberation" exhibits, by and large, directly relate to the Zero Tolerance Policy, so the assertion that some documents concern other policies is misleading. For example, Exhibit 2 contains policy options to deter illegal immigration, and Options 1 and 2 refer to the policy in this case.

Thus, the Court finds that Defendant's "agency deliberations" rationale is insufficient to warrant the retention of the confidentiality designations.

### C. Confidentiality Designations that Remain Intact

Per the stipulation of the parties, all PII for the identified employees retains confidentiality. Additionally, Plaintiffs do not object to retaining confidentiality for the "group inboxes" email addresses, which are still in use. (*See* JAA.)

While Defendant has not satisfied the good cause standard, the Court acknowledges that there is some law enforcement operations information contained in the deposition transcripts (Exs. 37 and 38). Thus, in regard to those two exhibits only, the Court denies this motion without

---

[1] Additionally, the Court need not consider the Government's balancing argument at all because it was made for the first time in the reply brief. *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n. 5 (9th Cir. 2003) (court may decline to consider new issues raised for the first time in the reply brief).

prejudice. The parties are ordered to meet and confer regarding those designations. The Court is confident that the Government will narrow its designations to those that truly involve law enforcement operational information that must be kept confidential.

The motion is otherwise denied with prejudice due to the Government's failure to satisfy its burden.

### IV. CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's motion to retain confidentiality. Apart from the PII for the identified employees, per the agreement by the parties, the motion is denied with prejudice as to Exhibits 1-36. The motion is denied without prejudice as to Exhibits 37 and 38.

IT IS SO ORDERED.

Dated: February 22, 2024

_____
KANDIS A. WESTMORE
United States Magistrate Judge