| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>BROOK DOOLEY #230423<br>bdooley@keker.com<br>TRAVIS SILVA #295856<br>tsilva@keker.com<br>CHRISTOPHER S. SUN #308945<br>csun@keker.com<br>CHRISTINA LEE - # 314339<br>clee@keker.com<br>JACQUELINE CONCILLA - # 335733<br>jconcilla@keker.com<br>SARA FITZPATRICK - #337360<br>sfitzpatrick@keker.com<br>EVAN H. MCINTYRE - # 349409<br>emcintyre@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:    415 391 5400<br>Facsimile:    415 397 7188<br><br>Attorneys for Plaintiffs | ISMAIL J. RAMSEY (CABN 189820)<br>United States Attorney<br>MICHELLE LO (NYRN 4325163)<br>KENNETH W. BRAKEBILL (CABN 196696)<br>KELSEY J. HELLAND (CABN 298888)<br>Assistant United States Attorneys<br>450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495<br>Telephone: (415) 436-7167<br>Fax: (415) 436-6748<br>kenneth.brakebill@usdoj.gov<br><br>Attorneys for Defendant |

*[Additional Counsel on the following page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR P. G.; WILFREDO BALTAZAR P. E. a minor child; ERENDIRA C. M.; YASMIN ALICIA M. C. a minor child; JOSHUA G. G.; and KARL LUIS G. G. minor child,<br><br>                    Plaintiffs,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | Case No. 4:21-cv-04457-KAW<br><br>**JOINT FURTHER CASE MANAGEMENT STATEMENT**<br><br>Date:       March 5, 2024<br>Time:       1:30 p.m.<br>Dept.:      Remote via Videoconference or Zoom<br>Judge:      Hon. Kandis A. Westmore<br><br>Date Filed: June 10, 2021<br><br>Trial Date: May 6, 2024 |

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
RACHEL SHERIDAN - # 230409
rsheridan@lccrsf.org
JORDAN WELLS - # 326491
jwells@lccrsf.org
VICTORIA PETTY - # 338689
vpetty@lccrsf.org
131 Steuart Street #400
San Francisco, CA 94105
Telephone:    415 543 9444

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF NORTHERN CALIFORNIA
BREE BERNWANGER - # 331731
bbernwanger@aclunc.org
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Attorneys for Plaintiffs

Given the Court's directive in its February 21, 2024 Order Granting Motion to Stay Pending Disposition of Petition for Writ of Mandamus in the *Nielsen* action to discuss interim case deadlines or trial schedule in this case (Case 4:23-mc-80280, ECF No. 102 at 2), the parties submit the following Joint Further Case Management Statement, which focuses on pre-trial and trial tasks and proceedings.

**1.     Jurisdiction and service**

No changes. *See* ECF No. 73.

**2.     Facts**

No changes. *See* ECF No. 73.

**3.     Legal issues**

There is a dispute as to the legal relevance of the intent of government officials other than former DHS Secretary Kirstjen Nielsen and former Attorney General Jefferson B. Sessions.  The Court partially addressed this dispute in this case in its September 25, 2023 Order Regarding 9/15/23 Joint Letter Re Depositions and Deliberative Process Privilege (ECF No. 103) and in the Nielsen motion to quash proceeding in its January 24, 2024 Order Granting in Part Motion to Quash Out of District Subpoena and Order Granting in Part Motion to Quash Subpoena and (Case No. 23-mc-80280, ECF Nos. 87, 88).  The last order is currently stayed (Case No. 23-mc-80280, ECF No. 102) and the subject of a mandamus petition pending in the Ninth Circuit (U.S.C.A. Docket No. 24-867).  Defendant has filed an amicus brief in support of the former Secretary's mandamus petition (U.S.C.A. Docket No. 24-867).  Because the Ninth Circuit has not yet ordered Plaintiffs to respond to the Petition, Plaintiffs are precluded from responding in the absence of an order.  Ninth Circuit Rule 21-4.

Otherwise, there are no changes from prior case management statements. *See* ECF No. 73.

**4.     Motions**

There are no non-discovery motions pending at this time.

Pending discovery issues are addressed in Section 8.

**5.     Amendments to the Pleadings.**

No changes. *See* ECF No. 88.

**6.     Evidence preservation**

No changes.  *See* ECF No. 73.

**7.     Disclosures**

No changes.  *See* ECF No. 73.

**8.     Discovery**

**(i)     Deposition of former DHS Secretary Nielsen**

Please see Section 3 for discussion of Plaintiffs' deposition subpoena issued to former Secretary Nielsen, the Court's order modifying that subpoena, and subsequent appellate proceedings relating to Secretary Nielsen's request for appellate review of that order.

**(ii)    Pending discovery motion re deliberative process privilege assertions in documents**

One discovery dispute that concerns Plaintiffs' challenge to documents withheld by Defendant on the basis of deliberative process privilege remains pending before the Court.  ECF No. 98 at 5-7. The Court partially resolved the portion of the discovery dispute relating to depositions but did not yet resolve Plaintiffs' challenge to Defendant's privilege assertions, ordering supplemental briefing. ECF No. 103 at 4. The parties completed their supplemental briefing, ECF Nos. 128, 137, but the privilege challenge remains unresolved.

**(iii)   Follow-up to the Court's February 22, 2024 Order denying Defendant's confidentiality designations**

On February 22, 2024, the Court denied Defendant's Motion to Retain Confidentiality. The order is a denial with prejudice as to 36 documents and without prejudice as to two deposition transcripts.  *See* ECF No. 184.

**Plaintiffs' statement.**  Following the Court's order, Plaintiffs demanded that Defendant publicly file the 36 documents to the public record (as Defendant stated it would do, *see* ECF No. 159 at 1:15) and propose narrower redactions to the two deposition transcripts, as ordered by the Court (*see* ECF No. 184 at 5-6), and so that the parties may meet and confer.  Defendant refuses to commit to a timeline for publicly filing the documents or for conferring about the deposition transcripts.  Defendant's foot-dragging prejudices "the sharing of information among litigants" which the Court recognized is a "legitimate purpose," *id.* at 4, especially given that the Arizona

trial is now less than two months away.  Plaintiffs will pursue available remedies if Defendant does not live up to its prior representations and Court-ordered obligations.

**Defendant's statement.** There is no current dispute. Two business days after the Court's order, Defendant notified Plaintiffs that it is in the process of (1) adjusting the redactions to Exhibits 1-36 to conform to the Court's order, and will re-file those exhibits once that process is complete and (2) coordinating with the relevant agencies regarding Exhibits 37 and 38 and will follow up with their input so that the parties can confer.

### (iv)   Depositions

**Fact discovery**.  On October 17, 2023, the Court so-ordered a stipulation that set forth a process by which Defendant would complete certain document productions required by a prior order of the Court, the searches for which had returned more than 30,000 documents, and providing Plaintiffs with the opportunity to take two Rule 30(b)(6) depositions, related to those documents, in February 2024.  *See* ECF Nos. 125 (stipulation) & 126 (order).  Plaintiffs ultimately elected to pursue a deposition of DHS/ICE only and not the second deposition of HHS. Throughout February 2024, the parties conferred about the DHS/ICE deposition and ultimately agreed to scope.  Defendant requests that the deposition occur the week of March 18 due to witness availability but is attempting to schedule as soon as possible.  Plaintiffs believe that the deposition (which Defendant previously agreed would be conducted in February) must be completed by March 15 because deposition designations are due on March 25.  The parties are conferring about this issue and will file a stipulation.

**Expert discovery**.  Each side has designated five experts.  The rebuttal reports were exchanged on February 2.  The deadline to complete expert depositions is March 1, but to accommodate the schedules of counsel and witnesses, the parties agreed to schedule certain expert depositions in March.  By March 1 (barring illness or some other unforeseen issue), the

parties will have completed four of those depositions and will have started three more of them.[1] The remaining three depositions are scheduled for the first half of March. The parties are concurrently filing a stipulation permitting these depositions to move forward after the current March 1 deadline. The status of each deposition is set forth in this chart:

| **Designated by** | **Expert** | **Status of deposition** |
|---|---|---|
| Plaintiffs | Dr. Noriega | Completed 2/15 |
| | Dr. Martinez | Completed 2/27 |
| | Dr. Fortuna | Scheduled for 3/1 |
| | Dr. Matto | Scheduled for 3/6, subject to Court approval |
| | Dr. Zhang | Scheduled for 3/13, subject to Court approval |
| Defendant | Mr. Widhalm | Completed 2/22 |
| | Dr. Binder | First day completed on 2/3; second part scheduled for 3/18, subject to Court approval |
| | Dr. Kuo | First day scheduled for 2/29 |
| | Dr. Peery | First day rescheduled for 3/1 |
| | Dr. Rengifo | Scheduled for 3/5 subject to Court approval |

**9.    Class actions**

This is not a class action.

**10.    Related cases**

A list of similar cases is at ECF No. 47 at 7.

There are five other in-District cases: *I.T. v. United States*, No. 4:22-cv-05333-DMR; *J.R.G. v. United States,* 4:22-cv-05183-KAW; *J.C.O.C. v. United States*, No. 3:23-cv-05268-SI; *R.L.L v. United States*, 3:23-cv-04792-CRB; and *R.H. v. United States*, No. 23-cv-5793-BLF.

---

[1] The parties agreed that Plaintiffs could depose three of Defendant's experts for up to ten hours, which would be split over two days. Plaintiffs made this request because each of the three experts at issue, all of whom are psychiatrists or neuropsychologists, examined three or more Plaintiffs. Because Defendant's remaining neuropsychologist expert, and all of Plaintiffs' examining experts, examined two or less Plaintiffs, the parties agree that the seven-hour limit should apply to them.

**11.    Relief sought**

No changes.  See ECF No. 73.

**12.    Settlement and ADR**

On January 30, 2024, the parties participated in a settlement conference held by Judge Beeler.  The case did not settle. The parties will continue settlement discussions.

**13.    Other references**

Not applicable.

**14.    Narrowing of issues**

The parties will confer in advance of trial about any facts that can be agreed-upon by stipulation.

**15.    Expedited trial procedures**

No changes.  See ECF No. 73.

**16.    Scheduling**

**Case Schedule:** There is a dispute about the trial date.  Below is the schedule of remaining case events:

| | |
|---|---|
| Close of expert discovery | March 1, 2024 |
| Deadline for pre-trial meet and confer | March 15, 2024 |
| Pre-trial filings due | March 25, 2024 |
| Pre-trial conference | April 24, 2024 |
| First day of trial | May 6, 2024 |

As discussed in Section 8, the parties agreed to schedule certain expert depositions in March in order to accommodate the schedule of the expert witnesses and counsel. The parties will promptly file a stipulation allowing for this modest extension of time to complete these expert depositions. That stipulation will not affect other pre-trial deadlines.

**Impact of Nielsen Appeal**

With respect to former Secretary Nielsen's deposition, the former Secretary's counsel has informed that she is likely to seek certiorari in the event the Ninth Circuit denies her mandamus petition. The parties acknowledge that appellate proceedings are thus unlikely to have concluded by May 6, 2024.

**Plaintiffs' Position:**

Plaintiffs believe that trial should commence as scheduled on May 6, 2024, regardless of the timing of Ms. Nielsen's deposition. Plaintiffs ask the Court to complete the trial in all other respects as currently scheduled, then to hold the record open to receive deposition testimony from the former Secretary, should her deposition occur.

The Court should reject Defendant's most recent effort to delay trial, claiming that trial should be deferred until the issue of former DHS Secretary Nielsen's deposition is resolved. It is not necessary to defer trial until the mandamus petition is resolved. Because this is a bench trial, the Court can hold the trial as scheduled, receive testimony from the witnesses who have been reserving this trial date, then hold the record open to receive Ms. Nielsen's testimony should it come available. Faced with a similar situation just a few months ago, Judge Bolton in the District of Arizona did just that in a similar case involving the intent of Arizona state legislators. There, the District Court denied the legislators' late motion to quash a subpoena, which was brought on legislative immunity grounds; the legislators sought mandamus at about the same time trial was to occur; the District Court held the trial notwithstanding the parallel mandamus proceedings, then held the record open to be supplemented after the mandamus was resolved.[2] Plaintiffs respectfully request that the same template be used here.

Further, the Government should not be permitted to obtain delay through its unjust conduct. As the Court by now knows well, the issue of Secretary Nielsen's deposition arose when the Government altered its litigation position on the final day of a fact-discovery period that was over one year long. The Court has already called this late change of position an "injustice." Dkt. 103 at 2. The Government—which already obtained months of delay at the beginning of this

---

[2] *See Mi Familia Vota v. Fontes*, No. 22-cv-00509-PHX-SRB, Dkt. 663 at 2 (Nov. 17, 2023 court order holding open record after trial); *In re Toma*, No. 23-70179, 2023 WL 8167206 (9th Cir. Nov. 24, 2023) (denying mandamus).

case, *see* Dkts. 21 & 24—should not obtain a further deferral through sandbagging. Moreover, while the Government claims that having a trial with the mandamus unresolved would preclude the "orderly presentation" of argument and evidence, it fails to articulate any specific problems. That is because there are none; for example, the parties can include supplemental proposed findings of fact when Ms. Nielsen's deposition testimony is submitted to the Court.

Plaintiffs should be allowed to proceed to trial in a timely fashion. They are personally prepared for the trial dates and have an interest in resolving this case expeditiously; indeed, it will be six years since they endured their separations at the border by the time of a May 2024 trial. Further, with the exception of the expert discussed in Item #20 below, Plaintiffs' experts (all of whom are rendering services pro bono) have been planning for a May trial. And it is feasible to complete the remaining pre-trial work. There is minimal expert discovery remaining, and Plaintiffs are prepared to meet all pre-trial deadlines.

**Defendants' Position:**

Defendant is not seeking a delay of the trial and will be ready to proceed with trial on May 6, 2024 without Secretary Nielsen's testimony. However because Secretary Nielsen is a potentially important witness (as already determined by this Court in ordering her deposition and possibly also by the Ninth Circuit and United States Supreme Court, should they agree that her deposition should occur), Plaintiffs' proposal to complete the trial in all other respects and hold the trial record open to receive her deposition testimony at an unknown later date presents significant trial management issues, including the timing of proposed findings of fact and conclusions of law, rebuttal witnesses and closing arguments. This case differs materially from the District of Arizona case cited by Plaintiffs (*Mi Familia Vota v. Fontes*, No. 22-cv-00509-PHX-SRB). In that case, the evidence to "remain open" (1) consisted of deposition designations for discovery that had already been taken; (2) involved intervenor-defendants; (3) involved a limited duration period of nine days after the balance of the evidence was submitted; and (4) was submitted approximately three weeks prior to closing arguments. *Id.*, Dkt Nos. 663, 666. It is not practical to try this case before it is known whether Secretary Nielsen's testimony will be part of the trial record. The parties would be unable to proceed with an orderly presentation of evidence,

opening statements, closing arguments, findings of facts and conclusions of law, and rebuttal—when fact discovery relating to Secretary Nielsen remains open, potentially well beyond May 6.

### 17. Trial

This is a bench trial. It is currently scheduled to last two weeks.

**Plaintiffs' Position:**

Based on what Plaintiffs presently know about this case, a two-week trial is substantially likely to be adequate, and Defendant's request for more time appears to be an unnecessary drain on judicial resources. The Government has not come forward with a trial plan or articulated the bases for its assertion that 60 hours of trial is insufficient. If the Government believes that more 60 hours of trial are warranted here, the Government should promptly articulate a plan for narrowing the case. It identified over 80 witnesses in its initial disclosures, but has since refused to confer about narrowing that list or about how the parties could prioritize deposing likely trial witnesses. If the Government thinks that it needs an unusually lengthy trial, it should be compelled to identify witnesses immediately and to confer about the extent to which depositions can be used to streamline trial presentation.

**Defendants' Position:**

As counsel for Defendant raised in the initial case management conference on June 14, 2022, a determination about the precise number of trial days should be determined at the pretrial stage when it is clear what the number of legal issues, claims and defenses and potential number of trial witnesses will be. Defendant believes that ten trial days of six hours per day (minus lunch and other breaks) will be insufficient to complete a liability and damages trial. Defendant requests to discuss this issue at the conference.

### 18. Disclosure of interested non-parties

Not applicable

### 19. Professional conduct

No changes. *See* ECF No. 73.

### 20. Such other matters as may facilitate just, speedy, and inexpensive resolution

**Plaintiffs' position**. There is an additional critical matter that may require the Court's

intervention. As Plaintiffs' counsel were finalizing rebuttal expert reports, which were disclosed on February 1, 2024, Plaintiffs learned that one of their experts (a psychiatrist, who will provide an opinion about the emotional distress suffered by one of the adult Plaintiffs) will be unavailable for trial because she is due to give birth in May 2024. Plaintiffs' counsel did not know of her pregnancy until they were finalizing the rebuttal reports and further note that the expert, who is rendering her services pro bono to Plaintiffs, conducted her examination of the sole plaintiff about whom she will testify in April 2023. On February 8, 2024, Plaintiffs proposed to Defendant that the parties proceed by having Defendant take a discovery deposition of this expert, as normal, then having the parties agree to a date for a trial deposition at which Plaintiffs would conduct their direct examination, then Defendant would conduct its cross examination. Plaintiffs' pro bono counsel will pay for the cost of the court reporter and a videographer. Defendant failed to respond to this proposal until the day the parties submitted this CMC statement, when the Government proposed the quid pro quo that it outlines below. If the Government identifies a specific witness with availability issues, Plaintiffs will of course consider that information and respond reasonably. But the Government does not even know that it has an unavailable witness, let alone identified that person to Plaintiffs, and so the proposed quid pro quo is improper. Plaintiffs request to discuss at the upcoming CMC their proposal to have a trial deposition of their expert.

**Defendant's position.** Defendant is open to an agreement about permitting the early trial testimony of Plaintiffs' identified expert, subject to a mutually agreeable schedule, and requests that Plaintiffs simultaneously agree to the early trial testimony of one unavailable government witness, if necessary. The government is currently gauging the availability of its trial witnesses and hopes to be able to promptly present the name of such witness, if any, to Plaintiffs.

Dated: February 27, 2024                                         KEKER, VAN NEST & PETERS LLP

                                                                 By: /s/ Travis Silva

|  |  |
|---|---|
|  | BROOK DOOLEY<br>TRAVIS SILVA<br>CHRISTOPHER S. SUN<br>CHRISTINA LEE<br>JACQUELINE CONCILLA<br>SARA FITZPATRICK<br>EVAN H. MCINTYRE RE |
|  | Attorneys for Plaintiffs |
| Dated:  February 27, 2024 | LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA |
|  | By:  */s/ Rachel Sheridan*<br>RACHEL SHERIDAN<br>JORDAN WELLS<br>VICTORIA PETTY |
|  | Attorneys for Plaintiffs |
| Dated:  February 27, 2024 | AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA |
|  | By:  */s/ Bree Bernwanger*<br>BREE BERNWANGER |
|  | Attorneys for Plaintiffs |
| Dated: | UNITED STATES ATTORNEY<br>ISMAIL J. RAMSEY |
|  | By:  */s/ Kenneth Brakebill*<br>KENNETH W. BRAKEBILL<br>KELSEY J. HELLAND<br>Assistant United States Attorneys<br>Attorneys for Defendant |

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated:

By: */s/ Kenneth Brakebill*