KEKER, VAN NEST & PETERS LLP
BROOK DOOLEY #230423
bdooley@keker.com
TRAVIS SILVA #295856
tsilva@keker.com
CHRISTOPHER S. SUN #308945
csun@keker.com
CHRISTINA LEE #314339
clee@keker.com
JACQUELINE CONCILLA #335733
jconcilla@keker.com
SARA FITZPATRICK #337360
sfitzpatrick@keker.com
EVAN H. MCINTYRE #349409
emcintyre@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:      415 397 7188

Attorneys for Plaintiffs

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
RACHEL SHERIDAN #230409
rsheridan@lccrsf.org
JORDAN WELLS #326491
jwells@lccrsf.org
VICTORIA PETTY #338689
vpetty@lccrsf.org
131 Steuart Street #400
San Francisco, CA 94105
Telephone:    415 543 9444

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
OF NORTHERN CALIFORNIA
BREE BERNWANGER #331731
bbernwanger@aclunc.org
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR P. G.; WILFREDO BALTAZAR P. E. a minor child; ERENDIRA C. M.; YASMIN ALICIA M. C. a minor child; JOSHUA G. G.; and KARL LUIS G. G. minor child,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 4:21-cv-04457-KAW<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE LATE-DISCLOSED WITNESSES**<br><br>Date:        May 16, 2024<br>Time:        1:30 p.m.<br>Dept.:       Remote via Videoconference or Zoom<br>Judge:      Hon. Kandis A. Westmore<br><br>Date Filed: June 10, 2021<br><br>Trial Date: September 9, 2024 |

## NOTICE OF MOTIONS IN LIMINE

PLEASE TAKE NOTICE that on May 16, 2024, at 1:30 p.m., or as soon thereafter as the matter may be heard by the Honorable Kandis A. Westmore, in the Ronald V. Dellums Federal Building and United States Courthouse located at 1301 Clay Street, Fourth Floor, Oakland, California 94612, Plaintiffs WILBUR P. G.; WILFREDO BALTAZAR P. E. a minor child; ERENDIRA C. M.; YASMIN ALICIA M. C. a minor child; JOSHUA G. G.; and KARL LUIS G. G. minor child ("Plaintiffs") will move for an order in limine before trial precluding Defendant United States of America ("Defendant") from calling as witnesses in its case-in-chief these witnesses: Jonathan Castillo, James De La Cruz, Jamie Garcia, Desaray Klimenko, Anila Persuad-Roy, Elizabeth Strange, Jallyn Sualog, Debra Thomas, and Michael Wisnewski.

PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE LATE-DISCLOSED WITNESSES
Case No. 4:21-cv-04457-KAW

2636480

1

## FIRST MOTION IN LIMINE

2       Defendant seeks to call nine undeposed witnesses at trial.  Defendant disclosed some of

3   these witnesses for the first time on the final day of fact discovery.  Defendant is calling others

4   after having engaged in a shell game to hide the identity of its true trial witnesses.  The Court

5   should preclude these witnesses from testifying or, alternatively, permit Plaintiffs to depose them

6   prior to trial.

7   **I.      RELEVANT FACTUAL BACKGROUND**

8       The parties exchanged initial Rule 26 disclosures on July 1, 2022, and Defendant first

9   amended its disclosures on March 22, 2023.  Defendant's March 2023 disclosures identified 28

10  potential trial witnesses (other than Plaintiffs). Declaration of Travis Silva in Support of

11  Plaintiffs' Motion in Limine No. 1 ("Silva Decl."), Ex. 1. Plaintiffs requested that Defendant

12  narrow its list to allow Plaintiffs to focus depositions on potential trial witnesses.  Defendant

13  refused.  Defendant also failed to produce custodial documents or respond to interrogatories that

14  would enable Plaintiffs to prioritize depositions.  *See* Dkt. 73 at 11-12 (April 11, 2023 CMC

15  statement noting these issues).

16      On May 9, 2023, Defendant amended its initial disclosures, only slightly narrowing the

17  witness list to 23 individuals.  Silva Decl., Ex. 2.  Many of the witnesses disclosed in May 2023

18  are cumulative.  For example, one of the witnesses at issue here is a Border Patrol "line" agent.

19  Defendant disclosed seven different Border Patrol line agents who worked in Yuma, Arizona,

20  during the period in 2018 when the Government was separating immigrant families.  *Id.* at

21  witness nos. 3, 7, 9, 15, 17, 19, 22.  Others of the witnesses at issue are officials with the Office of

22  Refugee Resettlement (ORR), which is the government agency that took custody of the children

23  Plaintiffs after their separations from their parents. Defendant disclosed nine ORR officials.  *Id.* at

24  witness nos. 2, 4, 5, 6, 8, 10, 12, 20, 23.  Many of the identified ORR witnesses have the same or

25  overlapping job titles and responsibilities.  For example, both Jonathan Hayes and Scott Lloyd

26  were disclosed as former Directors of ORR, and both Jallyn Sualog and Commander Jonathan

27  White were disclosed as Deputy Directors. *Id.*

28      Plaintiffs deposed one of the seven disclosed Border Patrol line agents.  Plaintiffs deposed

2

three ORR officials, two of whom were listed in Defendant's disclosures and another whose documents were produced by Defendant.[1]  Plaintiffs did not depose the remaining, apparently cumulative line agents or ORR witnesses.

On the last day of fact discovery, September 8, 2023, Defendant amended its initial disclosures to add 80 previously-undisclosed witnesses, taking the total number of disclosed witnesses from 23 to 103.  Silva Decl., Ex. 3.

In pre-trial meet-and-confers held on March 29 and April 2, 2024 (and in subsequent email correspondence), Defendant informed Plaintiffs that at trial it intends to call six witnesses who Defendant had disclosed for the first time on September 8, 2023, the last day of fact discovery.  In these conferences, Defendant also identified undeposed trial witnesses who were included in the May 2023 disclosures.  March 29, 2024, was the first time Defendant identified any witnesses it intended to call at trial.  Silva Decl., ¶ 3.

On April 2, Plaintiffs informed Defendant that Plaintiffs planned to bring a challenge.  Silva Decl. ¶ 5.  On April 16, Plaintiffs demanded that, in lieu of filing this motion and in the interest of judicial economy, Defendant allow Plaintiffs to depose all of the undeposed trial witnesses.  In response, Defendant withdrew one witness in light of the Court's intervening order requiring the parties to "determine which witnesses are essential to their case," Dkt. 196; offered one witness for deposition "before trial" (but has not committed to a date); stated it "would not oppose" Plaintiffs' efforts to obtain depositions of four current and former Government contractors and employees while refusing to facilitate those depositions; and refused to make four witnesses available for deposition.  Silva Decl., Ex. 4.

## II.   ARGUMENT

### A.   The Court should preclude Defendant from calling any witness disclosed on September 8, 2023.

At trial, Defendant intends to call six witnesses who it disclosed for the first time on the

---

[1]In addition to the ten depositions taken in this case, Plaintiffs obtained the deposition testimony of 22 witnesses in the related *CM/APF* cases.  For simplicity, Plaintiffs include the CM/APF depositions as depositions taken in this case.

last day of discovery.[2]  Rule 26 requires each party to disclose the name of any individual that it "may use to support its claims or defenses" at trial.  Fed. R. Civ. P. 26(a). Whenever a party learns that its initial disclosure was incomplete, it must supplement its disclosure "in a timely manner." Fed. R. Civ. P. 26(e). A party that fails to comply with this requirement "is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). "The burden to prove harmlessness is on the party seeking to avoid Rule 37's exclusionary sanction." *Goodman v. Staples the Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001)) (upholding exclusion of witnesses where failure to timely disclose "was neither substantially justified nor harmless").

## 1.    Defendant's failure to timely disclose witnesses was not justified.

By disclosing nearly 80 witnesses for the first time at the close of fact discovery, Defendant failed to meet the Rule 26(e) requirement to supplement disclosures "in a timely manner." Courts find that disclosures are untimely when made at or shortly before the close of fact discovery. *See, e.g.*, *Lopez v. Lopez*, No. CV 18-6473-MWF-MAA, 2020 WL 2043996, at *5 (C.D. Cal. Jan. 23, 2020) (excluding as untimely witness disclosed day before close of fact discovery); *Greek v. Target Corp.*, No. 223CV00608MCSPVC, 2023 WL 8351537, at *2 (C.D. Cal. Sept. 21, 2023) (excluding witnesses disclosed three days before close of fact discovery).

Defendant cannot justify its untimely witness disclosures. All six undisclosed witnesses that Defendant intends to call at trial are current or former employees of the Government or of one of the shelters that the Government contracted to house unaccompanied minors. Over a year passed between Defendant's original disclosure and the close of discovery. During that time Defendant was engaged in discovery in this case and dozens of other cases concerning family separation, and it was under a continuing obligation to inform Plaintiffs of the witnesses who

---

[2] These witnesses, and their jobs titles during the relevant events, are: (1) Jamie Garcia, a program director at the Southwest Keys shelter for unaccompanied children; (2) Desaray Klimenko, a clinician at Southwest Keys; (3) Anila Persuad-Roy, a clinician at Cayuga Centers (4) Elizabeth Strange, who was the Acting U.S. Attorney for the District of Arizona; (5) Debra Thomas, a Federal Field Specialist for HHS; and (6) Michael Wisnewski, a supervisory Border Patrol officer.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant might call to "support its claims or defenses." Fed. R. Civ. P. 26(a). Defendant can hardly claim that it suddenly became aware of dozens of its own employees and contractors on the last day of discovery.[3]

> **2.      Defendant's failure to timely disclose witnesses prejudiced Plaintiffs by preventing Plaintiffs from engaging in necessary discovery.**

Late disclosure "throws a wrench into the machinery of trial" because it leaves the other party unable to "conduct discovery without a court order permitting extension," which "impairs the ability of every trial court to manage its docket." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014). In *Ollier*, the Ninth Circuit upheld a district court's exclusion of 38 late-disclosed witnesses, observing that the other side would need to "scramble to make up for the delay" caused by the untimely disclosure. *Id*.

In this case, the late disclosure of ***80 witnesses***, which nearly quadrupled the number of potential witnesses, is even more egregious. By failing to disclose three-quarters of its potential witnesses until the close of fact discovery, Defendant deprived Plaintiffs of any opportunity to depose those witnesses. Nor could Plaintiffs be expected to ask to reopen discovery for that volume of witnesses, as that would have thrown the case schedule into disarray. *Id.* (holding late disclosures were not harmless). Had Plaintiffs known earlier in the 15-month discovery period that Defendant thought this was potentially a 100-witness case, Plaintiffs would have taken earlier case management steps, such as seeking early leave to exceed ten depositions or seeking bifurcation, to make discovery and trial more efficient. By disclosing so many witnesses so late, Defendant precluded Plaintiffs (and the Court) from doing any of that work during discovery. Defendant's late disclosures thus put Plaintiffs in an unfair bind by requiring them either to seek disruption of the case schedule or to risk being surprised by Defendant's late-disclosed witnesses at trial.

//

---

[3] Indeed, several of the witnesses disclosed on Defendant's September 9 disclosures were deposed in the *CM/APF* matter over a year earlier. Plaintiffs do not seek to preclude these witnesses, whose deposition transcripts Plaintiffs received, but note that Defendant's failure to timely disclose even these witnesses demonstrates its dilatory approach to initial disclosures.

Defendant may attempt to evade its disclosure obligations by arguing that some of the late-disclosed witnesses were referenced in other discovery. But "Plaintiffs should not have to guess which . . . potential witnesses to focus their energies on when Defendants know which ones are material." *Shenwick v. Twitter, Inc.*, No. 16-CV-05314-JST, 2021 WL 1232451, at *2 (N.D. Cal. Mar. 31, 2021) (simplified) (rejecting argument that late disclosure was harmless because witnesses were referenced in other discovery). "The mere mention of a witness name in a deposition or document is generally not sufficient" to put the other party on notice that the individual is being disclosed as a trial witness." *Chisolm v. 7-Eleven, Inc.*, 383 F. Supp. 3d 1032, 1046 (S.D. Cal. 2019) (simplified).  Disclosure requirements can only be met through other collateral disclosure where "the information that would normally be contained in a supplemental discovery response . . . is in such a form and of such specificity as to be the functional equivalent of a supplemental discovery response." *Shenwick*, 2021 WL 1232451, at *1-2  (simplified).

Here, Plaintiffs could not have identified these specific six witnesses by combing through discovery materials.  Defendant produced email belonging to 151 custodians and 81,685 documents overall.  In response to an interrogatory seeking the identity of employees who purportedly exercised discretion in this matter,[4] Defendant identified 80 people.  Defendant intends to call three ORR contractor witnesses who had direct contact with the children Plaintiffs, but the ORR records identify dozens of people who had such contact.  It is Defendant's obligation to identify its witnesses, not Plaintiffs' job to ferret out their identities.  *E.g.*, *Shenwick*, 2021 WL 1232451, at *2.

### 3.    The appropriate remedy is preclusion, or else requiring Defendant to make these witnesses available for deposition.

Under Rule 37, a party that fails to timely disclose a witnesses cannot call that witness at trial.  *Ollier,* 768 F.3d at 861.  District courts enforce this requirement, which protects from trial by ambush, by precluding witnesses from testifying.  *See, e.g.*, *Hill v. U.S. Dep't of Homeland Sec.*, 570 F. App'x 667, 669 (9th Cir. 2014) (affirming trial court's exclusion of late-disclosed

---

[4] Defendant's primary affirmative defense is the "discretionary function exception."  28 U.S.C. § 2680(a).

2636480

witnesses); *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014) (same); *Shenwick v. Twitter, Inc.*, No. 16-CV-05314-JST, 2021 WL 1232451, at *2 (N.D. Cal. Mar. 31, 2021) ("To reopen discovery now would unreasonably burden Plaintiffs and potentially disrupt the parties' and the Court's schedule."). This Court has previously warned that parties should not be "sandbagged at trial." Silva Decl., Ex. 5 (3/5/24 Hr'g Tr.) at 23.

The Court should preclude Mr. Garcia, Ms. Klimenko, Ms. Persuad-Roy, Ms. Strange, Ms. Thomas, and Mr. Wisnewski from testifying at trial. Any order allowing Defendant to call these witnesses will incentivize the kind of rule-breaking behavior that Defendant engaged in when it disclosed 80 potential witnesses on the last day of fact discovery.

Alternatively, the Court could preclude these witnesses from testifying unless these witnesses are deposed prior to trial. Fed. R. Civ. P. 37(c)(1)(C) (court may impose "other appropriate sanctions"). Other courts, including in this District, have granted pre-trial depositions as an alternative to preclusion. *Palantir Techs. Inc. v. Abramowitz*, 639 F. Supp. 3d 981, 989 (N.D. Cal. 2022); *Zucchella v. Olympusat, Inc.*, No. CV197335DSFPLAX, 2023 WL 2633947, at *11 (C.D. Cal. Jan. 10, 2023) (ordering late-disclosed witnesses could be called only if the disclosing party first arranges for their depositions).

The Government may contend that it has agreed to this alternative remedy, but it has not, and its "offer" is grossly insufficient:

- **Ms. Thomas**. The Government refuses to make her available for a deposition because, it claims, "Plaintiffs had more than sufficient notice regarding th[is] witness." Silva Decl., Ex. 4. Ms. Thomas's name was not disclosed in the May 2023 disclosures. Silva Decl., Ex. 2. Her name does appear buried in a May 9, 2023 interrogatory response listing 76 people who purportedly exercised "discretion" in this case (including three others with Ms. Thomas' same job title). Silva Decl., Ex. 6 at 12. But nothing about that response gave Plaintiffs notice that the Government might call Ms. Thomas. This disclosure insufficient in this District. *Shenwick*, 2021 WL 1232451, at *2.

- **Mr. Garcia, Ms. Klimenko, Ms. Persuad-Roy, and Ms. Strange**. The Government contends that it "does not control" these witnesses, all of whom are current or former

Government employees or contractors, but "would not oppose any subpoenas" for their depositions.  Silva Decl., Ex. 4 at 3.  This is insufficient.  To start, discovery is not open, so Plaintiffs need Court permission to issue subpoenas.  More to the point, the Government appears to have the ability to procure these witnesses' *voluntary* attendance at trial—Plaintiffs have no reason to suspect that any live within this Court's subpoena power—as part of its case-in-chief.  Rather than forcing Plaintiffs to send process servers to these witnesses' residences and pretending it cannot facilitate these depositions, Defendant should be incentivized to facilitate these late-disclosed witnesses' depositions if it intends to rely on their testimony at trial.[5]  A conditional-preclusion order would accomplish this goal.

- **Mr. Wisnewski**.  The Government agrees to make this current employee available for a deposition, but it has not agreed to a date and has taken the position that the deposition does not "need to happen by June 15," which is unnecessarily drawing out the process.  Furthermore, Plaintiffs cannot issue a deposition notice without a Court order.

For these reasons, if the Court is not inclined to outright preclude these witnesses, it should nevertheless conditionally preclude the Government from calling these witnesses at trial unless they are deposed by June 21, which is 21 days before pre-trial filings are due.  Finally, in light of the Government's failure to timely disclose these witnesses, it should be compelled to pay for standard court reporter fees for these depositions. Fed. R. Civ. P. 37(c)(1)(A) (court may order "reasonable expenses" as sanction for violation of Rule 26(a) or (e)); *see Robinson v. D.C.*, 75 F. Supp. 3d 190, 197 (D.D.C. 2014) (requiring party who late-produced evidence to pay costs of resulting deposition).

---

[5] The Government has run this play before.  During discovery, the Government refused to accept subpoenas for former government employees, forcing Plaintiffs to send process servers to their residences.  After Plaintiffs served the former employees (one of whom tried to duck service), the Government reversed tack.  It demanded that Plaintiffs communicate with the witnesses through Government counsel, it prepared the witnesses, and it even claimed attorney-client privilege over a deposition-preparation session with a *former* Government employee.  Here, Plaintiffs note that the Government may have contractual means to obtain these witnesses' availability for a deposition.

PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE LATE-DISCLOSED WITNESSES
Case No. 4:21-cv-04457-KAW

2636480

**B.      The Court should preclude Defendant from calling any undeposed witness disclosed prior to September 8, 2023.**

The Court has "wide discretion in controlling discovery." *Ollier*, 768 F.3d at 862. When it comes to the three witnesses who were deposed, but included on the May 9 disclosures,[6] Defendant is playing an obvious shell game.  It over-disclosed cumulative Border Patrol line agents and ORR officials.  Plaintiffs made the reasonable decision to depose one Border Patrol line agent and three ORR officials.  With trial now on the horizon, Defendant isn't calling any of the witnesses who were deposed, but rather other people with either the same or overlapping job responsibilities, with the effect—if not the intended effect—of leaving Plaintiffs without depositions of Defendant's Border Patrol agent or ORR witnesses. The Court should, in its discretion, order that these witnesses be precluded or deposed.

**1.      The Border Patrol line agents**

In its May 2023 disclosures, Defendant disclosed seven line Border Patrol agents who were working in Yuma, Arizona, during the relevant time period.  These witnesses are cumulative.  They were all executing the family-separation policy in effect at the time, and the sole difference between them appears to be that each interacted with different Plaintiffs.  Deposing all seven of these line agents would have been cumulative and quickly pushed Plaintiffs over the default ten-deposition limit.  Plaintiffs thus deposed one of the disclosed agents, but, unsurprisingly, Defendant has chosen to call a different agent, Mr. Castillo, as the line Border Patrol agent it intends to call at trial.

**2.      The ORR officials**

In its May 2023 disclosures, Defendant disclosed nine potential witnesses relating to ORR.  Plaintiffs deposed former ORR Director Scott Lloyd, former ORR Deputy Director Johnathan White, and former Deputy Associate ORR Director Tricia Swartz.  Captain White's testimony is especially favorable to Plaintiffs, and Plaintiffs have requested that Defendant bring him to trial.  Defendant has thus far refused, despite the Court's clear preference for live

---

[6] These witnesses are (1) Jonathan Castillo, a Border Patrol line agent; (2) James De La Cruz, a "Senior Federal Field Specialist Supervisor"; and (3) Jallyn Sualog, an ORR Deputy Director.

testimony, *see* ECF No. 196 (ordering parties to ensure availability of essential witnesses for trial). Instead, Defendant intends to call a *different* Deputy ORR Director Jallyn Sualog and a lower-level official, James de la Cruz, who were not deposed, without explaining why these witnesses are "essential" to its case, all while benching the similarly-situated witnesses with testimony less favorable to the Government.

### 3. Plaintiffs should be permitted to depose these witnesses.

The cumulative nature of Defendant's disclosures is sufficient basis to preclude these witnesses from testifying. But if the Court is not inclined to do so, Plaintiffs should be permitted to depose Mr. Castillo, Mr. de la Cruz, and Ms. Sualog. Defendant should not be permitted to drive Plaintiffs into the impossible situation of either deposing every immigration official under the sun or choosing surprise at trial.

There is guidance from within the District as to how to handle such gamesmanship. In *Bladeroom Grp. Ltd. v. Facebook, Inc.*, No. 5:15-CV-01370-EJD, 2017 WL 8948736 (N.D. Cal. June 12, 2017), the defendant disclosed witnesses in excess of the number of authorized depositions. During fact discovery, plaintiff sought permission for more depositions to avoid surprise at trial. Judge Davila denied that request, noting that the plaintiff had deposed many of the defendant's employees and that additional depositions would likely be "cumulative or duplicative." *Id.* at *2. But critically, Judge Davila went on to state: "And in any event, there are still other mechanisms to account for 'surprise' witnesses as trial approaches and the presentation of evidence becomes more concrete, which could include leave to take additional depositions of specific witnesses disclosed in the parties' materials prior to trial." *Id.*; *accord Palantir*, 639 F. Supp. 3d at 989.

Here, with trial becoming "more concrete," depositions would serve three valuable purposes. First, depositions would permit Plaintiffs to conduct the depositions they would have sought if Defendant had not made overbroad witness disclosures. Second, depositions would disincentivize litigants from indulging in overbroad witness disclosures that do not meaningfully narrow the scope of the case. Third, depositions will greatly enhance trial efficiency and save the Court significant time. If Plaintiffs are permitted to depose these witnesses now, they will be able

10

to determine the contours of the witnesses' testimony in advance of trial, which will permit them to prepare substantially shorter cross-examinations, and thus shorten the length of trial, than would otherwise be the case.

### C.    Defendant's likely counter-arguments are unavailing.

Defendant has suggested that it will raise two additional arguments in opposition to this Motion.  Neither persuades.  First, Defendant may argue that Plaintiffs are making this request too late.  This is wrong.  The proper time to seek to preclude a witness is at the pre-trial stage, when motions in limine are made.  The *Hill*, *Shenwick*, *Palantir*, and *Lopez* cases are all orders on motions in limine.  Seeking judicial intervention before Defendant identified its trial witnesses would have been futile given that as late as March 5, 2024, Defendant represented that it was "still considering what witnesses it will call at trial."  Silva Decl., ¶ 2. Second, Defendant may note that Plaintiffs also supplemented their initial disclosures on September 8, 2024.  This is an apples-to-oranges situation.  Every witness that Plaintiffs added was a current or former Government employee; all but one had been deposed either in this case or *CM/APF*; and Plaintiffs were then negotiating to obtain the deposition of the remaining witness, who Plaintiffs do not seek to call at trial.

## III.    CONCLUSION

The Court should exclude these witnesses from trial or, alternatively, their trial participation should be conditioned upon Plaintiffs' ability to depose them before June 21, 2024.

Dated:  April 25, 2024                                KEKER, VAN NEST & PETERS LLP


                                                  By:    */s/ Sara Fitzpatrick*
                                                         BROOK DOOLEY
                                                         TRAVIS SILVA
                                                         CHRISTOPHER S. SUN
                                                         CHRISTINA LEE
                                                         JACQUELINE CONCILLA
                                                         SARA FITZPATRICK
                                                         EVAN H. MCINTYRE

                                                         Attorneys for Plaintiffs

2636480