ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
KENNETH W. BRAKEBILL (CABN 196696)
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7167
Fax: (415) 436-6748
kenneth.brakebill@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WILBUR P.G., et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CASE NO. 4:21-cv-4457-KAW <br><br> **DEFENDANT'S OPPOSITION TO ADMINISTRATIVE MOTION FOR LEAVE TO FILE EARLY MOTION IN LIMINE** <br><br> Honorable Kandis A. Westmore |

Plaintiffs seek to reopen discovery to take nine additional depositions. The fact discovery deadline in this matter was September 8, 2023. On that day, both parties—plaintiffs and the government—served amended initial disclosures that added certain witnesses identified during discovery to their lists of "individual[s] likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." *See* Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiffs' original initial disclosures, served on July 1, 2022, only identified plaintiffs themselves. But on September 8, for the first time, plaintiffs identified 25 current and former government officials as witnesses they may call, including 16 witnesses who were not deposed in this litigation (and one who has not been deposed in related litigation, either). In other words, plaintiffs—just like the government—only added the names of witnesses learned during discovery on the fact-discovery deadline of September 8, 2023.

As the Court is well aware, a significant amount of discovery by both sides was conducted after the September 8, 2023 cutoff, by stipulation and order of the Court. *See, e.g.*, Dkt. 95; Dkt. 119; Dkt. 187. Indeed, of the 36 days of depositions in this litigation, 31 were taken *after September 8, 2023*. Plaintiffs have clearly demonstrated a willingness and ability to request and obtain depositions after September 8 when they thought it was helpful to their case to do so. However, plaintiffs never previously requested to take the depositions of any of the nine individuals for whom they are now demanding additional depositions—neither during the days or weeks after they received and processed the government's September 8, 2023 amended disclosures, nor during the two-and-a-half months after the September 8, 2023 amended disclosures when this case remained in active fact discovery. Indeed, for just one of the nine witnesses did plaintiffs even request additional information: They expressly requested that one of the government's 30(b)(6) representatives speak to that specific witness as part of his preparation for a limited second day of 30(b)(6) testimony.

Plaintiffs inaction with respect to these witnesses was consistent with their broader strategy for depositions in this matter, whereby Plaintiffs (1) took the 30(b)(6) depositions of the primary government agencies and third-party contractors involved; and (2) took the percipient witness depositions of a select handful of current and former government employees. Plaintiffs have previously explained their deliberate approach to selecting depositions. Plaintiffs were keenly aware that, under Federal Rule of Civil Procedure 30(a)(2), they were limited to ten depositions unless they obtained leave

to take more. Plaintiffs had already noticed ten fact depositions by September 8, 2023. As plaintiffs admitted when they requested leave to take the depositions of former Homeland Security Secretary Nielsen and former Attorney General Sessions, "[l]eave is necessary because these would be Plaintiffs' eleventh and twelfth depositions." Dkt. 98 at 4. With the ten-deposition limit in mind, plaintiffs first "obtained deposition testimony developed in the parallel Arizona case," and then "noticed other individual and Rule 30(b)(6) depositions to develop additional evidence." *Id.* Through this strategy, plaintiffs have taken six 30(b)(6) depositions, including of the Department of Homeland Security, U.S. Customs and Border Protection, U.S. Immigration and Customs Enforcement, the United States Attorney's Office for the District of Arizona, and the two relevant ORR contractors (Cayuga Centers and Southwest Key Programs). At the same time, plaintiffs have taken the depositions of five percipient witnesses. All told, plaintiffs have taken 11 fact-witness depositions in this matter—and obtained another 22 transcripts from depositions taken in the Arizona litigation. But until now, plaintiffs never requested leave to *double* the number of depositions they are allowed to take under the Federal Rules.

      Nevertheless, and even though plaintiffs waited seven months after the fact-discovery deadline to raise this issue, the government has made more than reasonable accommodations to try to resolve this issue without judicial intervention. Plaintiffs initially demanded that the government make ten additional witnesses available for pre-trial depositions. The government *has already agreed* that plaintiffs can take the depositions of five out of the ten. These include one current government employee whom the government has agreed to make available, and four third-parties for whom the government has agreed not to oppose deposition subpoenas. And the government has agreed that it will not call at trial another individual who had been on its witness list—even though the government disclosed that individual as a witness in its pre-discovery initial disclosures on July 1, 2022—in the spirit of cooperation, to eliminate unnecessary disputes. Thus, for six of the ten witnesses, the government has already made significant accommodations.

      For the remaining four witnesses, however, plaintiffs had more than adequate notice well before the close of fact discovery, and they have shown no good cause for reopening discovery now—much less for precluding these witnesses' testimony at trial. Indeed, three of these four witnesses were *on the government's initial disclosures on July 1, 2022*. And the fourth—an ORR employee who supervised

the care and reunification of one of the child plaintiffs—was repeatedly discussed and disclosed elsewhere in discovery well before September 8, 2023, including during deposition testimony, as a document custodian, and in interrogatory responses.

The government's cooperation extended to the procedure for bringing this dispute. Because plaintiffs are explicitly required to bring all motions in limine "in one document," Dkt. 53 at 5, which is currently due with other pretrial filings on July 23, 2024, *see* Dkt. 197, plaintiffs were required to seek leave to file a standalone motion in limine now. Especially considering how long plaintiffs waited to raise this issue—which is a *de facto* request to reopen discovery and take additional depositions beyond the ten-deposition limit in Rule 30—the government could have opposed the request on procedural grounds alone. But the government does not oppose the core relief requested by plaintiffs' administrative motion, because the government believes that this particular dispute is best heard well in advance of the pretrial conference—especially considering plaintiffs' request for additional discovery.

In spite of the government's extensive cooperation on this issue, however, plaintiffs would not agree to a simple accommodation on the briefing schedule for the motion in limine—that the government's response be due, if at all, *after* the Court rules on the administrative motion authorizing the motion in limine to be filed. As the government explained to plaintiffs' counsel, plaintiffs' proposed briefing schedule could require the government to file an opposition to plaintiffs' motion in limine before the Court even decides whether to allow this early motion. *See* Dkt. 198-2 at 2. Given that plaintiffs' early motion in limine is not permitted under the rules and contravenes the Court's pretrial orders, *see* Dkt. 53 & 197, it would make no sense for the government to respond before the Court has even authorized the filing.

Thus, the government respectfully requests that, if the Court is inclined to allow plaintiffs to file a single, early motion in limine as requested by their administrative motion, the government's opposition to that motion should be due either on plaintiffs' requested date of May 6, 2024, or two days after the Court rules on the administrative motion—whichever is later. This slight modification to plaintiffs' proposed schedule will still allow for the prompt consideration of the dispute (if the Court decides to take it up early), while avoiding the absurd result of the government filing an opposition brief before the Court has authorized the motion itself.

OPPOSITION TO ADMIN. MOTION RE MOTION IN LIMINE
CASE 4:21-CV-4457-KAW                    3

It should be noted that the government's alternative schedule would only be necessary if the Court (a) grants plaintiffs' administrative motion, and (b) does so after this Friday, May 3. If the Court rules on the administrative motion before this weekend, there would be no difference in the parties' scheduling proposals. Thus, the government's proposed alternative would *only* serve to avoid the situation where the government's opposition would be due either before, or the same business day as, the date the Court issues its order. Such an approach would not cause any material delay, but would promote efficiency and fairness, including by not forcing the government to potentially file a brief effectively upon immediate notice the same day the order authorizing that brief is filed.

Finally, the government respectfully requests that, if the Court does grant plaintiffs' administrative motion (under either briefing schedule), the Court clarify that plaintiffs are *not* permitted to file a reply brief in support of their early motion in limine. This should already be clear from the Court's pretrial order (Dkt. 53 at 6 ("No replies shall be filed")); the parties' meet-and confers (Dkt. 198-2 at 5-6); and plaintiffs' administrative motion itself (Dkt. 198 at 3-4). However, the docket entry for plaintiffs' motion in limine indicates that "Replies [are] due by 5/13/2024." Dkt. 199 (docket entry). In the interest of clarity, the government therefore requests that the Court confirm that, as with other motions in limine, no replies are permitted here.

Dated: April 29, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Kelsey J. Helland*

KENNETH W. BRAKEBILL
KELSEY J. HELLAND
Assistant United States Attorneys
Attorneys for Defendant