UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR P.G., et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. 4:21-cv-04457-KAW<br><br>**ORDER REGARDING 4/26/24 JOINT DISCOVERY LETTER RE EXPERT DEPOSITION FEES**<br><br>[Discovery Letter #15]<br><br>Re: Dkt. No. 200 |

On April 26, 2024, the parties filed a joint discovery letter regarding Plaintiffs' request to shift the cost of Defendant's expert deposition fees to Defendant on the grounds that requiring Plaintiffs to pay would be a "manifest injustice" under Federal Rule of Civil Procedure 26(b)(4)(E). (Joint Discovery Letter, Dkt. No. 200 at 2.)

Generally, the party seeking discovery must "pay the expert a reasonable fee for time spent in responding to discovery," which includes the deposition fees charged by experts who may later testify at trial. Fed. R. Civ. P. 26(b)(4)(E).  A party may be relieved of this obligation if "manifest injustice would result." *Id.*

Plaintiffs first raised the issue of Defendant bearing the deposition fees of its own experts prior to the depositions going forward, but the parties agreed to defer bringing the dispute before the Court until after the depositions were taken. (Joint Letter at 2.)  On April 10, 2024, Defendant submitted expert testimony invoices totaling $21,350. (Joint Letter at 2.)  Now, Plaintiffs seek to shift payment of the invoices to Defendant under the manifest injustice exception.

While the parties agreed to address this dispute after the conclusion of the depositions, courts in this district tend to address whether the depositions are necessary, and to what extent, prior to the depositions going forward, rather than addressing whether the entire cost should be

1   shifted after the fact. *See Harris v. San Jose Mercury News, Inc.*, 235 F.R.D. 471, 474 (N.D. Cal.
2   2006).  In *Harris,* the district court found that it would only be a manifest injustice for the plaintiff
3   to not depose two of the five defense experts and limited the defense-funded depositions to three
4   hours each. *Id.* at 474.  The court noted that the plaintiff had "previously deposed one of the
5   experts, ha[d] been given reasonably detailed expert reports, and ha[d] his own expert covering
6   many of the issues to which they will testify," such that "[n]o manifest injustice will occur should
7   Plaintiff not be able to take their depositions for financial reasons." *Id.*

8   Here, the Court was not given an opportunity to address whether Plaintiffs would suffer a
9   manifest injustice if they were unable to depose one or all of Defendant's four experts prior to the
10  depositions.  This makes it difficult for the Court to determine which depositions, if any, would be
11  required to avoid injustice, and whether there should be a time limitation to the defense-funded
12  depositions. *See Harris,* 235 F.R.D. at 474.  Also, Plaintiffs acknowledge that they received the
13  expert reports, but contend that they are uncharacteristically concise given the subject matter, as
14  one expert even testified that "This is the world's shortest report for a neuropsych eval." (Joint
15  Letter at 3-4.)  Regardless, Plaintiffs have designated their own experts, and, while this litigation is
16  a matter of public significance, the Court finds that, as Defendant argues, Plaintiffs' hardship is
17  mitigated by counsel's ability to pay. (*See* Joint Letter at 4.)  Indeed, Plaintiffs' counsel is paying
18  the cost of other depositions. *Id.* at 5.

19  Thus, the Court finds that there is no manifest injustice, and denies Plaintiffs' request to
20  order Defendant to cover its own experts' costs.

21  IT IS SO ORDERED.

22  Dated: May 24, 2024

23  KANDIS A. WESTMORE
24  United States Magistrate Judge

2