KEKER, VAN NEST & PETERS LLP
BROOK DOOLEY #230423
bdooley@keker.com
TRAVIS SILVA #295856
tsilva@keker.com
CHRISTOPHER S. SUN #308945
csun@keker.com
CHRISTINA LEE #314339
clee@keker.com
JACQUELINE CONCILLA #335733
jconcilla@keker.com
SARA FITZPATRICK #337360
sfitzpatrick@keker.com
EVAN H. MCINTYRE #349409
emcintyre@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:   415 397 7188

Attorneys for Plaintiffs

*[Additional Counsel on the following page]*

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
KENNETH W. BRAKEBILL (CABN 196696)
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7167
Fax: (415) 436-6748
kenneth.brakebill@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR P. G.; WILFREDO BALTAZAR P. E. a minor child; ERENDIRA C. M.; YASMIN ALICIA M. C. a minor child; JOSHUA G. G.; and KARL LUIS G. G. minor child,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 4:21-cv-04457-KAW<br><br>**SECOND JOINT STATUS REPORT RE TRIAL SCHEDULE**<br><br>Judge:   Hon. Kandis A. Westmore<br><br>Date Filed:   June 10, 2021<br><br>Trial Date:   September 9, 2024 |

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
RACHEL SHERIDAN #230409
rsheridan@lccrsf.org
JORDAN WELLS #326491
jwells@lccrsf.org
VICTORIA PETTY #338689
vpetty@lccrsf.org
131 Steuart Street #400
San Francisco, CA 94105
Telephone:    415 543 9444

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF NORTHERN CALIFORNIA
BREE BERNWANGER #331731
bbernwanger@aclunc.org
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Attorneys for Plaintiffs

Pursuant to the Court's Second Joint Status Report Order (Dkt. 206), the parties hereby submit the following Joint Status Report regarding the trial schedule and settlement discussions.

I.  **PLAINTIFFS' POSITION REGARDING TRIAL SCHEDULE**

   A.  **Plaintiffs are prepared to proceed with trial, do not believe a continuance is warranted, and suggest deferring any scheduling issues.**

   Trial should proceed on September 9.  Plaintiffs are prepared and request to proceed to trial.  The Government states that it will be ready, too.  The parties had already completed a substantial portion of the pre-trial filing process when the Court vacated the April pre-trial filing dates.  Since then, Plaintiffs have completed the additional depositions authorized by the Court, *see* Dkt. 204, and are otherwise moving the pre-trial process forward.

   The Nielsen appellate proceedings are not a sufficient reason to continue the trial date for a third time.  Plaintiffs do not intend (and have never intended) to place significant reliance on Ms. Nielsen's intent in their case-in-chief.[1]  Plaintiffs' evidence shows that sub-Cabinet, D.C.-based officials (in particular ICE Director Homan and CBP Commissioner McAleenan) began their campaign to separate immigrant families in February 2017.  To show the intent of those individuals (who the Government says are coming to testify live), Plaintiffs will rely on, among other evidence, these individuals' specific efforts/proposals from February 2017 and August-October 2017, which pre-date Ms. Nielsen becoming the DHS Secretary in December 2017.  Also, Plaintiffs' evidence shows that Border Patrol personnel implemented DHS's "prosecution" policy by separating immigrant families *before* the Border Patrol could possibly have known whether the parents would be prosecuted.  (Indeed, two of the three parents in this case were never prosecuted).  The Government concedes that Ms. Nielsen did not manage implementation measures,[2] and this uncontested evidence independently establishes intent in this case, where the intent element can be satisfied by showing reckless disregard to probable harm.  Rather, the

---

[1] Suggesting otherwise, the Government quotes, without context, one of Plaintiffs' prior appellate filings.  The Government mischaracterizes Plaintiffs' position, as Plaintiffs previously explained.  *See* Dkt. 194 at 2.

[2] Ms. Nielsen's Chief of Staff testified that Ms. Nielsen never decided "whether separation was at the point of referral or the point of prosecution," and that was instead an "operational" decision left to the Border Patrol.

importance of Ms. Nielsen's testimony stems from the Government's litigation position that her intent was uniquely relevant to one of its affirmative defenses. The Government has never offered a single legal citation for this position, and it is so meritless that the Arizona court rejected it in a footnote.[3] While Plaintiffs have diligently pursued discovery into it so that they are positioned to oppose the Government's proffered defense, this issue is not central enough to the case to justify a third continuance.

<u>Any decision about a continuance should be deferred to the Pretrial Conference</u>. There is no reason to move the trial date, which is about seven weeks away, now, when it is possible that the Ninth Circuit, which expedited the appeal, will rule before trial, potentially giving the Court and the parties clarity on this issue. The Government does not claim that its ability to prepare pre-trial filings will be prejudiced. Additionally, Plaintiffs will file an in-limine motion on this issue, giving the Court an opportunity to address the legal merits of Defendant's intent argument, which may obviate the need for the deposition. These two reasons independently counsel in favor of deferring any decision about a trial continuance to the Pretrial Conference. Further, the Court could hold the trial, hearing testimony from the dozens of witnesses who are currently holding September so that they can provide trial testimony, then hold the record open for the sole purpose of receiving Ms. Nielsen's deposition testimony. Finally, in the Hobson's choice scenario where Plaintiffs are forced to weigh the prejudice that would stem from a third trial continuance (see below) versus proceeding in September without Ms. Nielsen's testimony, Plaintiffs are inclined to proceed in September notwithstanding the Government's litigation position.

<u>The prejudice analysis favors Plaintiffs</u>. In the prior filing, Plaintiffs gave multiple reasons in explaining how delay severely prejudices their ability to present their case. Dkt. 194 at 3–6. None of the concerns have dissipated. Indeed, the recent depositions have further demonstrated that delay hinders witness recollection on both sides, as even the Government's own witnesses are already struggling to recall the 2018 events at issue.[4]

---

[3] *See C.M. v. United States*, -- F. Supp. 3d. --, 2023 WL 7102132, at *9 n.8 (D. Ariz. 2023).

[4] In its defense, the Government intends to call a representative Border Patrol in agent who in his deposition last month testified: "I want to be honest. I'm here to help. So just, like, if you ask me about 2018, like, I'm not going to remember." and "But just to be clear, like, if you ask me

1       <u>Keeping the trial in September (or at least deferring a decision until the Pretrial

2 Conference) will aid settlement</u>.  The Court has previously noted the value in holding the parties'

3 "feet to the fire."  Dkt. 194 at 3.  The wisdom of that observation endures, particularly with

4 respect to settlement.  Notably, the related Arizona litigation settled on the eve of trial.  In this

5 case, the Government declined to engage in settlement talks for years, before the parties held an

6 unsuccessful settlement conference in January 2024.  Only in late May—<u>with trial on the

7 immediate horizon</u>—did the parties start engaging in meaningful settlement talks.  These talks,

8 while uncertain, are ongoing.  A change to the trial date could change that dynamic.

9       <u>The Government's request for a continuance has no limiting principle</u>.  First, Plaintiffs

10 understand that the Court has criminal duty in October, so the next available time for trial is

11 November 2024, and even that assumes that the Court's trial schedule can accommodate the

12 Government's unexplained demand for a three-week trial during that month.  Second, Ms.

13 Nielsen has stated that she will seek further, discretionary review of any decision adverse to her,

14 and timelines for such filings and consideration thereof could extend beyond November.  Thus, if

15 the Court reschedules trial to November 2024, the parties and the Court are likely to engage in yet

16 another round of trial scheduling.  Finally, the Government suggests that a continuance would aid

17 settlement, but that is counterintuitive.  These parties, like any other parties, can continue holding

18 settlement discussions while preparing for trial, and, as Plaintiffs note above, a firm and

19 impending trial date would lend focus to settlement discussions.

20       The conduct at issue occurred in 2018, Plaintiffs filed their administrative claims in 2020,

21 and they filed suit in 2021.  The Government is responsible for the timing of the Nielsen

22 subpoena and the subsequent appellate proceedings and should not be allowed to obtain serial

23 continuances as a consequence of its litigation conduct.  *See* Dkt. 194 at 6.  Plaintiffs ask that they

24 be allowed to proceed to trial in September 2024.

25 **II.     DEFENDANT'S POSITION REGARDING TRIAL SCHEDULE**

26       The government maintains the same position it took in the parties' April 5, 2024 Joint

27 Status Report (Dkt. 194): the government will be prepared to go to trial on September 9, 2024 but

28 specifically about 2018, I just -- I wish I could remember.  I just don't."

continues to believe that if Secretary Nielsen is required to testify, she is a potentially critical witness, the parties do not know her substantive testimony, and her testimony should be known before this case is tried. The government continues to agree with Plaintiffs' statement made to the Ninth Circuit regarding Secretary Nielsen's testimony that "the parties to the underlying action should be able to try their case knowing the substance of the testimony of this potentially critical witness." *Nielsen v. Dist. Ct.*, No. 24-867, ECF 18, at 3 n.2 (9th Cir. Mar. 12, 2024).

At this time, the government believes that a modest extension of the trial schedule, between 30-60 days, would be appropriate in order to (1) await any written guidance from the Ninth Circuit on the Nielsen issue and (2) simultaneously provide the parties further opportunity to resolve this matter informally and/or through an immediate continuation of the formal ADR process with the settlement judge.

### III.  STATUS OF SETTLEMENT DISCUSSIONS

#### A.  Plaintiffs' Position

The parties have engaged in direct settlement discussions in recent weeks. These discussions are ongoing. As noted above, the prospect of a September trial date has brought about meaningful settlement discussions only recently. To delay the trial schedule further would take the pressure off of those discussions and thus potentially have a counterproductive effect. A second settlement conference does not presently seem necessary to facilitate discussion, but Plaintiff will request one if doing so would appear to aid the ADR process.

#### B.  Defendant's Position

Over the past month, the parties have been engaged in productive settlement discussions. The government believes that this process should continue and be supplemented, as necessary, with facilitation by the settlement judge. Given the significant resources that will be expended by both parties and the Court in the pretrial process and a 3-week trial,[5] the government maintains that the Court should enter a modest continuance of the trial schedule, between 30-60 days, for

---

[5] The sheer number of witnesses alone in this case counsels for a focused continuation of ongoing settlement discussions. Setting aside custodians and any interpreter witnesses, the parties currently have designated 68 potential trial witnesses (36 for Plaintiffs and 32 for the government), with 16 of these witnesses being designated by both parties.

the parties to continue to attempt to resolve this case.

Dated: July 15, 2024                                KEKER, VAN NEST & PETERS LLP

                                             By: */s/ Travis Silva*
                                                 BROOK DOOLEY
                                                 TRAVIS SILVA
                                                 CHRISTOPHER S. SUN
                                                 CHRISTINA LEE
                                                 JACQUELINE CONCILLA
                                                 SARA FITZPATRICK
                                                 EVAN H. MCINTYRE

                                                 Attorneys for Plaintiffs

Dated: July 15, 2024                                LAWYERS' COMMITTEE FOR CIVIL
                                                    RIGHTS OF THE SAN FRANCISCO
                                                    BAY AREA

                                             By: */s/ Rachel Sheridan*
                                                 RACHEL SHERIDAN
                                                 JORDAN WELLS
                                                 VICTORIA PETTY

                                                 Attorneys for Plaintiffs

Dated: July 15, 2024                                AMERICAN CIVIL LIBERTIES UNION
                                                    FOUNDATION OF NORTHERN
                                                    CALIFORNIA

                                             By: */s/ Bree Bernwanger*
                                                 BREE BERNWANGER

                                                 Attorneys for Plaintiffs

Dated: July 15, 2024                                UNITED STATES ATTORNEY
                                                    ISMAIL J. RAMSEY

                                             By: */s/ Kenneth W. Brakebill*
                                                 KENNETH W. BRAKEBILL
                                                 KELSEY J. HELLAND
                                                 Assistant United States Attorneys

                                                 Attorneys for Defendant