| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>BROOK DOOLEY #230423<br>bdooley@keker.com<br>TRAVIS SILVA #295856<br>tsilva@keker.com<br>CHRISTOPHER S. SUN #308945<br>csun@keker.com<br>CHRISTINA LEE #314339<br>clee@keker.com<br>JACQUELINE CONCILLA #335733<br>jconcilla@keker.com<br>SARA FITZPATRICK #337360<br>sfitzpatrick@keker.com<br>EVAN H. MCINTYRE #349409<br>emcintyre@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:    415 391 5400<br>Facsimile:     415 397 7188<br><br>Attorneys for Plaintiffs | LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA<br>RACHEL SHERIDAN #230409<br>rsheridan@lccrsf.org<br>JORDAN WELLS #326491<br>jwells@lccrsf.org<br>VICTORIA PETTY #338689<br>vpetty@lccrsf.org<br>131 Steuart Street #400<br>San Francisco, CA 94105<br>Telephone:    415 543 9444<br><br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>OF NORTHERN CALIFORNIA<br>BREE BERNWANGER #331731<br>bbernwanger@aclunc.org<br>39 Drumm Street<br>San Francisco, CA 94111<br>Telephone: (415) 621-2493<br>Facsimile: (415) 255-8437<br><br>Attorneys for Plaintiffs |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR P. G.; WILFREDO BALTAZAR P. E. a minor child; ERENDIRA C. M.; YASMIN ALICIA M. C. a minor child; JOSHUA G. G.; and KARL LUIS G. G. minor child,<br><br>    Plaintiffs,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 4:21-cv-04457-KAW<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge:  Hon. Kandis A. Westmore<br><br>Date Filed: June 10, 2021<br><br>Trial Date: September 9, 2024 |

Pursuant to Civil Local Rules 7-11 and 79-5(f) and the Protective Order entered by this Court (Dkt. No. 58), Plaintiffs respectfully submit this Response to Defendant's Administrative Motion to Consider Whether Another Party's Material Should be Sealed in connection with Defendant's Pre-Trial Filings (Dkt. No. 226).

## I.   THIS RESPONSE IS TIMELY

This Response due within seven days of the administrative motion's filing. Civ. L.R. 79-5(f)(3). While Defendant filed its administrative motion on July 23, Defendant did not serve Plaintiffs with the provisionally sealed/redacted documents until July 24. *See* Declaration of Jacqueline Concilla, ¶ 2 ("Concilla Decl."). Compounding this problem, Defendant misidentified at least one of the exhibits that it seeks to seal. (Exhibit B to Dkt. 230 is filed twice, and Exhibit A was never filed or served at all.) Given Defendant's failure to effectuate service until July 24, this Response is timely.

## II.   THERE ARE COMPELLING REASONS TO GRANT PLAINTIFFS' REQUEST TO SEAL NARROW PORTIONS OF DEFENDANT'S PRE-TRIAL FILINGS

Sealing a filing connected to a dispositive motion is appropriate where the "party seeking to seal a judicial record" demonstrates "compelling reasons" that outweigh the "general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (quotation omitted).

Plaintiffs are proposing sealing excerpts of the record that are narrowly tailored to Plaintiffs' privacy interests, and the proposed sealing is substantially narrower than the Government's proposal.[1] There are two reasons to seal the excerpts that Plaintiffs identify. **First**, the Court granted Plaintiffs leave to litigate pseudonymously, Dkt. 12, and much of the sealing is aimed at preventing the disclosure of Plaintiffs' identities. The basis for Plaintiffs' initial pseudonym motion is that they are asylum seekers. Information pertaining to asylum applications is generally confidential. *See* 8 C.F.R. § 208.6(a). Courts managing litigation involving asylum

---

[1] To aid the decisional process, Plaintiffs are filing: (1) a proposed order in tabular form that identifies the portions of the record that they seek to seal with the particularity required by Local Rule 79-5 and (2) as exhibits to the accompanying Concilla declaration copies of the documents at issue that show Plaintiffs' sealing request in a contrasting highlighted color.

1

PLAINTIFFS' RESPONSE TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
Case No. 4:21-cv-04457-KAW

2752526

seekers recognize that "the sensitive nature of asylum applications alleging fear of persecution or harassment" warrant sealing such information. *Kharis v. Sessions*, 2018 WL 5809432, at *3 (N.D. Cal. 2018) (granting motion to seal). Plaintiffs' asylum applications remain unresolved, and Plaintiffs are unaware of any material events (like arrests) relating to the persecution they suffered in their home countries. Accordingly, Plaintiffs seek to seal any information that could lead to the disclosure of their identities, including their names, places of employment or education, their "A numbers,"[2] and other biographical information. Such information is contained throughout Defendant's Exhibit List, Witness List, Motions in Limine, and Trial Brief and their supporting documents. One category of information that Plaintiffs seek to seal is information about family migration patterns, such as specific lengths of time that plaintiff children were separated from the non-plaintiff parent or the dates of a non-plaintiff parent's migration. *E.g.*, Concilla Decl., Ex. D, Fortuna Dep. at 217-236. Such information could allow persecutors in a Plaintiff's home country to piece together Plaintiff's identities. Plaintiffs have reviewed the documents at issue line by line in an effort to narrowly tailor the sealing request to their privacy interest.

*Second*, Plaintiffs seek to seal detailed medical records, including psychological evaluations. Courts routinely conclude that "the need to protect medical privacy qualifies as a compelling reason for sealing records." *Pratt v. Gamboa*, No. 17-CV-04375-LHK, 2020 WL 8992141, at *2 (N.D. Cal. May 22, 2020) (quoting *Steven City Broomfield v. Aranas*, 2020 WL 2549945, at *2 (D. Nev. May 19, 2020) (collecting cases)). Here, Plaintiffs seek to seal in full the evaluation reports issued by experts in this case. Potentially identifying information is intertwined throughout these documents such that a line-by-line approach to sealing is infeasible. In particular, these reports contain information about home country persecution that, again, could allow potential persecutors to confirm an individual Plaintiff's identity. *E.g.*, Concilla Decl., Ex. D, Noriega Rpt. at 3; Zhang Rpt. at 4. Furthermore, in the event Plaintiffs' identities come to light, the highly sensitive medical information contained in these reports is the type of sensitive

---

[2] An "A number" is a unique identifier used by immigration enforcement agencies to identify immigrants, their removal cases, and their applications for immigration benefits.

information that is amenable to sealing. *See Pratt*, 2020 WL 8992141, at *2.

Attachment A hereto identifies with particularity each portion of these documents that Plaintiffs seek to seal.

Dated: July 31, 2024         KEKER, VAN NEST & PETERS LLP

By: */s/ Travis Silva*
BROOK DOOLEY
TRAVIS SILVA
CHRISTOPHER S. SUN
CHRISTINA LEE
JACQUELINE CONCILLA
SARA FITZPATRICK
EVAN H. MCINTYRE

Attorneys for Plaintiffs

Dated: July 31, 2024         LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA

By: */s/ Rachel Sheridan*
RACHEL SHERIDAN
JORDAN WELLS
VICTORIA PETTY

Attorneys for Plaintiffs

Dated: July 31, 2024         AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA

By: */s/ Bree Bernwanger*
BREE BERNWANGER

Attorneys for Plaintiffs

## ATTESTATION UNDER CIVIL LOCAL RULE 5-1

Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of the document has been obtained from the above signatory.

Dated: July 31, 2024         */s/ Travis Silva*
TRAVIS SILVA

3
PLAINTIFFS' RESPONSE TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
Case No. 4:21-cv-04457-KAW
2752526