KEKER, VAN NEST & PETERS LLP
BROOK DOOLEY #230423
bdooley@keker.com
TRAVIS SILVA #295856
tsilva@keker.com
CHRISTOPHER S. SUN #308945
csun@keker.com
CHRISTINA LEE #314339
clee@keker.com
JACQUELINE CONCILLA #335733
jconcilla@keker.com
SARA FITZPATRICK #337360
sfitzpatrick@keker.com
EVAN H. MCINTYRE #349409
emcintyre@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA
RACHEL SHERIDAN #230409
rsheridan@lccrsf.org
JORDAN WELLS #326491
jwells@lccrsf.org
VICTORIA PETTY #338689
vpetty@lccrsf.org
131 Steuart Street #400
San Francisco, CA 94105
Telephone: 415 543 9444

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF NORTHERN CALIFORNIA
BREE BERNWANGER #331731
bbernwanger@aclunc.org
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILBUR P. G.; WILFREDO BALTAZAR P. E. a minor child; ERENDIRA C. M.; YASMIN ALICIA M. C. a minor child; JOSHUA G. G.; and KARL LUIS G. G. a minor child,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 4:21-cv-04457-KAW

**[UNOPPOSED] MOTION FOR COURT APPROVAL OF SETTLEMENTS OF MINORS' CLAIMS**

Judge: Hon. Kandis A. Westmore

Date Filed: June 10, 2021

Trial Date: Not Set

Plaintiffs Wilbur P. G., on his own and on behalf of his minor child, Wilfredo Baltazar P. E.; and Erendira C. M., on her own and on behalf of her minor child, Yasmin Alicia M. C. (collectively, "Plaintiffs")[1] hereby request that the Court approve the settlements of the minor Plaintiffs' claims against the United States of America ("Defendant").

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs brought this case under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et. seq. ("FTCA"), against Defendant United States of America with respect to its prior policy of intentionally separating immigrant families at the southern border. *See* Dkt. 1. Wilbur P.G. and Wilfredo Baltazar P.E. allege that Defendant forcibly and unlawfully separated them under this policy and detained them separately for over eight weeks. *Id*. at ¶¶ 68-117. Erendira C.M. and Yasmin Alicia M.C. allege that Defendant forcibly and unlawfully separated them under the policy and detained them separately for over ten weeks. *Id*. at ¶¶ 118-152. All Plaintiff families allege that these separations caused them severe emotional harm and continue to affect them to the present day. *Id.* at ¶¶ 214-240. Plaintiffs sought damages for these harms and brought claims under the FTCA for intentional infliction of emotional distress, negligence, abuse of process, and loss of consortium. *Id*. Plaintiffs' allegations are described in further detail in their complaint. *See generally id*.

**I. The Settlements, Attorneys' Fees and Costs**

Plaintiffs filed their complaint on June 10, 2021. Dkt. 1. The parties consented to this Court's jurisdiction for all further proceedings. Dkts. 14, 20. The Court denied Defendant's motion to dismiss and motion to transfer, Dkt. 44, and the parties engaged in substantial discovery. As part of discovery in this matter, the parties exchanged tens of thousands of documents and conducted over 30 fact and expert depositions. The three adult Plaintiffs sat for two-day depositions. All six Plaintiffs underwent two-day Rule 35 examinations by Defendant's experts. *See* Dkt. 110. The Court also granted Plaintiffs' request to depose cabinet-level officials, including former Secretary of Homeland Security Kirstjen Nielsen, about their intent in adopting

[1] Plaintiff Karl Luis G. G. turned 18 since the filing of this case, is no longer a minor, and is a party to a settlement agreement. Karl Luis and his father, Plaintiff Joshua G. G., therefore do not require the Court's approval to finalize Karl Luis G.G.'s settlement.

the policy of separating immigrant families. Dkt. 103. Plaintiffs obtained a transfer of former Secretary Nielsen's motion to quash the resulting deposition subpoena, defeated the motion to quash, and argued at the Ninth Circuit in opposition to the former Secretary's petition for a writ of mandamus to bar her deposition. *See* Dkts. 20, 87, 112, Case No. 4:23-cv-05630-KAW (N.D. Cal.). After a continuance, trial was set for September 9, 2024, Dkt. 197, and the parties completed their initial pretrial filings on July 23, 2024.

On July 29, 2024, the parties filed a joint notice of conditional settlement and stipulation to stay litigation deadlines. Dkt. 233.[2] Under the settlement agreement, Defendant will pay each family a total of $440,000 to settle all claims, pending approval by the Court and the Attorney General's designee. *See* Exs. A, B (Stipulations for Compromised Settlement).

Plaintiffs have agreed to the terms, conditions, and requirements of the Stipulations for Compromised Settlement. The settlements are now only contingent upon: (1) this Court's approval of the minor Plaintiffs' portion of the settlements; (2) Defendant's approval of the settlements by the Attorney General's designee after the Court approves the minor Plaintiffs' Settlements; and (3) Plaintiffs obtaining an order from the this Court dismissing this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the Court not retaining jurisdiction over this action, these settlements, or the United States. *See, e.g.,* Ex. A at ¶ 5.

Plaintiffs ask the Court to approve the settlements on behalf of the minor Plaintiffs, and that the Court approve that the settlement amounts for each family be apportioned equally between Plaintiff parent and child as follows: (a) Wilbur P.G. shall receive $220,000 in settlement of his claims against Defendant, and Wilfredo Baltazar P.E., a minor, shall receive $220,000 in settlement of his claims against Defendant; and (b) Erendira C.M. shall receive $220,000 in settlement of her claims against Defendant, and Yasmin Alicia M.C., a minor, shall receive $220,000 in settlement of her claims against Defendant.

Under the FTCA, attorneys can collect up to twenty-five percent of any settlement. 28

[2] Former Secretary Nielsen's mandamus petition remained pending before the Ninth Circuit when the parties reached this agreement.

U.S.C. § 2678. Plaintiffs' pro bono counsel will not take payment of attorneys' fees or costs, or any money whatsoever, from the settlement amounts. *See* Declaration of Travis Silva in Support of Plaintiffs' Motion for Approval of Settlements of Minors' Claims ("Silva Decl.") at ¶ 10. Further, no other fees or expenses, such as for experts, will be deducted from the minor Plaintiffs' settlement funds. *Id*.

Pursuant to the settlement, Defendant will deposit the total settlement funds into Plaintiffs' counsel's firm trust account, and Plaintiffs' counsel will then distribute the funds to each Plaintiff. *Id*. at ¶ 9. The minor Plaintiffs' portions of the settlements shall be placed in interest-bearing, federally insured blocked accounts benefitting the minor Plaintiffs. *Id.* Citibank will administer the accounts. *Id.* The minor Plaintiffs will receive access to these funds once they reach the age of eighteen. *Id*. Until the minor Plaintiffs reach the age of eighteen, the minor Plaintiffs and their guardians will only be able to withdraw funds from these blocked accounts for the benefit of the minor Plaintiffs. *Id*.

## II. Reasonableness of the Settlements

"District courts have a special duty . . . to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id*. (internal citation omitted). As part of this inquiry, the court should consider "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id*. at 1181–82. If the court finds that the settlement is fair and reasonable as to each minor under this analysis, it should approve the settlements. *Id*. at 1182; *see also Popal v. Nat'l Passenger R.R. Corp.*, No. 15-CV-00553-JSW-KAW, 2016 WL 9114149, at *1-3 (N.D. Cal. Oct. 24, 2016).

The proposed settlements here represent a fair and reasonable settlement payment to the minor Plaintiffs based on each of the *Robidoux* factors. The facts of this case, along with the minor Plaintiffs' specific claims, are substantially similar to dozens of family separation cases brought in this district and elsewhere. Many of those FTCA family separation cases have also

settled in recent months, and, insofar as Plaintiffs are aware, the settlements in this case are the largest settlements that Defendant has agreed to in any family separation case. *See* Silva Decl. at ¶ 12. Courts supervising similar litigation have approved minor settlements—including in cases which settled less than two weeks before trial—for smaller payments than minor Plaintiffs will receive here. *See, e.g.,* Dkt. 71, *J.R.G. v. United States*, Case No. 4:22-cv-05183-KAW (N.D. Cal. July 9, 2024) (order approving settlement of $112,500 for minor plaintiff after attorneys' fees) (Exhibit C to Silva Decl.); Dkt. 470, *C.M. v. United States*, No. CV-19-05217-PHX-SRB (D. Ariz. July 2, 2024) (order approving settlements of $189,500 and $108,000 for minor plaintiffs, where settlement was reached about two weeks before trial) (Exhibit D to Silva Decl.); Dkt. 47, *J.C.O.C. v. United States*, Case No. 3:23-cv-05268-SI (N.D. Cal. Sep. 13, 2024) (order approving settlement of $135,000 for minor plaintiffs) (Exhibit E to Silva Decl.); Dkt. 482, *A.P.F. v. United States*, CV-20-00065-PHX-SRB (D. Ariz. May 23, 2024) (order approving settlements of $189,500 and $90,000 for minor plaintiffs, where settlement was reached about two weeks before trial); Dkt. 100, *E.S.M. v. United States*, Case No. CV-21-00029-TUC-JAS (D. Ariz. Mar. 28, 2024) (order approving settlement of $157,000 for minor plaintiff); Dkt. 134, *A.I.I.L. v. United States*, Case No. CV-19-0481-TUC-JCH (D. Ariz. Mar. 12, 2024) (order approving settlements of $97,500, $137,500, and $131,666 for minor plaintiffs); *see also* Dkt. 43, *J.C.O.C. v. United States*, Case No. 3:23-cv-05268-SI (N.D. Cal. Aug. 7, 2024) (motion to approve minor's settlement for $135,000). In light of the minor plaintiffs' recoveries in these similar cases, the $220,000 settlement payment that Wilfredo Baltazar P.E. and Yasmin Alicia M.C. will receive is fair and reasonable. The proposed settlement also serves the minor Plaintiffs' best interests by ensuring recovery of a sum certain and avoiding the delay and risks of further litigation.

## III. Requested Action by the Court

Plaintiffs ask the Court to enter the proposed order submitted with this unopposed motion,[3] which would:

1. Approve the settlements attached as Exhibits A and B to this Motion on behalf of minor Plaintiffs Wilfredo Baltazar P.E. and Yasmin Alicia M.C., respectively;

[3] Defendant has been notified of this motion and does not oppose the relief sought herein.

2. Approve an allocation of the settlement amounts as follows:
   a. Plaintiff Wilbur P. G. and minor Plaintiff Wilfredo Baltazar P. E. each receiving $220,000; and
   b. Plaintiff Erendira C. M. and minor Plaintiff Yasmin Alicia M. C. each receiving $220,000;
3. Approve the placement of Wilfredo Baltazar P. E.'s and Yasmin Alicia M.C.'s settlement shares of $220,000 each into interest-bearing, federally insured blocked accounts.
4. Authorize Wilbur P. G., as father and guardian ad litem of minor Plaintiff Wilfredo Baltazar P. E., and Erendira C. M., as mother and guardian ad litem of minor Plaintiff Yasmin Alicia M. C., to withdraw funds from these blocked accounts only for the benefit of the minor Plaintiffs.
5. Order that the minor Plaintiffs are entitled to withdraw any and all funds from their accounts, including any and all interest on their settlement funds, once they reach the age of eighteen.

## IV. Conclusion

For the reasons above, Wilbur P. G., on his own and on behalf of his minor child, Wilfredo Baltazar P. E., and Erendira C. M., on her own and on behalf of her minor child, Yasmin Alicia M. C., request that the Court enter the concurrently filed proposed order approving the settlement of Wilfredo Baltazar P. E.'s and Yasmin Alicia M. C.'s claims in this matter and the corresponding distribution of settlement funds.

Dated: November 12, 2024

KEKER, VAN NEST & PETERS LLP

By: */s/ Travis Silva*

BROOK DOOLEY
TRAVIS SILVA
CHRISTOPHER S. SUN
CHRISTINA LEE
JACQUELINE CONCILLA
SARA FITZPATRICK
EVAN H. MCINTYRE

Attorneys for Plaintiffs

Dated: November 12, 2024

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA

By: */s/ Victoria Petty*
RACHEL SHERIDAN
JORDAN WELLS
VICTORIA PETTY

Attorneys for Plaintiffs

Dated: November 12, 2024

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA

By: */s/ Bree Bernwanger*
BREE BERNWANGER

Attorneys for Plaintiffs

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: November 12, 2024

By: */s/ Travis Silva*
Travis Silva